UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>GEORGE DULL KNIFE and<br>KIMBERLEE "STORMY"<br>PITAWANAKWAT,<br><br>    Defendants. | CR 5:20-cr-50122<br><br>MOTION TO SEAL CASE |

Comes now the United States of America, by and through Assistant United States Attorney Heather Sazama, and pursuant to Federal Rule of Criminal Procedure 6(e)(4), respectfully prays the Court to issue an order sealing the case in the above-entitled matter, and as grounds therefor states as follows:

Federal Rule of Criminal Procedure 6(e)(4) provides in pertinent part: "The magistrate judge to whom an indictment is returned may direct that the indictment be kept secret until the defendant is in custody or has been released pending trial."

The Eighth Circuit Court of Appeals has confirmed that "[a] magistrate to whom an indictment is timely returned may direct that it be sealed." *United States v. Lakin*, 875 F.2d 168, 170 (8th Cir. 1989). In *Lakin*, the Court cites with approval a series of cases holding that "the magistrate may grant the

government's motion to seal an indictment <u>for any legitimate prosecutorial need</u>." *Id.* (Emphasis added.)

Chief among the reasons deemed sufficient is the necessity of taking the defendant into custody. *United States v. Richard*, 943 F.2d 115, 119 (1st Cir. 1991); *United States v. Srulowitz*, 819 F.2d 37, 40 (2d Cir. 1987). *Accord, Lakin*, 875 F.2d at 170 (holding that "reasons other than taking the defendant into custody may support the sealing of an indictment.") (Citations omitted).

Other grounds found sufficient in various circuits include:

1. The need for time to gather additional evidence. *Lakin*, 875 F.2d at 170;

2. Concern for pretrial publicity before all the defendants are notified. *United States v. Sharpe*, 995 F.2d 49, 52 (5th Cir. 1993); *Richard*, 943 F.2d at 119;

3. To facilitate the cooperation of co-conspirators and to preclude the disclosure of their identities, protecting them from undue influence. *United States v. Ramey*, 791 F.2d 317, 318 (4th Cir. 1986);

4. To permit the filing of additional charges. *United States v. Edwards*, 777 F.2d 644, 648 (11th Cir. 1985); and

5. To accommodate counsel for a defendant. *Sharpe*, 995 F.2d at 52 (in conjunction with other grounds).

In this matter, the United States submits that the following factors justify sealing the case pending the arrest of the Defendants or further order of the Court: the Defendants are believed to have fled to another state, and pretrial publicity of this Indictment will cause the Defendants to further conceal themselves from law enforcement's attempts to apprehend them. Furthermore,

2

the safety of the agents involved in serving the arrest warrants on these Defendants might be severely compromised should the Defendants be made aware of this indictment prior to their arrest, given the nature of the charges.

WHEREFORE, the United States prays that this Court seal the case until the Defendants are arrested in this case, and that it further seal this Motion and the Order to seal.

Dated this 17th day of September, 2020.

                                      RONALD A. PARSONS, JR.
                                      United States Attorney

                                      */s/ Heather Sazama*
                                      HEATHER SAZAMA
                                      Assistant United States Attorney
                                      515 9th Street, Suite #201
                                      Rapid City, SD 57701
                                      Telephone: (605)342-7822
                                      E-Mail: Heather.Sazama@usdoj.gov