UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:20-CR-50122-JLV-02 |
| Plaintiff, | |
| vs. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS |
| KIMBERLEE PITAWANAKWAT, a/k/a "Stormy", | |
| Defendant. | |

The United States, by and through Assistant United States Attorney Heather Sazama, files this response in opposition to Defendant Kimberlee Pitawanakwat's Motion and Memorandum in Support of Motion for Bill of Particulars, filed at Doc. Nos. 118 and 119.

### FACTUAL BACKGROUND

The Defendant is a 41 year-old Caucasian woman, born in Missouri as Kimberlee Spring Etherton. The Defendant shares a child with her codefendant, George Dull Knife, III ("Dull Knife"). Prior to their indictment in this case, codefendants resided together at a residence near Kyle and Potato Creek, on the Pine Ridge Reservation. The Defendant's daughter from a previous relationship, Waskoness Pitawanakwat, shares a child with KT Burgee. On August 5, 2020, KT Burgee and his mother, Carmen Burgee, drove to Defendant's residence from Fort Pierre, South Dakota, to pick up KT's daughter and Waskoness and return to Fort Pierre. When KT and Carmen arrived at the Defendant's home, the Defendant argued with KT and prevented her daughter and granddaughter from

leaving with KT and Carmen. KT and Carmen remained in the driveway outside the residence. The Defendant argued with KT and told KT and Carmen to leave. KT and Carmen complied, driving away from the Defendant's residence in Carmen's gold Buick Enclave without either Waskoness or KT's daughter. Neither KT nor Carmen were armed, and neither made threats of physical violence.

As KT and Carmen drove away, Dull Knife chased them in a dark-colored pickup truck with a light bar on its roof and opened fire on the vehicle. Multiple bullets struck Carmen's vehicle, shattering its rear window and leaving bullet holes throughout the vehicle. One round struck Carmen's right hand, which she was using to hold on to the grab handle near the right side of her head. When KT and Carmen reached safety, KT summoned law enforcement to assist his mother by calling emergency dispatch.

When officers responded to the Defendant's residence shortly after KT called 911, Dull Knife had already fled. Dull Knife was not located on the property. The Defendant willingly spoke with officers and told multiple materially false statements, including, but not limited to, telling officers that Dull Knife had not been at the residence for several days and denying that any shooting had occurred on her property.[1] The Defendant also denied hearing

---

[1] Two of the Defendant's materially false statements are described in Count IV of the indictment.

gunfire and lied about her birthdate and Tribal enrollment status. The Defendant denied knowledge of where Dull Knife was.

Following the Defendant's indictment in September 2020, she and Dull Knife were located and arrested in Oregon, where they fled together with their child shortly after Dull Knife shot Carmen on August 5, 2020.

## AUTHORITY

A defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). A bill of particulars is a Defendant's means of obtaining specific information about charges brought in a vague or broadly-worded indictment." *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991) (citing *United States v. Debrow*, 346 U.S. 374, 378 (1953)), *rev'd on other grounds*, 113 S. Ct. 1111 (1993). An indictment is sufficient if it alleges the essential elements of the crime with which the defendant is charged in a manner that permits the defendants to prepare a defense and plead double jeopardy in any future prosecution for the same offense. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Hooker*, 841 F.2d 1225, 1227 (4th Cir. 1988); *United States v. American Waste Fiber Co.*, 809 F.2d 1044, 1046 (4th Cir. 1987). As long as the indictment fulfills these purposes, as it does here, a bill of particulars is unnecessary and its denial does not constitute an abuse of discretion. *United States v. Livingstone*, 576 F.3d 881, 883 (8th Cir. 2009); *see also United States v. Sileven*, 985 F.2d 962, 966 (8th Cir. 1993) (*per curiam*);

*United States v. Shepard*, 462 F.3d 847, 860 (8th Cir. 2006), *cert. denied*, 549 U.S. 1099 (2006).

If the indictment is deficient, the "purpose of a bill of particulars is to inform the defendant of the nature of a charge with sufficient precision to enable [her] to prepare for trial and to avoid or minimize the danger of surprise at trial." *United States v. Huggans*, 650 F.3d 1210, 1220 (8th Cir. 2011). But if, as here, the indictment fully complies with the requirements of the Fifth and Sixth Amendments and Fed. R. Crim. P. 7(c), "a bill of particulars is not a discovery device to be used to require the government to provide a detailed disclosure of the evidence that it will present at trial." *Id.* (internal citations omitted); *see also United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993). As the Third Circuit aptly stated:

> A bill of particulars, unlike discovery, is not intended to provide the defendant with the fruits of the government investigation. . . . Rather, it is intended to give the defendant only that minimum of information necessary to permit the defendant to conduct his own investigation.

*United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985) (citations omitted).

A bill of particulars is even more inappropriate when the government supplements a detailed indictment with extensive discovery. Here, the United States has provided the Defendant with open and extensive discovery, totaling more than 719 pages.[2] The Defendant has received all reports and other

---

[2] Defendant's motion incorrectly states that only 479 pages of discovery have been produced.

documents obtained by the government, as well as photographs, officer-initiated body camera footage, and audio recordings of multiple interviews, including the Defendant's interview, the admissibility of which has already been extensively litigated. *See* Doc. 116. Courts within the District of South Dakota have routinely held that where the indictment adequately informs a defendant of the charges against her and the government has provided discovery, a bill of particulars is not necessary. *See, e.g., United States v. Massat*, No. CR. 15-50089-JLV, 2018 WL 583109, at *6 (D.S.D. Jan. 29, 2018); *United States v. Navarro*, No. 3:17-CR-30072-RAL, 2017 WL 4676812, at *3 (D.S.D. Oct. 16, 2017); *United States v. Stockman*, No. CR 09-50029, 2009 WL 10679045, at *3 (D.S.D. July 24, 2009).

A bill of particulars is not appropriate for the additional reason that the Defendant has sufficient information from the rest of the charging document to prepare a defense and avoid surprise at trial. The Defendant is charged in Count IV of the indictment with making materially false statements to Oglala Sioux Tribe Criminal Investigator Derek Puckett. Two of the Defendant's false statements are described with particularity in Count IV, and either statement can constitute "assistance" to her codefendant within the meaning of 18 U.S.C. § 3. Both statements relate directly to her knowledge of her codefendant's whereabouts on August 5, 2020, and the events that transpired between Dull Knife and the Burgees in her driveway. Likewise, at a minimum, both statements were intended to hinder—and did in fact hinder—Dull Knife's apprehension for

the shooting of Carmen Burgee. These facts, combined with the fact that the Defendant will have the United States' witness list prior to trial, render a bill of particulars unnecessary and inappropriate.

## CONCLUSION

Based on the foregoing factual background, argument, and authority, the United States requests the Defendant's Motion for Bill of Particulars be denied. The charging document is constitutionally sufficient, and the government's disclosures are more than sufficient to enable the Defendant to understand the nature of the charges, prepare a defense, and avoid unfair surprise at trial.

Dated this 12th day of October, 2021.

DENNIS R. HOLMES
Acting United States Attorney

/s/ Heather Sazama
_____
HEATHER SAZAMA
Assistant United States Attorney
201 Federal Bldg., 515 Ninth Street
Rapid City, SD 57701
Telephone: 605-342-7822
Facsimile: 605-342-1108
E-Mail: Heather.Sazama@usdoj.gov