UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | MOTION TO ALLOW PRO SE |
| v. | DEFENDANT TO FILE BY ECF |
| KIMBERLEE PITAWANAKWAT | |
| Defendant | |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com


The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.


Re: Motion to Allow Pro Se Defendant To File By ECF


I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable

Court that you issue an order to the Clerk's office granting Defendant's motion allowing Defendant to file

pleadings using the PACER electronic ECF filing system.  Access to the ECF system will increase judicial

efficiency by promoting prompt filing of documents, prevent documents from being lost in the mail, and

is a reasonable accommodation for the following reasons:

1.  This Court held a hearing on Defendants Motion to Proceed Pro Se on June 5, 2023. After

    conducting a *Faretta* inquiry this Court kindly granted Defendant's Motion. During that hearing

Page 1 of 4

the Defendant orally requested permission to electronically file pro se pleading using the CM/ECF system.  This Honorable Court suggested that I should file this Motion request.

2.  I have reviewed and am familiarizing myself with this Court's "Policies On Electronic Filing and Service." which indicates the following regarding pro se litigants requesting permission to file using the ECF system:

> "Pro se parties may request to e-file documents in their cases. The court may grant such requests on a case-by-case basis.

3.  I request that this Court allow me to file using the ECF system because it will increase judicial efficiency, eliminate the problem with documents that have gone missing in the mail, and provides fair and equal access to the court system by pro-se litigants.  A pro se litigant should not be harmed by having to use a slower, less efficient filing system.

4.  In addition, the Honorable Jeffrey Viken, District Court Judge assigned to this matter issued an Order Setting Trial Date and Related Matters.  The current dates for pretrial motions, continuance motions, writs of habeas corpus ad testificandum, records production associated with Fed. R. Evid. 412, 413 and 415 and Disclosure of all expert information required by D.S.D. Standing Order 22-06(1) are all due in four days' time, according to the current Order.  Defendant will find it extremely burdensome to comply with these current deadlines given that this allows only nine working days between the order allowing pro se representation and the first scheduled deadline.

5.  I had filed a Motion to appear by video for the hearing on June 5, 2023, which was denied.  The denial of the motion to appear by video meant that I was traveling from midnight on Sunday June 3, until my return to Oregon on June 6. I arrived back at my home on Wednesday, June 7, 2023, at approximately 3:00 p.m. This has allowed much less time for me to conduct legal research, review the applicable rules and prepare motions.

6.  I would like to point out to the Court that I am also the single mother of three young children with very limited family support, so the time I have available to conduct legal work is somewhat limited, given the previous order from Judge Wollmann that I not have contact with my daughter,

Waskoness Pitawanakwat, who shared child care duties with me allowing us to work, because she is a potential witness in the case. I mention these matters not to gain the sympathy of the Court but to point out that I face several practical difficulties in preparing motions, which are relevant to this motion to allow me to file pleadings using the ECF system. I should add that I do intend to file a Continuance Motion, requesting some additional time with the current trial schedule. With that Motion I anticipate requesting that the Court set a date certain for trial because I do not wish to be accused of delaying matters or "constitute abusive or delay tactics" as Judge Wollmann alleged in her order of May 2, 2023, Docket No. 212 (Ex. Parte), prior to her Order of Recusal, Docket No. 221, pursuant to 28 USC § 455(a) which states: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

7. I have reviewed both the local Court rules and CM-ECF User Manual 47 and will do my best to comply with all such rules.

8. I have already been using a PACER account to review the docket entries and publicly filed documents in my case. I have also registered as a Pro Se litigant on that site. I received the following notice confirming that I need the permission of this Court to file using the ECF system:

> "Only attorneys admitted to practice in U.S. District Court in the District of South Dakota and those appearing provisionally (such as out-of-district government attorneys), approved pro se filers, and contract court reporters will be authorized to electronically file documents in this court. Attorneys and pro se filers must read and be familiar with the Federal Rules of Civil Procedure, Federal Rules of Criminal Procedure, Federal Rules of Evidence, the Local Rules of Practice - Civil, Local Rules of Practice - Criminal, and the CM/ECF User Manual located at https://www.sdd.uscourts.gov/attyusermanual."

WHEREFORE Defendant prays this Court for its Order granting this Motion for an order to the Clerk's

office granting Defendant's motion allowing Defendant to file pleadings using the PACER electronic ECF

filing system.


Dated this 12th day of June 2023


Respectfully,



Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com


cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email:
Heather.Sazama@usdoj.gov

Alison J. Ramsdell, United States Attorney, District of South Dakota, via email:
Alison.Ramsdall@usdoj.gov