UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>MOTION TO CONTINUE ORDER<br><br>SETTING TRIAL DATE AND<br><br>MOTION FOR DATE CERTAIN<br><br>FOR TRIAL |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Jeffrey L. Viken
United States District Court Judge
515 Ninth Street, Room 313
Rapid City, SD 57701

The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.

Re: Motion to Continue Order Setting Trial Date and Motion for Date Certain for Trial

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable Court that you issue an order continuing all applicable motions, notice dates, trial motions and the trial date for 60 days. Further, Defendant requests that this Honorable Court sets a Date Certain for Trial. Granting this continuance is in the interests of Justice and will allow Defendant sufficient time to prepare additional Motions discussed below. This continuance request comes only days after Defendant Motions

to proceed Pro Se was granted by Magistrate Judge Veronica Duffy. This is the Defendant's first Motion for a Continuance as a Pro Se Defendant. This request is to allow Defendant the time needed to file necessary Motions and prepare the case for trial. Unfortunately, much of this work should have been done by prior court appointed counsel, Jonathan McCoy, and Frank Driscoll, Defendant's current stand by counsel. This Motion is not made for the purpose of delay and is a reasonable request for the reasons set out below:

1. This Court held a hearing on Defendants Motion to Proceed Pro Se on June 5, 2023. After conducting a *Faretta* inquiry this Court kindly granted Defendant's Motion to represent herself.

2. On June 6, 2023, District Court Judge Jeffrey Viken, trial judge in this matter issued an Order Setting Trial Date and Related Matters. The current dates for pretrial motions, continuance motions, writs of habeas corpus ad testificandum, records production associated with Fed. R. Evid. 412, 413 and 415 and Disclosure of all expert information required by D.S.D. Standing Order 22-06(1) are all due in four days' time, according to the current Order. Defendant will find it extremely burdensome or more likely impossible to comply with these current deadlines given that this allows only nine working days between the order allowing pro se representation and the first scheduled deadline.

3. Defendant had filed a Motion to appear by video for the hearing on June 5, 2023, which was denied. The denial of the motion to appear by video meant that I was traveling from midnight on Sunday June 3, until my return to Oregon on June 6. I arrived back at my home on Wednesday, June 7, 2023, at approximately 3:00 p.m. This has allowed much less time for me to conduct legal research, review the applicable rules and prepare motions.

4. I am also the single mother of three young children with very limited family support, so the time I have available to conduct legal work is somewhat limited, given the previous order from Judge Wollmann that I not have contact with my daughter, Waskoness Pitawanakwat, who shared childcare duties with me allowing us to work, because she is a potential witness in the case. I mention these matters not to gain the sympathy of the Court but to point out that I face several

     practical difficulties in preparing motions, which are relevant to this motion to allow me additional time to file the Motions necessary to prepare this case for trial. I have been subject to onerous conditions of pretrial release for over two years, which have precluded any contact with my daughter between the age of 21 to 23.

5. I understand that the law applies a presumption that I am innocent until proven guilty, but my experience has been the opposite, that the law presumes me to be guilty, even though I have maintained my innocence throughout and I have no criminal history and I have complied with all conditions of pretrial release.

6. My previous court appointed lawyers, Mr. Johnathan McCoy, and Mr. Frank Driscoll failed in their obligations under the Applicable American Bar Association Standards for Criminal Defense. For example, Mr. McCoy and Mr. Driscoll both refused to file a Motion for CJA funds to hire a forensic expert to test the spent bullet located in the alleged victim's vehicle.

7. Please see Defendants Motion for CJA Funding to Retain Forensic Firearms and Ballistics Expert and Order for Expert Access to the Discovery and Evidence that will be filed by today. In that Motion I detail specific issues with my prior court appointed attorneys, and I am prepared to testify under oath regarding these matters and provide all correspondence between these lawyers and myself.

8. Mr. Driscoll unilaterally violated his duty of confidentiality to me, when he presented a letter to Magistrate Judge Wollman with a four-page detailed attack on my character claiming that there was no investigation that needed to be done and no evidence available to test. This letter was a direct misrepresentation to the Court, in violation of ABA Standard 4-1.4 "(b) Defense counsel should not knowingly make a false statement of fact or law or offer false evidence, to a court, lawyer, witnesses, or third party," (See: https://www.americanbar.org/groups/criminal_justice/standards/DefenseFunctionFourthEdition/?q=&wt=json&src=aba-nav-search-form&start=0).

9. Mr. Driscoll's claim that there is no evidence to be tested is inconsistent with the information provided by Mr. John Nixon as can be seen from Defendants Motion for CJA Funding to Retain Forensic Firearms and Ballistics Expert and Order for Expert Access to the Discovery and the three attached exhibits.

10. Defendant anticipates filing additional relevant pretrial motions, including a Motion for CJA Funds to hire a competent investigator (the prior investigator was a "friend" of Mr. McCoy and was not independent), Motion to Compel Discovery, Motion for Early Disclosure of Brady information, Motion for Discovery of Criminal History information regarding government witnesses, a *Henthorn* Motion for in camera review of former CI Puckett's employment file, Motion for Informant Information regarding Ian Dull Knife and other Government informants, Motion to Dismiss upon various Grounds, Motion for Fed. R. Crim. Procedure 17(c) subpoenas duces tecum upon a showing of good cause and a Motion for Trial Subpoenas (Fed. R. Crim. Procedure 17(b)) to be served at Government expense. This list is not exhaustive and there might be additional necessary defense Motions. Defendant provides this list of potential Motions to provide additional information to the Court to support the instant Motion for a 60-day Continuance.

11. If additional information about Defendants relationship with prior Court appointed counsel is needed, then I am quite prepared to provide copies of all correspondence between Defendant and prior counsel.

12. Defendant makes this Motion for a Continuance not for the purposes of delay but to prepare the case for trial and accomplish the work necessary to present her defense at trial. Defendant has so far prepared and filed five Motions with the Court (1. Motion to Withdraw Request For New Counsel And Proceed Pro Se, filed June 5, 2023; Motion to Vacate Order as Moot Or in the Alternative To Appear By Video, filed approximately May 23, 2023; Motion to Allow Filing Via ECF, filed June 12, 2023; the Motion For CJA Funding To Retain Forensic Firearms And

      Ballistics Order For Expert Access To The Discovery And Evidence, which will be filed today or tomorrow and this current Motion, which should be filed today or tomorrow.

13. By preparing and filing five Motions between June 5 and June 13 or 14, Defendant hopes to provide some assurance to this Honorable Court that Defendant takes this case extremely seriously and plans to prepare her case diligently for trial.

14. The current deadline for Pretrial Motions is Friday, June 16, 2023. Defendant requests expedited resolution of her Continuance Motion so as to have sufficient notice to file as many of the Motions identified in paragraph 10 above as can be filed between now and Friday, if the Court denies Defendant's Motion.

WHEREFORE Defendant prays this Court for its Order granting this Motion for an Order continuing all applicable motions, notice dates, trial motions and the trial date for 60 days. Further, Defendant requests that this Honorable Court sets a Date Certain for Trial.

Dated this 13th day of June 2023

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email: Heather.Sazama@usdoj.gov

Alison J. Ramsdell, United States Attorney, District of South Dakota, via email: Alison.Ramsdall@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | SPEEDY TRIAL WAIVER |
| v. | DECLARATION OF KIMBERLEE PITAWANAKWAT |
| KIMBERLEE PITAWANAKWAT | |
| Defendant | |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

I, Kimberlee Pitawanakwat, declare under penalty of perjury as follows:

1. I am the defendant in the above-captioned matter.

2. I am advised of my constitutional right to a speedy and public trial under the Sixth Amendment and my rights under the federal Speedy Trial Act (The Act). I understand that my trial must ordinarily commence within seventy days after the Indictment was filed or after I first appeared before a Magistrate, whichever occurred first. I also understand that the seventy-day period can be extended due to periods of time that are excluded under the Act.

3. I am currently a pro se litigant and have filed the accompanying Motion to Continue the Trial date, for good cause, and to allow additional defense preparation work on my case. I am required by the Court to familiarize myself with the Fed. Rules of Criminal Procedure, the ECF Filing Rules, Local Court Rules and applicable Federal law and regulations. All this necessary work will cause a reasonable delay in the trial, and I hereby waive my rights under the Act in that regard.

4. I consent to waiving my rights under the Sixth Amendment and the Speedy Trial Act for the additional period of approximately 60 days encompassed by the granting of my Motion for a Trial Continuance.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on June 13, 2023

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com