UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>MOTION TO COMPEL FED. R. CRIM. PRO. 16 DISCOVERY, TIMELY BRADY DISCLOSURE AND FOR ADDITIONAL RELIEF |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

# EXHIBIT A

Page 1 of 1

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

14 June 2023

Re: *United States v. Kimberlee Pitawanakwat 5:20-CR-50122-KES-02*

AUSA Heather Sazama                                                               Via Email Only
U.S. Attorney's Office (Rapid City, SD)
515 Ninth Street, Room 201
Rapid City, SD 57701
heather.sazama@usdoj.gov

Dear Ms. Sazama,

I understand that you are probably already aware that I am now a pro-se litigant and can therefore be in direct contact with you.  As you are also probably aware I have filed several other Motions with the Court, including a Motion to Continue the current trial date, and associated pretrial deadlines.  Until that Motion is ruled upon, I need to assume that all pretrial Motions are still due by this Friday, even though that seems unlikely given that my case has been re-assigned to a new trial judge.

With that in mind, and given the pressing deadline, I would appreciate your urgent response to the following matters relating to Motions I may need to file by Friday's deadline, including a potential Motion to Compel Rule 16 discovery and related motions. This case has been pretrial for an extremely long time, with onerous conditions placed upon me, while requests for access to the evidence have been rebuffed, requests for additional discovery have been ignored (or for discovery in a form that can be viewed), requests for Brady disclosure have been ignored, and my previous appointed counsel have failed in their obligations toward me.

I understand that as the primary AUSA assigned to my case there are additional duties that apply to you, and that you are required to act fairly, impartially and with the interests of Justice in mind. You are required to abide by the United States Attorney's Manual 9-5.002- Criminal Discovery:

> **Step I: Gathering and Reviewing Discoverable Information**
>
> "Discovery" or "discoverable information," and the duty to search for it, includes information required to be disclosed by Fed.R.Crim.P. 16 and 26.2, the Jencks Act, *Brady*, and *Giglio*, and additional information disclosable pursuant to this policy.
>
> **A. Where to look: The Prosecution Team**

JM 9-5.001 states:

> "It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.
>
> This search duty also extends to information prosecutors are required to disclose under Federal Rules of Criminal Procedure 16 and 26.2 and the Jencks Act.
>
> In most cases, "the prosecution team" will include the agents and law enforcement officers within the relevant district working on the case. In multi-district investigations, investigations that include both Assistant United States Attorneys and prosecutors from a Department litigating component or other United States Attorney's Office (USAO), and parallel criminal and civil proceedings, this definition will necessarily be adjusted to fit the circumstances…"

There are similar obligations placed upon the prosecutor by the South Dakota State Bar, where you are admitted, and by the American Bar Association. I assume that you are familiar with these obligations and that I do not need to cite these additional authorities.

**Pending Outstanding Discovery (Fed. R. Crim. Procedure 16) And Related Issues**

1. Defendant's Oral Statements – Plea hearing transcript of George Dull Knife (Docket No. 224) – restricted transcript. Please explain why this transcript has not been provided in discovery (a continuing obligation) and why this record is "Restricted."
2. Any additional statements from George Dull Knife within the scope of Rule 16.
3. Inspection of books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control. My prior counsel, Mr. McCoy previously requested access to the physical evidence in my case, but to date none of this evidence has been inspected. You previously conditionally made this available, which is improper since the Prosecutor should not be the gatekeeper of the Defendant's right to access and test the evidence.
4. I filed a Motion with the Court to retain John Nixon, who asks that the spent bullet be sent by Fed Ex or UPS to his secure monitored facility. Please let me know immediately whether you object to this because I will move for the necessary Court Order requiring you to make this available.
5. I understand from my prior counsel, Mr. McCoy, that significantly more discovery, many hundreds of pages were made available to my co-defendant than me. Please explain this discrepancy. Was this discovery Brady information, or was it something else – please explain why this has not been provided for my supervised review at the Federal Defenders Office in Oregon.

6. I have specifically requested access to the Isaiah Crow bodycam and dashcam evidence in viewable form.  The copy I saw was not viewable and I have not been able to review it. You are required to provide discovery in a form that I can review, not a format that is impossible to access.
7. Has the government used any informants in this case? Has any witness received any benefit from providing information? Is Ian Dull Knife a current or prior informant for any police authority?  Did Ian Dull Knife receive a benefit for providing information to former CI Puckett?  When was Ian Dull Knife released from jail after making a statement to former CI Puckett in this case?
8. Please provide complete criminal history information regarding all Government witnesses, alleged victims, and informants in this case.  Please provide all police reports regarding these same people that would comply with the USAM definition: JM 9-5.001 provided above.
9. Please provide any reports or tests relating to the evidence. Has the Government conducted any testing or other evaluation of the spent bullet? If so, please provide the result, in any form, including emails, texts or other such information.
10. Please provide all Brady, Giglio material and any Henthorn material in the Government's possession.  Has such disclosure already been made to George Dull Knife?  If so, when was that disclosure made and would I not be entitled to disclosure at the same time?
11. Please provide any additional information in your files, or the files of any prosecution team members, including federal, state, and local law enforcement officers and other government officials participating in the investigation, that impeaches any government witness, is exculpatory, or provides information about other suspects, or other locations where this alleged shooting took place, or other persons or suspect weapons that may have been used.

Your obligation is not just to prosecute a criminal case, it is to act fairly and in the interests of Justice.  With respect, you have failed in that obligation in my case.

I understand that you might be busy with other cases, but I have a current deadline to file all pretrial motions by this Friday, so I would appreciate your urgent response.  If I do not hear back before Friday, you should anticipate that I will file additional Motions relating to the matters discussed in this letter.

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat