UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:20-CR-50122-02 |
| Plaintiff, | |
| vs. | UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL (DOC. 240) |
| KIMBERLEE PITAWANAKWAT, | |
| Defendant. | |

The United States, by and through Assistant United States Attorney Heather Knox Sazama, submits its response to the defendant's Motion to Compel Fed. R. Crim. Pro. 16. Discovery, Timely Brady Disclosure and for Additional Relief, filed at Doc. 240.

**INTRODUCTION**

Paragraphs 1 through 16 and 25 through 35 of the defendant's motion are devoid of any relevance to the instant case. The United States will, however, address in turn the defendant's renewed allegations of discovery violations. Several of the issues raised by the defendant have already been litigated through resolution of her motion to require the United States to provide discovery directly to her (Docs. 39, 40, 41, 45), her motion for bill of particulars (Docs. 118, 119, 123, 133), and her motion for severance (Docs. 147, 151, 152, 162). The United States incorporates its briefing regarding the defendant's allegations and discovery demands, and the district court's orders resolving the same, without restating them here.

The United States understands its ongoing obligations under the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny. The United States has complied with its discovery obligations and will continue to timely make available to the defendant all discovery to which she is entitled. The United States now turns to Paragraphs 17 through 24 of the defendant's motion to compel.

1. **Paragraph 17 – Alleged Attorney Representation of CI Derek Puckett**

At the evidentiary hearing held on April 9, 2021, Oglala Sioux Tribe Department of Public Safety (OST DPS) Criminal Investigator Derek Puckett testified in response to the defendant's motion to suppress statements (Docs. 46, 47). Assistant United States Attorney Benjamin Patterson appeared on behalf of the United States at the hearing and conducted Investigator Puckett's direct and redirect examinations. *See* Doc. 65. Investigator Puckett did not appear at the hearing with an attorney representing him. The defendant's assertions to the contrary are false and unsupported by the public record.

2. **Paragraphs 18 and 19 – Allegations Regarding CI Derek Puckett**

The United States disputes the allegations made about Investigator Puckett in Paragraph 18 and 19. The United States understands its ongoing obligations under the discovery rules, *Brady*, and *Giglio*, and to the extent the United States receives discoverable information in response to its ongoing inquiries of its law enforcement witnesses and their employing agencies, will

timely disclose the same to the defendant, prior to trial. The United States has no discoverable *Giglio* information about Investigator Puckett.

### 3. Paragraphs 20 and 21 – Allegations of Unavailable Discovery

The video recordings from Officer Isaiah Crow's body worn camera and patrol vehicle's dash camera have been repeatedly provided to the defendant, through all three of her previous attorneys. The United States will continue to make reasonably available to the defendant the discovery to which she is entitled under the discovery rules, *Brady*, *Giglio*, and their progeny. The United States opposes the defendant's request that the United States be compelled to produce discovery directly to the defendant, in violation of D.S.D. L.R. 16.1A. The issue of providing discovery directly to the defendant was already resolved through consideration of her motion to require the United States to provide discovery directly to her (Docs. 39, 40, 41, 45).

### 4. Paragraph 22 – Allegations of Missing Discovery

The defendant has been provided with exactly the same discovery as her former codefendant was provided, including the following items provided on January 5, 2023, to the defendant's third attorney:

- Bates #1-967;
- Interview recordings from Halaina Bear Stops, Ian Dull Knife, Kimberlee Pitawanakwat, KT Allen Burgee, Larry Romero, Waskoness Pitawanakwat;
- Video recordings, including D. Black Bull body camera (x2), D. Black Bull cage camera (x2), D. Black Bull dash camera (x2), I. Crow body camera, I.

3

Crow cage camera, I. Crow dash camera, K. Klesh body camera, K. Klesh cage camera, K. Klesh dash camera;

- Recorded jail call videos of inmate George Dull Knife, dating between 6.20.2021 to 7.6.2021;
- Numerous Pennington County jail call recordings of inmate George Dull Knife, dated between November 26, 2020, through January 16, 2021.

The United States has repeatedly and timely complied with its ongoing obligations pursuant to the discovery rules, *Brady*, *Giglio*, and their progeny. The United States will continue to provide all discovery, including inculpatory and exculpatory information, to which the defendant is entitled. The United States has no additional discovery to produce to the defendant at this time.

### 5. Paragraph 23 – Defendant's Discovery Demands

Paragraph 23 references a discovery letter the defendant sent the undersigned via email on June 14, 2023. *See* Doc. 240-1. The United States has repeatedly and timely complied with its ongoing obligations pursuant to the discovery rules, *Brady*, *Giglio*, and their progeny. The United States will continue to provide all discovery, including inculpatory and exculpatory information, to which the defendant is entitled. Most of the defendant's demands in her discovery request have either already been produced or are not subject to disclosure. The United States will address each of the items in the defendant's discovery request in turn, to the extent they are not already addressed herein.

The transcript of the codefendant's change of plea hearing, filed in the record on June 2, 2023, is not currently publicly available to the defendant. Doc. 225. The United States has no other statements from George Dull Knife, other than those he has made on the record during his court appearances. The transcripts of each of Mr. Dull Knife's court appearances are publicly available. Docs. 43, 64, 185. The United States will make available to the defendant the transcript of her codefendant's change of plea hearing.

The United States has no physical evidence in the defendant's case, other than what has been made available to the defendant by way of audio and video recordings. This issue was already litigated, pursuant to the defendant's motion to sever. *See* Docs. 147, 151, 152, 162. The defendant is not charged with a shooting or other assault. She is charged with making false statements and being an accessory after the fact to the shooting committed by George Dull Knife. *See* Doc. 1.

The United States has not enlisted the aid of any expert witnesses and has not analyzed any of the *many* "spent bullets" referenced by the defendant in her discovery request. To be clear, there was not a single "spent bullet." The vehicle occupied by George Dull Knife's shooting victim was riddled with bullet holes. The defendant has repeatedly been provided with photographs of the vehicle, the victim's injury, and the aftermath of the shooting.

The defendant has received copies of all recorded witness statements. The United States is unaware whether Ian Dull Knife has proffered or acted as a

5

confidential informant in any case with the United States, but has made the relevant inquiry to prosecuting attorneys in the United States Attorney's Office. Any relevant, discoverable information received in response to the defendant's requests about Ian Dull Knife will be promptly produced to the defendant.

The United States routinely provides the criminal history reports of its non-law enforcement testifying witnesses on the Friday before trial is scheduled to begin. Accordingly, the United States will provide criminal history reports of its non-law enforcement testifying witnesses to the defendant on Friday, October 13, 2023, as the trial is scheduled to begin on Monday, October 16, 2023.

The United States disclosed all *Brady* material to the codefendant and has made the same disclosures to the defendant. The United States has no *Giglio* or *Henthorn* materials to disclose at this time. No such disclosures were made to the codefendant. The United States understands its obligations to provide discovery are ongoing, and will continue to comply with its obligations in that regard.

**6. Paragraph 24 – Grand Jury Transcript**

In accordance with the United States' standard discovery practices, it will provide the grand jury transcript to the defendant before close of business on Friday, October 13, 2023. The United States typically produces any grand jury testimony given by witnesses who are expected to testify during trial on the Friday before the trial start date, which is currently scheduled to begin on Monday, October 16, 2023.

## CONCLUSION

Based on the foregoing, the United States requests the Defendant's Motion to Compel Fed. R. Crim. Pro. 16. Discovery, Timely Brady Disclosure and for Additional Relief, be denied. The United States has not violated its discovery obligations and has no further discoverable information in its possession at this time. Any discoverable information received by the United States will be promptly produced to the defendant on an ongoing basis.

Dated this 5th day of July, 2023.

ALISON J. RAMSDELL
United States Attorney

*/s/ Heather Knox Sazama*
_____
HEATHER KNOX SAZAMA
Assistant United States Attorney
201 Federal Bldg., 515 Ninth Street
Rapid City, SD 57701
Telephone: 605-342-7822
Facsimile: 605-342-1108
E-Mail: Heather.Sazama@usdoj.gov