UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>(2) KIMBERLEE PITAWANAKWAT,<br><br>Defendant. | 5:20-CR-50122-LLP<br><br>ORDER DENYING DEFENDANT'S MOTION TO COMPEL<br><br>DOCKET NO. 240 |

Defendant Kimberlee Pitawanakwat, acting *pro se*, has filed a motion to compel the United States ("government") to provide certain discovery. Docket No. 240. For the reasons discussed below, the motion is denied in its entirety.

First, Ms. Pitawanakwat seeks to have personal possession of the discovery in her case. She currently reviews discovery at the local Federal Public Defender's Office, which maintains possession of the discovery. This issue was previously litigated by Ms. Pitawanakwat and decided adversely to her. See Docket Nos. 39, 40, 41, & 45. Furthermore, the court reaffirms this prior ruling.

The District of South Dakota has a local rule generally prohibiting criminal defendants from personally possessing discovery. See DSD LR 16.1 & 57.10. Reasonable accommodations have been made for Ms. Pitawankwat to review her discovery. The reasons for the rule—abuse of discovery and

intimidation of witnesses—applies with equal force in this case as in many others.  The local rules admit of exceptions, but Ms. Pitawanakwat has not shown good cause for an exception in her case.

Regarding the balance of Ms. Pitawanakwat's requests in her motion, the matters have either been previously litigated (see Docket Nos. 118, 119, 123, 133, 147, 151, 152, 162), the request lacks any factual basis (criminal investigator Derek Puckett was not independently represented by counsel at the suppression hearing in this case—see Docket Nos. 65 & 77), the government has represented that all such information has already been turned over to defendant (Brady and Giglio material, body cam and dash cam videos, Bates#1-967, interviews of defendant and others, and recorded jail phone calls), or the government represents it will turn over such discovery on the Friday before the Tuesday start of trial[1] (grand jury transcripts and criminal history reports of government witnesses).  See Docket No. 242 at pp. 3-7.

The government specifically acknowledges its ongoing duty to provide Brady and Giglio material should further such material come to light and represents it will supplement its discovery to defendant if additional material is discovered.  Likewise, the transcript of codefendant George Dull Knife's change of plea hearing is not yet publicly available, but the government represents that when that transcript is available, the same will be provided to

---

[1] Federal Rule of Criminal Procedure 26.2 and the Jenks Act do not require the government to turn over such materials until after the witness testifies on direct examination, so the government's plan to turn over such materials several days in advance of the start of trial exceeds the government's legal obligations.  See Fed. R. Crim. P. 26.2 and 18 U.S.C. § 3500.

Ms. Pitawanakwat. The court notes it is early July and trial in this matter is not scheduled to begin until October 16, thereby allowing plenty of time for this transcript of Mr. Dull Knife's change of plea hearing to be provided to Ms. Pitawanakwat. Finally, the government represents it has in its possession no physical evidence other than the video recordings referenced above, which have already been provided to defendant. See Docket No. 242 at p. 5.

Accordingly, based on the above discussion, it is hereby

ORDERED that defendant Kimberlee Pitawanakwat's motion to compel [Docket No. 240] is denied in its entirety. The issues she raises have either been litigated previously in this case, have no factual basis, have already been satisfied by the government, or will be satisfied by the government at the appropriate time.

DATED this 6th day of July, 2023.

BY THE COURT:

_/s/ Veronica L. Duffy_
VERONICA L. DUFFY
United States Magistrate Judge