UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>MOTION TO COMPEL FED. R. CRIM. PRO. 16 DISCOVERY, TIMELY BRADY DISCLOSURE AND FOR ADDITIONAL RELIEF |
|---|---|

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

# EXHIBIT B

May 23rd 2023

Dear Frank Driscoll

Please file on my behalf the two enclosed Motions and kindly serve on the Prosecutor

Respectfully since I am bound by legal counsel and you currently represent me. Please consider this my official request from you.

I wish to represent myself and Proceed Pro Se

I have sent a hard copy of both with my signature to you and the Courts by U.S. Certified Mail

Thank you.

Respectfully,

KIMBERLEE PITAWANAKWAT

---

May 23, 2023

Clerk of Courts

Enclosed I have two Motions to file on my behalf I wish to proceed pro se i have sent notice to Mr. Frank Driscoll
I have tried every way possible to Respectfully give proper notice to the Courts
Please Consider this my official request to File my two Motions

Respectfully,

KIMBERLEE PITAWANAKWAT

**FedEx Office** 

1175 NW 9th St
Corvallis, OR, 97330
(541) 757-8127

Terminal: 1002M600MIXO1
5/23/2023 17:08
Receipt #: 1002AKY3536
Type: Purchase

| Qty | Description | Amount |
|---|---|---|
| 4 | PNG B&W S/S 8.5x11 5 | 0.76 |
| | 8.5x14 | |
| 45 | PNG B&W S/S 8.5x11 5 | 8.55 |
| | 8.5x14 | |
| 12 | ES B&W S/S White 8.5 x 11 | 2.28 |

Subtotal                 11.59
District tax              0.00
City tax                  0.00
County tax                0.00
State tax                 0.00
Total              USD $11.59

Acct #: ****************
VISA DEBIT
Chip Read
Auth No.: 298630
Mode: Issuer
AID: A0000000031010
NO CVM
CVM Result: 5F0002
TVR: 8000000000
IAD: 06011203 60A000
TSI: 6800
ARC: 00
APPROVED

The Cardholder agrees to pay the Issuer
of the charge card in accordance with
the agreement between the Issuer and
the Cardholder.

---

**UNITED STATES POSTAL SERVICE**

CORVALLIS
311 SW 2ND ST
CORVALLIS, OR 97333-4631
(800)275-8777
05/24/2023                      12:30 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| PM Express 2-Day | 1 | | $28.75 |
| Flat Rate Env | | | |
| Rapid City, SD 57701 | | | |
| Flat Rate | | | |
| Signature Requested | | | |
| Scheduled Delivery Date | | | |
| Fri 05/26/2023 06:00 PM | | | |
| Tracking #: | | | |
| EI528515804US | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $28.75 |
| PM Express 2-Day | 1 | | $28.75 |
| Flat Rate Env | | | |
| Rapid City, SD 57709 | | | |
| Flat Rate | | | |
| Signature Requested | | | |
| Scheduled Delivery Date | | | |
| Fri 05/26/2023 06:00 PM | | | |
| Tracking #: | | | |
| EI528515795US | | | |
| Insurance | | | $0.00 |
| Up to $100.00 included | | | |
| Total | | | $28.75 |

Grand Total:                    $57.50

Debit Card Remit                $57.50
  Card Name: VISA
  Account #: XXXXXXXXXXXX8893
  Approval #: 329100
  Transaction #: 383
  Receipt #: 063313
  Debit Card Purchase: $57.50
  AID: A0000000980840         Chip
  AL: US DEBIT
  PIN: Verified

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>MOTION TO VACATE ORDER<br><br>AS MOOT OR IN THE ALTERNATIVE<br><br>TO APPEAR BY VIDEO |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
stormi.pitawanakwat@pm.me


The Honorable Jeffrey L. Viken
United States District Court Judge
515 Ninth Street, Room 313
Rapid City, SD 57701


Re: Motion to vacate the in person hearing set for June 5, 2023, or in the alternative to allow me to attend by video conference from Federal Public Defenders office or Federal Court in Eugene, Oregon. Defendant has moved this Honorable Court to proceed pro se and hereby requests that this Honorable Court conduct a *Faretta* hearing pursuant to *28 U.S. Code § 1654* and "*Faretta v. California, 422 U.S. 806, 812, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)...*" *United States v. Kelley, 774 F.3d 434 (8th Cir. 2014).*

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Court that you issue an order vacating Magistrate Judge Wollman's order described above or, in the alternative you

convert the aforementioned hearing into a *Faretta* hearing so that I may represent myself. I humbly request that you allow me to appear by video as a reasonable accommodation for the following reasons:

1. I have filed a motion to withdraw my request for new counsel (other than standby counsel) and wish to represent myself. My prior motion for new counsel is therefore moot and should be vacated.

2. In the alternative I request that I be allowed to appear by video for future pretrial hearings, as has been previously permitted. I have very limited financial means and it will be a significant hardship to appear in person, although I will certainly do so as necessary. I am the sole caregiver for my three young children, and it will be emotionally difficult for them to be separated from me given that they will already be separated during the period of the forthcoming trial.

3. I have previously attended approximately four hearings by video conference. I have not been late or missed any hearing or case deadlines and I will continue to do so to the best of my ability. Making me attend in person is unreasonable and has the appearance of punishing me for wrongdoing when I have done nothing wrong.

4. I must respectfully draw to the attention of this Honorable Court a number of errors contained in Magistrate Judge Wollmann's order of May 2, 2023.

5. In Judge Wollmann's order of May 2, 2023 (Docket No. 212, attached to this Motion as Defendants Exhibit A, Ex Parte Order Setting Hearing On Motion For New Counsel) Judge Wollman presents an inaccurate history of this case. Judge Wollman mis-stated what happened with my first attorney, AFPD Jennifer Albertson, who had an actual conflict of interest, which I believe to be the Federal Defenders representation of some of the alleged victims in this case. (See Ex-Parte Docket No. 19, Ex Parte Motion To Withdraw As Counsel). Judge Wollmann immediately assumed that Ms. Albertson withdrew from

representation because of a conflict with me, which is not the case. I had separately received a letter from Federal Public Defender Jason Tupman, indicating that he was going to represent me but unfortunately I understand the Federal Defenders Office had to withdraw because of an actual conflict.

6. Judge Wollman writes in her order that I had requested direct access to discovery. Although that is correct based upon Mr. McCoy's filing what Judge Wollmann is unaware of is that I did not ask Mr. McCoy to file that motion and in fact that motion came entirely from Mr. McCoy. I was permitted to review discovery under supervision at the Federal Defenders Office in Portland, Oregon, and that method of reviewing discovery worked well and at different times I spent over 22 hours reviewing discovery at that location but was not able to complete the review because some discovery was and is unviewable (Isiah Crow videos see below).

7. Judge Wollman writes that after her Report and Recommendations on Defendants Motion to Suppress that I filed a letter stating "I will not participate in this process with him (Mr. McCoy) as my attorney." The letter I wrote to Judge Wollmann did not say that, and I have a copy I can provide to the Court if needed. The issue I was having with Mr. McCoy is that Judge Wollmann had made clear errors of law (referring to the incorrect Amendment to the United States Constitution in her ruling), which I wished to raise with the Court. Mr. McCoy refused to respond or file anything, which was one of the reasons I wished to have a new attorney. AUSA Patterson made note of this failure to appeal the ruling at a later hearing, a fact that was certainly not helpful to my defense and was contrary to my written wishes expressed to Mr. McCoy in an email.

8. Judge Wollman writes that I filed two complaints with the South Dakota State Bar, which is not accurate. I have made one complaint to the South Dakota State Bar regarding Mr. McCoy. The State Bar "lost" my first complaint, so I had to send them another copy by certified mail. This misstatement of fact appears to be part of pattern of construing the facts in a way that is not neutral and is biased against me.

9. Judge Wollmann continues her historical summary of the case with the appointment of Mr. Driscoll on December 29, 2022 (Docket No. 196). Mr. Driscoll initially needed to get up to speed on the case. During one of our calls about the case I mentioned *Brady v. Maryland* (the well-known Brady obligation requiring disclosure of exculpatory information in the possession of the Government), but Mr. Driscoll appeared not to know what I was talking about. This raised significant concerns on my part about Mr. Driscoll's knowledge of criminal law.

10. Mr. Driscoll refused to communicate via email. Mr. Driscoll has failed to file any substantive motions in the case other than continuance motions. During a call with Mr. Driscoll's assistant, Laura Dahn, on or about April 22, 2022, I said I was concerned about how close we were to the trial date and that I had received no information on missing discovery (Isiah Crow's bodycam and dashcam in a viewable format and a request to compel early Brady disclosure, as detailed above, as well as basic steps for trial preparation). During that call Ms. Dahn became flustered and said she would not continue the conversation. She was yelling while I was quiet and calm, and she thought the call was disconnected and said "I am sick of this bitch" to whoever else was present in her office (note that she had said that Mr. Driscoll was not available and with a client). Mr. Driscoll called me back a couple of hours later and I told him that his paralegal (a person who is key to my defense since she is the person reviewing discovery for Mr. Driscoll) verbally insulted me. Mr. Driscoll chuckled and excused her conduct.

11. In the summary of this situation described in Judge Wollmann's order these legitimate concerns are referred to as complaints, demands, repeated requests and finally that they may "constitute abusive or delay tactics." Judge Wollmann cannot know of privileged communications between me and my counsel, unless there has been improper ex-parte communication concerning my case. I do not have evidence that this has occurred, but the way Judge Wollmann's order construes every event against me raises significant questions of bias on the part of Magistrate Wollmann.

12. Judge Wollman has directly accused me of abusing the system just because I have asked for effective representation and case discovery and work on my case that is entirely necessary for me to have a fair trial. This repeated attack on my Constitutional and legal rights displays bias against me on the part of Judge Wollman. In Docket Entry 12 Judge Wollman references in bold the following "Pursuant to the Due Process Protections Act, the Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence – that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963) and its progeny, and ORDERS the United States to do so. Failure to disclose exculpatory evidence in a timely manner may result in consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court." I have received no appropriate due process or Brady material and I have been subject to onerous pretrial conditions impacting my family for almost three years.

13. Judge Wollman was the judge who presided over the hearing on October 22, 2021 (Docket No. 131), where the government made serious false statements about me that I was not able to respond to. I was provided hundreds of documents and recordings less than thirty minutes or so before the hearing with no opportunity to review or respond. Judge Wollman ordered me to have no contact with my then 21-year-old daughter who lived with me and who worked full time with two jobs with each of us sharing child care duties for our children. This allowed us to make ends meet during the pandemic. During this time, we were homeless, residing in a hotel. The impact of this order caused my daughter to leave our temporary home and quit her job. I have not had contact with my daughter for two years now. Judge Wollman ordered this no contact with my daughter even though my daughter had already made two clear statements to law enforcement (Tribal police and FBI) that were consistent with what I told Mr. Puckett, so there was no fair basis for such an order, given the circumstances, and my daughter's consistent statements to law enforcement. Waskoness Pitawanakwat has also made statements to investigators and

lawyers for the defense and all her statements have been consistent and helpful to the defense, particularly since she was present to witness the exact same things that I was. Even though my daughter is a very helpful witness for the defense, none of my counsel ever placed her under subpoena to testify at my trial, even though I have repeatedly so requested. My current counsel, Frank Driscoll has not even requested subpoenas at Government expense, let alone served any.

14. I was released by the Federal Court in Oregon on pretrial release on September 29, 2020, subject to conditions of pretrial release. I have been on pretrial release for 2 ½ years and have been in compliance with all conditions. I was ordered to appear at a hearing on October 22, 2020 (Docket No. 131) where my conditions of release were modified to prevent any communication with George Dull Knife and my daughter, Waskoness Pitawanakwat, who was then aged 21. Since that amendment to my conditions, I have continued to be in compliance with all conditions.

15. During the period of Mr. McCoy's representation Mr. McCoy told me the primary charge against me was that I lied to then Criminal Investigator Puckett. I understand that Mr. Puckett was forced to leave the Oglala Sioux Tribal Public Safety (OSTPS) department under suspicion that he had wrongfully charged multiple people, so I have been told. I have repeatedly requested early Brady disclosure of this information but have received nothing in discovery on this point. Given the nature of the case against me, basically a "he said, she said" situation, information that bears on the credibility of the Government's key witness is of utmost importance.

16. I have identified previously to Mr. McCoy and now to Mr. Driscoll that there are suspicious notes of supposed interviews generated by Mr. Puckett in discovery but no official reports of those interviews in the discovery I have received and reviewed at the Oregon Federal Public Defenders Office. I have consistently requested the services of a forensic expert, Mr. John Nixon, who would be able to review the discovery and examine the spent bullet located in the alleged victim's vehicle and conduct testing to

determine whether that spent bullet could have come from an AR15 weapon as alleged by the government in its probable cause affidavit supporting the application for a search warrant. This testing is necessary for my defense because one of the statements taken by Mr. Puckett was from a jailhouse informant, Mr. Ian Dull Knife.

17. Mr. Ian Dull Knife indicates in his statement that he was present at the location of the shooting and that he saw George Dull Knife shoot at the Burgee vehicle with an AR15 rifle and that he saw George Dull Knife hand this AR15 rifle to me. That statement is false and therefore it is important for the defense to establish, if possible, whether the spent bullet came from an AR15 or is in fact consistent with some other weapon, such as a handgun which has very different ammunition. This would be a very important fact with which to impeach Ian Dull Knife. As far as I am aware none of this testing has been done and no expert has been hired to assist with a defense review of the evidence, even though I have repeatedly requested it and I located an expert, at the request of my then attorney, Mr. Jonathan McCoy, willing to conduct the work. Mr. McCoy never even filed a request for CJA funding for said expert.

18. It would also be important to know Ian Dull Knife's criminal history, and whether he has worked as a paid or unpaid informant and how soon after making this statement he was released from jail. It is possible that Ian Dull Knife fabricated this statement in exchange for Mr. Puckett getting him released from jail. This kind of information is very relevant to my case, has not been provided to me and is Brady information. As far as I am aware none of this testing has been done and no expert has been hired to assist with a defense review of the evidence.

19. I raise these issues with the preparation of my defense in this pleading because Judge Wollmann asserts that I might be using abusive or delaying tactics when in fact I am requesting that my case be properly prepared for trial, with the necessary motions filed, evidence properly evaluated, witnesses interviewed and subpoenaed, Brady information provided etc. These are rights protected by the Sixth

Amendment to the United States Constitution and are central to a preparation of a thorough defense in a federal criminal case, as established by the American Bar Association standards. I wish for no further delay in this case, which is why I move to represent myself, with qualified standby counsel appointed to assist me in filing pleadings and to take my direct testimony at trial.

20. I am very willing to attend trial when the defense is appropriately prepared. I am concerned that I am being punished for asking for access to complete discovery and Brady information. If it is true that Mr. Puckett had to leave the tribal police force because of serious misconduct problems I believe this would be reasonable grounds for compelling early Brady disclosure but no such motion to compel has been filed by any of my previous lawyers, even though I have requested such a motion be filed. I have filed a motion to represent myself, so that I can file the motions necessary to obtain this information, file other appropriate pretrial motions and to get the case moving forward. Any delay in this case has not been caused by my unwillingness to have a trial, I have merely insisted that any trial occur with competent representation and with the information I am entitled to by law and the United States Constitution.

WHEREFORE Defendant humbly requests this Court for its Order granting this Motion vacating the in person hearing or in the alternative this Court convert the current hearing into a *Faretta* hearing and allow me to appear by video.

Dated this 23rd day of May 2023

Respectfully,


Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
stormi.pitawanakwat@pm.me

cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email: Heather.Sazama@usdoj.gov

Alison J. Ramsdell, United States Attorney, District of South Dakota, via email: Alison.Ramsdall@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | MOTION TO VACATE ORDER |
| v. | AS MOOT OR IN THE ALTERNATIVE |
| | TO APPEAR BY VIDEO |
| KIMBERLEE PITAWANAKWAT | |
| Defendant | |

# EXHIBIT A

Ex A

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLEE PITAWANAKWAT,<br><br>Defendant. | 5:20-CR-50122-JLV-02<br><br>EX PARTE ORDER SETTING HEARING ON MOTION FOR NEW COUNSEL |

Defendant Kimberlee Pitawanakwat filed an ex parte motion requesting replacement counsel. (Doc. 211). This is Ms. Pitawanakwat's seventh filing with the court lodging complaints against her attorneys and requesting they be removed from her case. (Docs. 28, 103, 120, 157, 193, 195, 211).

Ms. Piatawanakwat was indicted on September 17, 2020. She made her initial appearance via video conference from the District of Oregon on November 18, 2020. Initially, the court appointed Assistant Public Defender Jennifer Albertson to represent Ms. Pitawanakwat. The same day as her initial appearance, Ms. Pitawanakwat wrote a letter stating that Ms. Albertson subjected her to unreasonable pressure and coercion. Ms. Albertson filed a motion to withdraw citing a conflict of interest. (Doc. 19). The court granted the motion to withdraw and appointed CJA panel attorney Jonathon McCoy on November 24, 2020. (Doc. 20).

On January 19, 2021, Mr. McCoy filed a motion requesting permission that he be permitted to provide discovery directly to the defendant, as he had been unable to review the discovery with her due to her distance from South Dakota. (Doc. 39). The

court denied the motion. (Doc. 45). Mr. McCoy filed a motion to suppress on February 16, 2021. (Doc. 46). On July 13, 2021, the undersigned magistrate judge filed her report and recommendation that the motion be dismissed. (Doc. 97). Almost immediately, Ms. Pitawanakwat filed a letter stating, "I will not participate in this process with him as my attorney" and requested "an experienced trial attorney." (Doc. 103). The court held an ex parte hearing and denied the motion. (Doc. 105). Ms. Pitawanakwat appealed the denial of her request for replacement counsel to the district court. (Doc. 120, 157). On April 25, 2022, the district court conducted a de novo review and concluded that she failed to establish a justifiable dissatisfaction with Mr. McCoy which would warrant the appointment of replacement counsel. (Doc. 165).

On July 29, 2022, Mr. McCoy filed a motion for a continuance and requested a date certain for trial. (Doc. 173). Trial was set for January 23, 2023. (Doc. 175). On December 16, 2022, Ms. Pitawanakwat filed a letter requesting replacement counsel stating she enclosed copies of two complaints she filed with the South Dakota Bar Association against Mr. McCoy. (Doc. 193). On December 19, 2022, Mr. McCoy filed a motion to withdraw citing an "irreparable attorney-client relationship and potential conflict of interest." (Doc. 194). The court granted the motion without a hearing and appointed CJA panel attorney, Frank Driscoll on December 29, 2022. (Doc. 196). Less than four months into his representation, Ms. Piatwanakwat wrote to the court requesting a different attorney. (Doc. 211). Notably, Ms. Piatawankwat complains that she has not been given discovery access.

Given the pattern of Ms. Pitawanakwat's previous complaints and demands that she be provided with discovery in her remote location, the court gives notice that it is concerned that Ms. Pitawanakwat's interactions with her previous attorneys may constitute abusive or delay tactics. Accordingly, it is

ORDERED that defendant's ex parte motion will be considered at a hearing on **June 5, 2023, at 11:00 a.m.** It is further

ORDERED that Ms. Pitawanakwat is required to attend the hearing in person.

DATED this 2nd day of May, 2023.

BY THE COURT:

*[signature]*

DANETA WOLLMANN
United States Magistrate Judge