UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:20-CR-50122-02 |
| Plaintiff, | |
| vs. | UNITED STATES' RESPONSE TO DEFENDANT'S RENEWED MOTION TO COMPEL (DOC. 247) |
| KIMBERLEE PITAWANAKWAT, | |
| Defendant. | |

The United States, by and through Assistant United States Attorney Heather Knox Sazama, submits its response to the defendant's pro se pleading, entitled "Renewed Motion to Compel Fed. R. Crim. Pro. 16. Discovery, Timely Brady Disclosure and for Sanctions Including Contempt," filed at Doc. 247.

## INTRODUCTION

As an initial matter, the defendant's renewed motion to compel and previously filed motion to compel (Doc. 240) fail to comply with the District of South Dakota's Criminal Local Rules of Practice 16.1B and 47.1A, regarding discovery disputes and motions to compel. The defendant has not made good faith efforts to resolve discovery disputes, nor has she filed a separate certification describing any efforts to do so. Nevertheless, the United States will endeavor to respond to the defendant's most recently filed motion.

Several of the issues raised in the defendant's renewed motion have already been litigated through resolution of her motion to require the United States to provide discovery directly to her (*see* Docs. 39, 40, 41, 45), her motion

for bill of particulars (see Docs. 118, 119, 123, 133), and her motion for severance (see Docs. 147, 151, 152, 162). The defendant's last motion to compel was similarly denied. *See* Docs. 240, 242, 243. The United States incorporates its briefing regarding the defendant's allegations and discovery demands, and the district court's orders resolving the same, without restating them here.

1. **Paragraphs 1 – 4 – Introductory Allegations**

   The defendant styles the first four paragraphs of her motion as "Additional Factual Background." Doc. 247, at 1. The United States disputes the factual allegations therein of judicial and prosecutorial misconduct. The United States understands its ongoing obligations under the United States Constitution, the Federal Rules of Evidence, the Federal Rules of Criminal Procedure, and *Brady v. Maryland*, *Giglio v. United States*, and their progeny. The United States has complied with its discovery obligations and will continue to timely make available to the defendant all discovery to which she is entitled.

   The United States also understands its duties under the South Dakota Rules of Professional Conduct. S.D.C.L. § 16-18-1 *et seq*. The United States has complied with and will continue to comply with its obligations therein. The United States now turns to the defendant's renewed motion to compel.

2. **Paragraphs 5 – 41 – Allegations of Judicial Misconduct**

   The defendant asserts the magistrate judge had no authority to rule on her last motion to compel. The magistrate judge has authority under 28 U.S.C. § 636(b)(1)(A) to hear certain pretrial matters referred to it by the district court

for disposition. The list of pretrial matters a magistrate may hear and determine by designation from the district court is broad. A motion to compel production of discovery is one such motion. A motion to compel and a motion for injunctive relief are not interchangeable in name or substance, as the defendant suggests. An injunction is a remedy available in certain civil matters. The instant matter, of course, is not a civil action. A motion to compel discovery is an appropriate pretrial matter that may be, and is routinely, referred to a magistrate judge for resolution, pursuant to 28 U.S.C. § 636(b)(1)(A). *See also* D.S.D. L.R. 57.11. Accordingly, the magistrate judge had jurisdiction to resolve the defendant's last motion to compel, and the instant one, by virtue of the presiding judge's designation. Paragraphs 4 through 13 of the defendant's motion are without merit.

Next, the defendant's allegations of judicial misconduct must fail. The defendant has not met her burden to prove that any of the courts to have conducted proceedings and heard motions in her case are biased or prejudiced. She has not filed a sufficient affidavit alleging bias or prejudice, as required by 28 U.S.C. § 144, such that recusal is warranted. The defendant likewise has not made a sufficient showing that any court before whom she has appeared must be disqualified, pursuant to 28 U.S.C. § 455. The disqualification of a judge under 28 U.S.C. § 455 "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *United States v. Martin*, 757 F.3d 776, 778

(8th Cir. 2014). A party seeking recusal "carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *United States v. Ali*, 799 F.3d 1008, 1017 (8th Cir. 2015) (quoting *Fletcher v. Conoco Pipe Line Co.*, 323 F.3d 661, 664 (8th Cir. 2003)).

To the extent the defendant's motion to compel can be construed as a motion for recusal, it fails in form and substance. A motion to recuse must set forth details explaining the basis of the claim of bias or prejudice. *See United States v. Melton*, 738 F.3d 903, 905 (8th Cir. 2013) (explaining that a party alleging bias or prejudice "must show 'that the judge had a disposition so extreme as to display clear inability to render fair judgment.'" (quoting *United States v. Denton*, 434 F.3d 1104, 1111 (8th Cir. 2006))). The recusal of a judge is required if the judge bears a bias or prejudice that might call into question his or her impartiality. *Akins v. Knight*, 863 F.3d 1084, 1086 (8th Cir. 2017). An unfavorable judicial ruling does not raise an inference of bias or require the trial judge's recusal. *See Holloway v. United States*, 960 F.2d 1348, 1351 (8th Cir. 1992); *see also Melton*, 738 F.3d at 906 ("Judicial rulings rarely establish a valid basis for recusal."). Accordingly, paragraphs 5 through 41 of the defendant's motion do not set forth adequate grounds to compel the United States to do anything or for the magistrate judge or district judge to recuse or disqualify themselves.

### 3. Paragraphs 42 – 65 – Allegations of Prosecutorial Misconduct

The United States disputes the allegations made in paragraphs 42-65. The United States stands by its assertion that there was not a *single* "spent bullet" recovered by law enforcement during its investigation of the codefendant's case. To be clear, law enforcement officers recovered multiple firearms, spent shell casings, live ammunition rounds, firearm cases, and firearm magazines, among other things, during the investigation of the shooting committed by the codefendant, George Dull Knife. During that investigation, law enforcement officers recovered bullet fragments recovered from the "B" pillar of the victim's car. Officers also recovered a bullet projectile from the front passenger floorboard of the victim's car. Another projectile appeared to enter and pass through the victim's car and windshield. This projectile was not located. None of this evidence, however, has any relevance to the defendant's charges of making a false statement and being an accessory after the fact to her codefendant. The defendant is not alleged to have been involved in any way in George Dull Knife's shooting of Carmen Burgee and her vehicle on August 5, 2020. She is alleged to have lied to Criminal Investigator Derek Puckett about the shooting, and to have assisted her codefendant after the shooting by fleeing with him to Oregon. Consequently, the United States has not provided the defendant with bullet fragments for analysis by an expert. She has, however, been provided with the audio recording of her statement to law enforcement on that date, and all the

paper, photographic, audio, and video discovery provided to her codefendant during the pendency of his case.

The defendant styles paragraphs 42 through 65 as allegations of prosecutorial misconduct. The allegations are fairly construed as alleging a discovery violation. As noted above, the defendant's complaint is that the United States has not provided her proposed expert with one of the bullet projectiles recovered by law enforcement after her codefendant, George Dull Knife, shot a firearm into Carmen Burgee's occupied vehicle. Under *Brady v. Maryland*, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963). The *Brady* rule includes impeachment evidence as well as exculpatory evidence. *Giglio v. United States*, 405 U.S. 150, 154, 92 S. Ct. 763, 31 L. Ed. 2d 104 (1972); *see also United States v. Bagley*, 473 U.S. 667, 675, 105 S. Ct. 3375, 87 L. Ed. 2d 481 (1985) (impeachment evidence, as well as exculpatory evidence, falls within the *Brady* rule because such evidence favors an accused so that, if disclosed and used effectively, it may make the difference between conviction and acquittal).

"There are three components to a true *Brady* violation: The evidence at issue must be favorable to the accused either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the [prosecution], either willfully or inadvertently; and prejudice must have ensued."

6

*Strickler v. Greene*, 527 U.S. 263, 281-82, 119 S. Ct. 1936, 144 L. Ed. 2d 286 (1999). The prosecution has a duty under the Due Process Clause to disclose such evidence even if the defendant makes no request for it. See *Turner v. United States*, 582 U.S. 313, 137 S. Ct. 1885, 1893, 198 L. Ed. 2d 443 (2017).

The United States has provided the defendant with exactly the same discovery that her codefendant received during his case, even though she is not strictly entitled to it. The United States has not withheld or otherwise suppressed favorable or unfavorable evidence in this case. The United States has simply declined to provide the defendant's expert with a piece of physical evidence in her codefendant's case, because the evidence—and any expert's conclusions regarding the same—is irrelevant and inadmissible in a prosecution of the defendant for alleged violations of 18 U.S.C. § 1001(a)(2), False Statements, and 18 U.S.C. § 3, Accessory After the Fact.

Further, the defendant cites no legal authority that the failure to provide her with irrelevant evidence constitutes prosecutorial misconduct or a discovery violation. She has failed to show how she is prejudiced by an inability to test a piece of evidence that proves her codefendant's guilt and is not probative of any issue in her own case. Even if a bullet fragment were analyzed and the defendant's proposed expert opined the fragment was discharged from a pistol, rather than an automatic rifle, the evidence is irrelevant. Her codefendant already pleaded guilty to and was sentenced for the shooting incident on August 5, 2020, that the defendant insists did not happen. The codefendant did not

plead guilty to using a particular style of weapon when he committed the shooting assault. Rather, he admitted discharging "a firearm" into the victim's car. *See* Doc. 154. The type of firearm he used was not definitively established. Accordingly, the type of weapon he used is irrelevant for purposes of his conviction, and more importantly, is irrelevant for purposes of proving or disproving the defendant illegally made false statements during the investigation of the shooting and assisted her codefendant after he committed it. The evidence has no probative value in the defendant's case, and is immaterial to guilt or innocence. Thus, no discovery violation has occurred. Paragraphs 42 through 65 are without merit.

**4. Paragraphs 65 – 70 – Remedies Sought**

Paragraphs 66 and 67 seek the recusal of the magistrate judge and district judge, respectively. The defendant has not met her burden to show that recusal or disqualification of either court is appropriate.

Paragraphs 68, 69, and 70 seek sanctions against the undersigned for alleged false statements to the court. The defendant has failed to establish a violation of the South Dakota Rules of Professional Conduct or the United States' discovery obligations. The defendant has also failed to show how she has been prejudiced by the inability to have an expert test a piece of physical evidence from her codefendant's case. The United States has already complied with its discovery obligations to the defendant, three times over. If the Court sees fit to

grant the defendant's motion to have her codefendant's evidence examined by a ballistics expert, the United States will, of course, comply with the Court's order.

## CONCLUSION

Based on the foregoing, the United States requests the defendant's "Renewed Motion to Compel Fed. R. Crim. Pro. 16. Discovery, Timely Brady Disclosure and for Sanctions Including Contempt," be denied.

Dated this 26th day of July, 2023.

        ALISON J. RAMSDELL
        United States Attorney

        */s/ Heather Knox Sazama*
        _____
        HEATHER KNOX SAZAMA
        Assistant United States Attorney
        201 Federal Bldg., 515 Ninth Street
        Rapid City, SD 57701
        Telephone: 605-342-7822
        Facsimile: 605-342-1108
        E-Mail: Heather.Sazama@usdoj.gov