UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | RENEWED MOTION TO COMPEL FED. R. |
| v. | CRIM. PRO.16. DISCOVERY, TIMELY |
| | BRADY DISCLOSURE AND FOR |
| KIMBERLEE PITAWANAKWAT | SANCTIONS INCLUDING CONTEMPT |
| Defendant | REPLY TO GOVERNMENT (DOC. 248) |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Lawrence L. Piersol
United States District Judge
Rm 202 United States Courthouse
400 S. Phillips Avenue
Sioux Falls, SD 57104

Re: Defendant Replies to Government's Response and Moves this Honorable Court To Compel Fed. Rule Criminal Procedure 16. Discovery, *Brady v. Maryland* disclosure And For Sanctions Including Contempt and for the following reasons:

1. Defendant provides the following reply to the Government's Response, Docket No. 247.

   **PROSECUTORIAL MISCONDUCT**

2. AUSA Sazama, having been caught in a direct and outrageous lie to this Honorable Court now compounds said lie by providing additional false information, which will be further detailed in this Reply. Defendant asserted in her Motion to Compel that the Government was lying to the Court when AUSA Sazama said: "The United States has no physical evidence in the defendant's case." (Docket 242, page 5). Prosecutor Sazama, having been discovered in her lie, now admits

that the Government is in possession of the bloodstained bullet and says, "Officers also recovered a bullet projectile from the front passenger floorboard of the victim's car," see Government's Response Docket No. 248 at page 5 paragraph 3. When AUSA Sazama claimed that it had no evidence in Defendant's case she lied to the Court, as she now admits.

3. Prosecutor Sazama then continues her false claim that there is "no single bullet," see Response page 5, pretending that bullet fragments are the same as a single spent bullet, when clearly, they are not the same thing. As Defendant said, there was one single relevant bloodstained bullet recovered and this was located in the front passenger footwell of the alleged victim's vehicle. AUSA Sazama now concedes the truth of this statement now that the Court has been provided photographs of this crucial item of evidence by Defense Expert John Nixon.

4. Remarkably, AUSA Sazama falsely contends that this bloodstained bullet is irrelevant to Defendant's case. This absurd proposition ignores the audio taped statement of witness Ian Dull Knife, who told former CI Puckett that he saw George Dull Knife shoot at the car with an AR15 rifle and then hand the rifle to the Defendant. This statement was provided to Defendant in discovery, is clearly relevant to Defendants case, is false and apparently the Government now admits it knows that it is false.

5. Defendant is facing trial in this case in October 2023 and the Government can call Ian Dull Knife to testify to this statement, so it is both relevant and potentially damaging testimony for the Defendant that must be rebutted. Establishing through forensic testing that Ian Dull Knife lied about the weapon is clearly helpful to Defendant's case.

6. AUSA Sazama now blatantly admits the following: "The defendant is not alleged to have been involved in any way in George Dull Knife's shooting of Carmen Burgee and her vehicle on August 5, 2020." This admission by the Government that Defendant was not involved in this crime also establishes that Ian Dull Knife directly lied to former CI Puckett about Defendant yet has not been charged with making a false statement or any other offense. Defendant still has not been provided with any *Brady* information regarding Ian Dull Knife, yet the Government is

apparently aware that his statement to Puckett was fabricated. This obvious Due Process and Equal Protection violation should offend this Honorable Court.

7. Now that the United States has conceded that Defendant was not involved in any way with the shooting of Carmen Burgee this Court should ask why this case has not already been dismissed, now nearly three years after the incident. AUSA Sazama presents the absurd position that Defendant lied to corrupt former criminal investigator Puckett about something completely unrelated to the shooting of Carmen Burgee. If that is truly the Government's position then the alleged lie can hardly be material to the case and is yet another ground for dismissal.

8. Defendant renews her Motion for a Bill of Particulars requiring the Government to specify this alleged lie or lies to corrupt former criminal investigator Puckett, as well as evidence that corrupt former investigator Puckett was ever a federal agent. OSTDPS officers are not federal officers because they are employed by the Oglala Sioux tribe, and unless the Government has evidence that corrupt former criminal investigator Puckett was a federal officer this charge must be dismissed. Bureau of Indian Affairs officers are considered federal agents but tribal officers are not.

9. AUSA Sazama cannot escape the AR15 lie by pretending it is irrelevant because it infects this case from start to finish. The Government obtained its search and arrest warrants by falsely telling the Court that this case involved an AR15 rifle, when it already knew that was not true.

10. The Government's AR15 lie likely infects the proceedings of the Grand Jury in this case. This Court should require AUSA Sazama to provide all Grand Jury material for an immediate in camera review by the Court. If that review demonstrates that the Grand Jury were provided false testimony by the Government or its witnesses then that evidence should be provided to the Defendant in compliance with *Brady v. Maryland* and the Government should be appropriately sanctioned for its misconduct.

11. The Government falsely asserts that Defendant fled with her former co-defendant to Oregon. Upon information and belief, the Government knows that allegation is false and Defendant looks

forward to vindicating herself at trial, should this case not be dismissed before that date due to the Government's repeated misconduct.

12. AUSA Sazama misunderstands the CJA order already signed in this case. Docket No. 247, Exhibit D of Defendants Motion says the following in Box 15:

| 15 COURT ORDER | | | | |
|---|---|---|---|---|
| Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 12 is hereby granted. | | 05 ☐ Polygraph<br>06 ☐ Documents Examiner<br>07 ☐ Fingerprint Analyst<br>08 ☐ Accountant<br>09 ☐ CALR (Westlaw/Lexis, etc.)<br>10 ☐ Chemist/Toxicologist<br>11 ☒ Ballistics<br>13 ☐ Weapons/Firearms/Explosive Expert<br>14 ☐ Pathologist/Medical Examiner | | 19 ☐ Paralegal Services<br>20 ☐ Legal Analyst/Consultant<br>21 ☐ Jury Consultant<br>22 ☐ Mitigation Specialist<br>23 ☐ Duplication Services (See Instructions)<br>24 ☐ Other (Specify)<br>25 ☐ Litigation Support Services<br>26 ☐ Computer Forensics Expert |
| Karen Schreier /S/ | | | | |
| Signature of Presiding Judge or By Order of the Court | | | | |
| 6/15/2023 Date of Order | Nunc Pro Tunc Date | | | |
| Repayment or partial repayment ordered from the person represented for this service at time of authorization. ☐ YES ☒ NO | | | | |
| Signature of Presiding Judge<br>Karen Schreier /S/ | Date Signed<br>6/15/2023 | Judge Code<br>6911 | Approved Amount<br>$3,585.00 | Total Approved Amount |
| Signature of Chief Judge, Court of Appeals (or Delegate)<br>Lavenski R. Smith /S/ | Date Signed<br>6/23/2023 | Judge Code<br>-822 | Approved Amount<br>$3,585.00 | $3,585.00 |

As can be clearly seen from Exhibit D, Box fifteen, this is a COURT ORDER authorizing the testing that was the subject of Defendant's extensive Motion, supported by the Declaration of John Nixon.

13. The Court Order was signed by Presiding Judge Karen Schreier on June 15, 2023, and by Eighth Circuit Chief Judge Lavenski R. Smith on June 23, 2023. This Court is bound by Judge Smith's Order and is required to issue any Order necessary to require the Government's compliance. If this Court fails to do so it is also in violation of Judge Smith's order and Defendant will file a Notice of Interlocutory Appeal and present this matter to the Eighth Circuit Court of Appeals.

14. Defendant notified Judge Smith of the failure of this Court to abide by his Order by letter mailed on July 19, 2023, and by email on July 21. Copies of Defendant's letter were sent by Priority Certified Mail to United States Attorney Alison Ramsdell.

15. Pursuant to Local Rule G. Attorney Discipline, Subsection 2, South Dakota's Criminal Local Rules of Practice, the Defendant Moves this Honorable Court to conduct an inquiry regarding AUSA Sazama's direct misrepresentations regarding this case and the evidence in this case detailed in this pleading and Defendant's Motion to Compel, Docket No. 247, together with

      AUSA Sazama's refusal to comply with Chief Judge Lavenski R. Smith's CJA Order dated June 23, 2023.

16. Defendant made a good faith effort to avoid bringing this discovery dispute to the Court without first attempting to resolve the issue with the Government. Defendant wrote an extensive letter about a myriad of problems with Discovery and other matters on June 14, 2023, see Exhibit A, Docket No. 240-1. This letter included a discussion about the bloodstained bullet and testing that was needed. The Government never responded to the Defendant's letter, but did refer to it in pleadings, so the Government clearly received the letter but failed to respond. The Government has made repeated false statements, constantly changes its position, and has failed to provide discovery that it has already agreed to provide, such as co-defendants transcript of plea hearing.

17. Remarkably, AUSA Sazama also believes that her opinion about the evidence overrules a valid court order from the Eighth Circuit. AUSA Sazama, indicates the following:

> "She has failed to show how she is prejudiced by an inability to test a piece of evidence that proves her co-defendant's guilt and is not probative of any issue in her own case. Even if a bullet fragment were analyzed and the defendant's proposed expert opined the fragment was discharged from a pistol rather than an automatic rifle, the evidence is irrelevant."

18. AUSA Sazama is deliberately misleading in this entire statement. The Government does not get to unilaterally decide what is or is not relevant for a Defendant to test. The Defendant has already provided two declarations regarding the importance of this testing. The Defendant understand that AUSA Sazama would prefer that the deliberate lie about an AR15 remain buried but the Defendant has a right to conduct testing that has been authorized by the Court. The Defendant provided an extensive pleading supporting the testing at issue, and once that Order was granted by the Court the Government's disagreement became moot.

19. AUSA Sazama claims that the bullet is a bullet fragment, which is another direct lie, since the item at issue is a spent bullet, see Declaration of John Nixon, Docket No. 247, Exhibit C. This is not a bullet fragment.

20. AUSA falsely states that Defendant has somewhere indicated that the shooting incident "did not happen." Defendant demands that AUSA Sazama retract that statement because it is completely false. Defendant has never claimed that nothing happened to Carmen Burgee. AUSA Sazama has now conceded, in writing, that the Government does not claim that Defendant had anything whatsoever to do with what happened to the alleged victim in this case. See paragraph 6 above.

21. The Government incorrectly asserts that the issues raised in Defendant's Motion have already been litigated. The obligations on the Government are continuing obligations based upon the Federal Rules of Criminal Procedure, The United States Constitution, *Brady,* and its progeny.

22. Defendant certifies pursuant to Local Rule 16.1B and 47.1A that Defendant has attempted to resolve these persistent problems but realistically the Government's misconduct in this case is beyond being resolved by discussion. The Government has lied to this Court and refuses to comply with the Defendants Court Order for testing. Defendant's right to a fair trial, right to *Brady* and *Giglio* information are guaranteed by the United States Constitution.

**JUDICIAL MISCONDUCT**

23. Defendant's two Motions to Compel provide a clear record of the repeated and continuing Judicial Misconduct involved in Defendant's case. The South Dakota Federal Court presents rules that it purports to follow in the random assignment of Judges but that it has clearly not followed in Defendant's case. The Government fails to respond to any of the specific allegations of Judicial misconduct raised by the Defendant, and thereby waives argument as to those detailed factual issues.

24. For example, the Government does not dispute the timing of Magistrate Judge Duffy's hasty and error filled purported ruling on Defendant's Motion to Compel, Docket No. 240. This ruling was done with such speed presumably in an effort to prevent Defendant from responding. Judge

Duffy's ruling clearly establishes actual bias. The Government correctly cites *United States v. Martin*, 757 F. 3d 776, 778, but apparently does not understand the application of *Martin* to the facts of this case.

25. The disqualification of a judge pursuant to 28 U.S.C § 455 "is required if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." The difference in this case is that a reasonable person would question Judge Duffy's impartiality AND actual bias has been shown.

26. Judge Duffy blindly accepted the Government's lie regarding the bloodstained bullet evidence in this case and ignored the fact that the Chief Judge of the Eighth Circuit Court of Appeals had signed an order authorizing the very testing requested by the Defendant. This is unmistakable evidence of actual bias and no reasonable person could review Judge Duffy's actions and not question her impartiality.

27. The Government's assertion that Magistrate Duffy had jurisdiction is inconsistent with the Standing Order that limits her jurisdiction by statute. A Motion to Compel is the criminal equivalent to a civil injunction since definitionally they are the same in that they require the compulsion power of the Court to force a party to do something, such as the testing of evidence. Noticeably the Government does not explain how Judge Duffy is able to overrule an order from the Chief Judge of the Eighth Circuit, presumably because the Government knows that is a legal impossibility.

28. The Government also completely fails to address any of the specific factual Judicial misconduct issues raised by Defendant in her pleading. The Court presents the position that District Court judges are randomly assigned, but that has not been Defendant's experience in this case. The Government does not explain or answer why Judge Viken abruptly removed himself from Defendant's case after filing an unreasonable trial schedule.

29. The Government does not explain why Judge Schreier removed herself as trial judge after only two weeks or explain how it was decided that Judge Piersol would be assigned as trial Judge. This

rapid changing of District Court Judges in Defendant's case, without any cause, provides clear evidence of misconduct.

30. Defendant's trial should take place in Rapid City, South Dakota, since that location is closest to the location of the alleged offense. Defendant is entitled to a "jury of her peers" but Judge Piersol designated the place of trial as Deadwood, South Dakota, where there is no regular Federal Court scheduled. None of these actions by the Judges assigned to Defendant's case have been fair, reasonable or without the appearance of bias. If there was a basis for the trial to be held in Deadwood then Judge Piersol should have contacted the parties and discussed the matter at a status conference or other hearing where legal argument could have been made. This would have been an appropriate process to change the trial venue but to do so without good cause, legal reason or opportunity for legal argument is yet more evidence of bias towards this Defendant.

WHEREFORE Defendant respectfully prays this Honorable Court for its Order to Compel Fed. R. Crim. Pro. 16. Discovery, timely *Brady,* and *Giglio* Disclosure and for Additional Relief as detailed in the body of this Motion.

Dated this 27th day of July 2023

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email: Heather.Sazama@usdoj.gov