UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>SUPPLEMENTAL MOTION TO DISMISS<br><br>AND FOR ALTERNATIVE RELIEF |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Lawrence L. Piersol
United States District Judge
Rm 202 United States Courthouse
400 S. Phillips Avenue
Sioux Falls, SD 57104

Re: Supplemental Motion To Dismiss And For Alternate Relief for the following reasons:

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable Court for Dismissal of the Pending Indictment and For Alternative Relief. This Motion Supplements Defendant's First Motion to Dismiss, Docket No. 238 with additional Facts, Evidence and Legal Argument and should be granted for the following reasons:

**THE UNITED STATES LACKS JURISDICTION IN THIS CASE AND THE ENTIRE RECORD OF THIS MATTER IS REPLETE WITH FALSE GOVERNMENT STATEMENTS, FALSE**

**DOCUMENTS, KNOWN FALSE TESTIMONY AND OTHER MISCONDUCT BY PROSECUTORS AND OTHER OFFICIALS ACTING UNDER COLOR OF LAW AS DETAILED IN THIS SUPPLEMENTAL MOTION TO DISMISS**

1. Count IV alleges that Defendant made a false statement to corrupt former tribal investigator Puckett in alleged violation of 18 USC § 1001.

2. The Government now concedes that this alleged false statement does not relate in any way whatsoever to the shooting of alleged victim Carmen Burgee. The Government, in its Response to Defendant's Motion to Compel, Docket No. 248, at page 5 states: "The defendant is not alleged to have been involved in any way in George Dull Knife's shooting of Carmen Burgee and her vehicle on August 5, 2020."

3. This admission by the Government of Defendant's complete lack of involvement in any crime relating to Carmen Burgee also establishes that Ms. Burgee is not an alleged "victim" in relation to Defendant's case. At most, Ms. Burgee is a witness in the case. Ms. Burgee should not be given additional legal status that is completely irrelevant to the Defendant's case. The Defendant moves this Honorable Court order the Government to cease referring to Ms. Burgee as a victim of this Defendant since the Government clearly concedes that she is not.

4. The Government clearly knew that this shooting did not occur at the Dull Knife Property. On Wednesday, September 30, 2020, the Government appeared at a pretrial hearing in 6:20-mj-00243-MK. Document 14 of that record is a reporter's transcript of a hearing before Magistrate Judge Mustafa Kasubhai (See Docket No. 252-1, Defendants Exhibit A at page 9 and 10). The following exchange takes place with the Court: AUSA Huynh: "My understanding is the victims went to Mr. Dull Knife's house to pickup a child, and the mother of that child, the victim was with his mother in the vehicle. They left because they were told that the person, the mother of the child, was not ready to leave and to come back in an hour, which they were doing. Then the defendant, in another vehicle, he was not in the house at the time, chased them in his vehicle and

==fired many rounds.== As they got close to the highway, he pushed them up into another location to fire even more rounds."

5. It is quite apparent from this statement by the Government that they were well aware by September 30, 2020, that the shooting did not occur at the Dull Knife residence, which explains exactly why the Defendant knew nothing about it and is unmistakable evidence of Defendant's innocence. That the Government proceeded with this case knowing that the Defendant was completely uninvolved is the worst kind of outrageous Government misconduct and should require an immediate investigation of the Government lawyers involved.

6. Such an investigation is governed by South Dakota Local Rule 44.1, G.2.c. and is required by the unambiguous evidence of Government misconduct in this case. AUSA Sazama, AUSA Patterson and potentially USAO employee Sandy Koedam (see below) have deliberately lied to this Court and the Eighth Circuit Court of Appeals. These lies include the following false statements:

    a. That the shots were fired by an AR15 rifle when the Government knew that was not true.
    b. That the shots were fired by an AR15 rifle and that justified a search of the Dull Knife residence when they knew, or should have known, from a cursory review of the spent bullet that it came from a pistol. Instead of acting in good faith about this problem the Government and Defendants prior Court appointed counsel conspired to keep this secret.
    c. AUSA Sazama told the Court that there is no evidence in the case besides what had already been provided, when she knew that was completely false. The Defendant provided clear evidence that there is a spent bloodstained bullet that was located on the passenger floormat of the Burgee vehicle, see Docket No. 247-3, Defendants Motion To Compel, Exhibit C, page 5, clearly showing a spent bullet on the floormat of the Burgee vehicle, image DSC_0149, Discovery page number Dull Knife et al 0282:





DSC_0149

Comments:

d. The Government then changed its position completely, admitted that it had the spent bullet but then pretended that it was a bullet fragment. That was another lie presented to Magistrate Duffy, the biased Judge who immediately rubber stamped the Government's position even though it is inconsistent with the evidence. As can be clearly seen, the image is of a complete spent bullet.

e. In addition, the only expert known to have looked at this image (since the Government has deliberately failed to examine it) provided the following declaration regarding his opinion: "that the bullet in the photograph appeared to be a pistol bullet, not a rifle bullet. I informed Mr. McCoy that it would be possible to distinguish a pistol bullet from a rifle bullet by means of a personal physical examination." The only expert to have looked at the photographic evidence thus far informs the Court, under oath, that the spent bullet is not a bullet fragment and appears clearly to be a pistol bullet and not from an AR15. AUSA Sazama and Magistrate Duffy are not qualified as firearm or ballistics experts who can provide any opinion about the nature of this evidence.

f. This evidence was provided to this Defendant in discovery and is clearly relevant to the case. It is relevant to Defendant's Motions to Dismiss; it is relevant to additional Motions relating to Misconduct and it is relevant to Defendant's trial. The Government's witness, jailhouse informant Ian Dull Knife provided a false tape-recorded statement to corrupt former tribal police officer Puckett that he saw George Dull Knife shoot at the vehicle about twelve times and then hand the rifle to Defendant. The Government is likely to call Ian Dull Knife as a trial witness and the Defendant needs to be able to establish at trial that not only is Ian Dull Knife lying but that the Government knew he was lying from the beginning of this case. The Defendant notes that it is Ian Dull Knife who should have been charged with making false statements.

g. AUSA Sazama disrespects this Court and the Eighth Circuit Court of Appeal by ignoring the existence of a valid Court Order requiring the testing of said bullet. Defendants Notice of Appeal Re Magistrate Duffy's Denial of Defendant's Motion To Compel Docket No.'s 251 and 247 to District Court Judge Piersol, Exhibit B, Docket No. 252-2 presents the evidence demonstrating that Defendant filed a CJA Motion for Testing, that it was granted by the District Court Judge, Judge Schreier and that additional information was provided to Chief Judge Lavenski R. Smith and that Judge Smith signed the Court Order for said testing on June 23, 2023. As this Court can clearly see, Defendant's Motion incorporated a prayer for an Order requiring the Government to cooperate with this testing, which was granted. This Court is required to abide by Judge Lavenski R. Smith's Order for Testing, CJA Voucher Number 0869.1570985.

h. The Government's continuing to ignore this valid order damages the Defendant's right to prepare for trial and therefore violates the United States Constitution.

i. The Government knows that corrupt former tribal police officer Puckett is a liar and he caused or conspired with Ian Dull Knife, a jailhouse informant, to provide a statement that was fabricated. This fabricated statement repeated the lie about the AR15 rifle but

    also that the shooting took place at the Dull Knife residence when the Government knew that was not true, as it now admits.

   j. It appears that the Government and this Court are willing to overlook Puckett's misconduct in this case, possibly because this will raise questions about other cases that this corrupt former policeman has been involved with. Whatever these reasons are, they are not a good basis to violate this Defendant's rights to a fair trial, due process and equal protection of the laws.

   k. AUSA Sazama repeatedly changes her position in relation to this case. AUSA Sazama is fully aware that she brought false charges against this Defendant and now needs to try and justify that in order to protect herself from potential repercussions. This creates a conflict of interest and in any normal situation AUSA Sazama should have removed herself and requested assignment of a new AUSA.

7. The false claim that Defendant lied to corrupt former tribal investigator Puckett cannot and does not relate in any manner to the offense that could have provided the United States with jurisdiction because whatever this supposed lie was it could never be material to the offense under investigation. Corrupt former tribal police officer Puckett was investigating an alleged shooting at the Burgee vehicle. The Government admits the Defendant had absolutely nothing to do with that shooting (See paragraph 2 above). The Government also admits that the shooting did not take place at the Dull Knife residence (See paragraph 4 above). 18 U.S.C. § 1001 was expressly amended in 1996 to add materiality as an element under each of the three clauses in subsection (a). This resolved a conflict among the courts on that issue. See, e.g., *United States v. Corsino*, 812 F.2d 26 (1st Cir. 1987); *United States v. Elkin*, 731 F.2d 1005 (2d Cir. 1984). Because any alleged false statement, which Defendant denies, must be unrelated to the shooting of the Burgee vehicle such statement cannot therefore be material to the offense under investigation. This establishes that there is no false statement that the Government can present that meets this materiality test and therefore the Court is required by law to dismiss Count IV.

8. The United States Government only exerts jurisdiction over Indian Country pursuant to the Major Crimes Act. The Government asserts in its Indictment, Count IV, Docket No. 1, that Defendant made two false statements to corrupt former tribal police officer Puckett. The Government knew at the time of the Indictment that both of those claims were false, but in addition it also failed to claim any jurisdiction for this offense pursuant to 18 U.S. Code § 1153 - Offenses committed within Indian country, presumably because the Government knew full well it had no jurisdiction over this offense since it is not an enumerated crime that provides jurisdiction to the federal government.

9. 18 U.S. Code § 1153 - Offenses committed within Indian country enumerates the following specific crimes: "(a) Any Indian who commits against the person or property of another Indian or other person any of the following offenses, namely, murder, manslaughter, kidnapping, maiming, a felony under chapter 109A, incest, a felony assault under section 113, an assault against an individual who has not attained the age of 16 years, felony child abuse or neglect, arson, burglary, robbery, and a felony under section 661 of this title within the Indian country, shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States.

10. This failure to establish jurisdiction requires immediate dismissal of Count IV. The Defendant notes that the Government has also failed to establish corrupt former tribal police officer is a federal agent, since his former employment was with the Oglala Sioux tribe, not the Bureau of Indian Affairs or the federal government.

11. A cursory review of the Government's indictment reveals that the Government is fully aware of this lack of jurisdiction over the Defendant, in contrast to her former co-defendant. Each Count naming George Dull Knife includes an assertion of jurisdiction pursuant to 18 U.S. Code § 1153, whereas each of the two Counts naming this Defendant fail to assert jurisdiction pursuant to 18 U.S. Code § 1153. This lack of jurisdiction pursuant to § 1153 is an independent Ground for Dismissal of this Indictment, with Prejudice.

12. The following are the enumerated indictment offenses relating to George Dull Knife:

   violation of 18 U.S.C. §§ 113(a)(1), 113(a)(3), and 1153, all in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

   Carmen Burgee with intent to commit murder, all in violation of 18 U.S.C. §§ 113(a)(1) and 1153.

   Carmen Burgee with a dangerous weapon, with intent to do bodily harm, all in violation of 18 U.S.C. §§ 113(a)(3) and 1153.

13. In contrast, the following are the enumerated indictment offenses relating to the Defendant:

   date to shoot into the vehicle occupied by KT Burgee and Carmen Burgee, all in violation of 18 U.S.C. § 1001(a)(2).

   trial, and punishment, all in violation of 18 U.S.C. § 3.

14. In all Counts against George Dull Knife the Government makes a clear assertion of jurisdiction, pursuant to 18 U.S. Code § 1153 (highlighter added), yet in both Defendant's Counts the Government does not even allege it has jurisdiction pursuant to § 1153. This admission by the Government that it lacks jurisdiction over Defendant requires Dismissal and is yet more evidence that the Government falsely brought a case against Defendant knowing it had no jurisdiction and raises further troubling questions about what the Government asserted before the Grand Jury of this case in order to obtain its charging instrument.

15. Count V requires dismissal on an entirely separate and legally independent basis. The Government falsely claims that Defendant was an Accessory after the Fact in violation of 18 U.S.C. § 3. This appears to be a false claim that the Defendant fled the jurisdiction. Factually this is completely untrue, as the Government is already aware, but it also cannot form the legal basis for such a charge.

16. The Government's illegal efforts to claim jurisdiction appear related to a false document presented to this Honorable Court. Document No. 202, filed in the record of this case is an Arrest Warrant that is a fraudulent document. The ECF entry for this false document says: "Warrant Returned Executed on 9/28/20 in case as to Kimberlee Pitawanakwat. (SKK)(Entered:1/24/2023)." SKK is believed to be Sandy Koedam, an assistant to AUSA Sazama. It purports to show that Defendant was arrested in Rapid City, SD on September 28, 2020. The document appears to be written in two different hands, with the signature of DUSM Joshua Peterson appearing different from the writing at the top, falsely indicating the date and place of arrest. The writing at the top of the false declaration appears to match the handwriting of AUSA Sazama, see for example 5:20-CR-50122-JLV-01 Docket No. 159, as compared to the false document in this case shown below:

>                                                       Return
> This warrant was received on (date) 9/21/2020, and the person was arrested on (date) 9/28/2020
> at (city and state) Rapid City, SD
> Date: 1/24/23                                  _____
>                                                Arresting officer's signature
>                                                DUSM Joshua Petersen
>                                                Printed name and title
>                                                on behalf of unknown
>
>                                                CC USM S1+

17. On September 28, 2020, the Defendant was in custody in Springfield, Oregon and was certainly not in Rapid City, South Dakota. This is yet another false statement made to this Honorable Court by the Government in an apparent attempt to falsely claim jurisdiction. The Court must conduct an appropriate inquiry regarding the origin of this false document, who created it and for what purpose. Remarkably the AUSA assigned to this prosecution and her assistant can make up false documents and then file them with the Court. Both the fake arrest warrant and the real arrest document entitled "Probable Cause Affidavit" are attached to this Motion as Defendant's Exhibit A.

18. As can very clearly be seen, the Defendant was arrested on September 24, 2020, at 1702 hours by Deputy Akin with the Lincoln County Sheriff's Office, in Oregon. An extract from Defendants Exhibit A to this Motion is shown below and the full document includes the Court seal and a notarial certification from the Court Clerk:

```
CASE 20S-02289   DA #_____        COURT CASE #_____

State of Oregon   )
                  )                          PROBABLE CAUSE AFFIDAVIT
County of Lincoln )

I, the undersigned police officer, after first being duly sworn upon oath, do hereby affirm that the
following information is true to the best of my knowledge and belief:     CIRCUIT COURT
                                                                    FILED_____ RECEIVED_____
NAME OF ARRESTEE: ................................ Kimberlee Pitawanakwat
ARRESTING OFFICER: ............................... Deputy Akin              SEP 24 2020
DATE/TIME OF ARREST: ........................... 09/24/2020 at 1702 hours
                                                                  AT_____ O' CLOCK ____M
CRIME(S) ALLEGED:.................................... Fugitive
LOCATION...................................................Takelma Ct/Judd Rd, Siletz, OR
```

19. Defendant was released on September 30, 2020, by order of Magistrate Judge Kasubhai, sitting in Eugene Federal Court in Oregon, subject to conditions. See 6:20-mj-00243, Docket No. 10, dated September 30, 2020. This docket clearly demonstrates that on the same day that the United States Government claims via its forged document that Defendant was arrested in Rapid City, SD, she was in fact making her initial appearance: "Sep 28, 2020, Initial Appearance – Out of District Warrant," according to the docket in the Oregon case. Docket No. 5 of that case, entitled "ORDER OF DETENTION AFTER HEARING (18 USC § 3142(i)) was the initial order of detention, clearly showing that Defendant could not have been arrested in Rapid City, when in fact Defendant was already in custody in Oregon and about to be released by the Oregon Federal Court.

20. The clear record of this case demonstrates repeated misconduct and false statements by the assigned Prosecutors, AUSA Sazama, law enforcement, the Judges assigned to this case and the Court appointed counsel appointed to represent the Defendant. This clear record of misconduct

requires that the case be dismissed with Prejudice and an appropriate investigation be conducted by this Court of the failures revealed by the record of this case.

WHEREFORE Defendant Prays this Court for its Order Dismissing this Indictment And For Alternate Relief Consistent with this Motion.

Dated this 3rd day of August 2023

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com