UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>NOTICE OF APPEAL RE MAGISTRATE<br><br>MAGISTRATE DUFFY'S DENIAL<br><br>OF DEFENDANT'S MOTION TO COMPEL<br><br>DOCKET NO.'s 251 AND 247 TO DISTRICT<br><br>COURT JUDGE PIERSOL |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Lawrence L. Piersol
United States District Judge
Rm 202 United States Courthouse
400 S. Phillips Avenue
Sioux Falls, SD 57104

Re: Defendant Appeals Magistrate Duffy's Order Denying Defendant's Motions to Compel for the following reasons:

**GROUNDS FOR APPEAL**

1. Magistrate Duffy acted Ultra Vires in her Order 251. Magistrate Duffy's authority is limited by Statute, 28 U.S.C. §636(b)(1)(A), which precludes a Magistrate ruling upon an action for injunctive relief. Injunctive relief involves a Court using the Compulsion power to compel a party to do, or not do something. An injunction is the direct civil equivalent of a Motion to Compel, the pleading at issue here, and is not within a Magistrate's delegated authority. Magistrate Duffy cites DSD LR 57.11 but no local court rule can overrule a statutory limit on jurisdiction such as 28 U.S.C. §636(b)(1)(A) and any attempt to do so is void ab initio. Magistrate Duffy mistakenly

calls Defendant's Motion a "Discovery" motion when it is a Motion to Compel Discovery. The discovery process has already failed in this case, which is why the Defendant has filed two separate Motions to Compel Discovery since the Government has told numerous direct lies, with apparent impunity. *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F. 2d 522, 525 (2d Cir. 1990), does not apply to this case because it is a civil matter and discusses civil discovery disputes and not a criminal matter, where the parties have moved beyond a dispute, and the request is to use the compulsion power of the Court to compel the production of the spent bullet for testing. In *Hoar,* the court concedes that the Magistrate is not entitled to decide dispositive motions and in that case the Court made findings and recommendations to the District Court because Hoar had failed to comply with his discovery obligation and the Court's orders to Compel:

> "Hoar objected to the magistrate's report and recommendation. It appealed to the district court. After reviewing Hoar's objections, the district court, by order dated August 29, 1989, agreed with the magistrate's finding of noncompliance. Recalling that its prior order provided for "automatic affirmation" of the magistrate's order of November 29, 1988, the court imposed the Rule 37 sanctions set forth in that order."

The Magistrate had no authority to rule upon a dispositive Motion, such as a Motion to Compel Discovery and the Defendant is entitled to de Novo review of both Motions to Compel by the District Court.

To the extend *Hoar* is authority for any proposition in a criminal case since it is a civil case and does not deal with fundamental individual rights that apply in a criminal case it is that at most the magistrate could make findings and recommendations to the District Court Judge and the Defendant is entitled to de novo review of all matters Defendant objects to:

> "Although a magistrate may hear dispositive pretrial motions, he may only submit proposed findings of fact and recommendations for disposition of the matter. The district court must make de novo determinations as to those matters to which the party has objected. Sec. 636(b)(1)(B)-(C); Fed.R.Civ.P. 72(b). The court "may accept, reject, or

  modify, in whole or in part, the findings or recommendations made by the magistrate." Sec. 636(b)(1)(C); see also Fed.R.Civ.P. 72(b)...

2. Magistrate Duffy has a clear animus and bias against the Defendant, which will be summarized below. This overt bias is based upon Magistrate Duffy's covert racist behavior toward the Defendant and is not indicative of a fair and neutral arbiter of legal or factual disputes, which is required of a federal judge. This racist behavior on the part of Magistrate Duffy is evidenced by her ruling against Defendant upon every single issue that has been presented to her for decision, even issues where the Prosecution has agreed with the Defendant. These rulings are summarized below and provide prima facie evidence of bias, discrimination and racist decision making on the part of Judge Duffy:

  a) Magistrate Judge Wollman recused herself because of bias. Magistrate Duffy still required Defendant to travel 2500 miles roundtrip for a 23-minute hearing. Magistrate Duffy repeatedly prevented Defendant from addressing the Court.

  b) Defendant made an oral Motion for ECF access at said hearing which was immediately denied and Magistrate Duffy said to "file a motion," even though Defendant had no access to the system to file a Motion.

  c) Magistrate Duffy maintained ineffective counsel Frank Driscoll as Defendant's Standby counsel over Defendant's strenuous objection and evidence that he directly lied to the court.

  d) Magistrate Duffy denied Defendant's Motion for a transcript of this hearing because she wants to avoid her record of biased decision making and mistreatment of Defendant becoming known. The court estimate for this transcript was $100 since the Defendant requested it on an expedited basis. Apparently this Defendant is not worth $100 of CJA funding according to Judge Duffy.

e) Defendant filed two Motions to Compel in the instant case, Docket No.'s 240 and 247. In Defendant's 240, Magistrate Duffy did not even allow Defendant to reply, before she issued her biased, legally wrong, and factually wrong ruling.

f) Magistrate Duffy's first hasty denial, Docket 243, makes a number of serious errors. Firstly, Magistrate Duffy blindly accepted the Government argument that all discovery issues have already been litigated when Discovery is a continuing obligation and is never resolved by one ruling. Magistrate Duffy did not know the record of this case because she was not the Magistrate involved in any of these prior decisions. The Defendant had never personally requested access to the discovery until June 5, 2023, which was specifically discussed in Defendant's Motion to Compel, Docket No. 240 at ¶ 21 and 22. Magistrate Duffy deliberately ignored Defendant's pleading and the long history of problems Defendant had with prior counsel, Jonathan P. McCoy.

g) Magistrate Duffy accepts that the local rules allow for exceptions to Local Rule 16.1B and the only stated requirement is the "Court's Permission." The Defendant is presumed to be innocent, there are no allegations that Defendant has been involved in witness intimidation, or any other activity that would preclude this permission being granted. Defendant is in compliance with her terms of pretrial release and has been in compliance for almost three years. This knee jerk denial of Defendant's request for direct access to Discovery violated Defendant's Constitutional rights to access to the evidence, particularly now that Defendant is pro se.

h) Defendant made a prima facie and unrebutted showing that former CI Puckett is no longer a police officer and provided additional information that he was let go for misconduct. Magistrate Duffy ignores such evidence and ignores the repeated

      DPPA notifications that Defendant will receive *Brady* disclosure, yet never requires that the Government provide such disclosure in a timely manner.

i) Magistrate Duffy incorrectly indicates that George Dull Knife's transcript is "not yet publicly available" but that information is directly contrary to the Government's own assertions and the public court record. See Docket No. 224: "RESTRICTED TRANSCRIPT of Proceedings as to George Dull Knife re 158 Change of Plea Hearing." Clearly the Government and the Court are not willing to provide Mr. Dull Knife's statement in clear violation of Rule 16 or the Government wants to "redact" said transcript and remove anything helpful to the Defendant.

j) Magistrate Duffy unconvincingly tries to explain her hasty ruling but then contradicts herself by saying there is "plenty of time" for the Government to disclose that which it is required to disclose by the Constitution, the Bill of Rights, or by other rule or statute.

k) There are numerous other issues that Magistrate Duffy fails to resolve or address in her haste to rule against the Defendant. One example does stand out, however. At page 3, Magistrate Duffy indicates the following: "Finally, the Government represents it has in its possession no physical evidence other than the video recordings referenced above, which have already been provided to Defendant." That direct lie swallowed hook line and sinker by Magistrate Duffy became obvious when the Government was forced to admit it did have the bloodstained bullet, just as Defendant and her expert, Mr. Nixon asserted. Yet more evidence that Magistrate Duffy is completely biased.

l) Magistrate Duffy issued another error filled racist ruling on Defendant's Second Motion to Compel, Docket No. 251. The first noticeable and biased error is the Court's assertion at page 2 that: "the government alleges she lied about Dull

        Knife not being present at his residence on August 5 and that no shooting had occurred on the property on that date."

m) Magistrate Duffy's statement is completely contradicted by the Government in its Response, Docket No. 248, at page 5 where the Government states: "The defendant is not alleged to have been involved in any way in George Dull Knife's shooting of Carmen Burgee and her vehicle on August 5, 2020."

n) Yet further evidence exists that this shooting did not occur at the Dull Knife Property. On Wednesday, September 30, 2020, the Government appeared at a pretrial hearing in 6:20-mj-00243-MK. Document 14 of that record is a reporter's transcript of a hearing before Magistrate Judge Mustafa Kasubhai and which is attached as Defendant's Exhibit A to this pleading. At page 9 and 10 the following exchange takes place: AUSA Huynh "My understanding is the victims went to Mr. Dull Knife's house to pickup a child, and the mother of that child, the victim was with his mother in the vehicle. They left because they were told that the person, the mother of the child, was not ready to leave and to come back in an hour, which they were doing. ==Then the defendant, in another vehicle, he was not in the house at the time, chased them in his vehicle and fired many rounds.== As they got close to the highway, he pushed them up into another location to fire even more rounds." It is quite apparent from this statement by the Government that they were well aware by September 30, 2020 that the shooting did not occur at the Dull Knife residence, which explains exactly why the Defendant knew nothing about it and is clear evidence of Defendant's innocence and that Magistrate Duffy is completely wrong in her summary of the case at l) above.

o) Magistrate Duffy cites the former co-defendant's entry of guilty plea as if it is somehow evidence against the Defendant when it is not. The Defendant absolutely asserts that she is innocent in this case and her former co-defendant's

involvement is completely irrelevant and separate from the Defendant's right to a fair trial. In addition, the Government acknowledges that this shooting took place at some other location, see n. above.

p) Magistrate Judge Duffy has refused to sign a CJA order for transcript of the 23 minute in person hearing because that transcript would show that Magistrate Duffy disrespected the Defendant, talked over the Defendant, automatically denied the Defendant's oral motion and generally treated Defendant in a racist and disrespectful manner. Having forced Defendant to appear in person, even though Defendant filed an appropriate motion to appear by video, the hearing then only lasted 23 minutes, making it quite clear that Magistrate Duffy is not concerned with upholding Defendant's rights.

q) Generally speaking, there are many authorities that suggest that a pro se litigant should be given latitude with complex court rules, like the local rules. Instead of applying any latitude, Judge Duffy uses those rules against the Defendant, and pretends somehow that a local court rule has the same authority as *Brady*, the Federal Rules of Criminal Procedure, the United States Constitution, or the Common Law of the United States. The Defendant has made a good faith effort to resolve these issues with the Government, but the Government, and the Court, keeps lying about the record of the case.

r) The Defendant's right to access and test the spent bullet is governed by the Federal Rules of Criminal Procedure, Rule 16: "Pursuant to Fed. R. Crim. Pro. 16:

> "the government must permit the defendant to inspect and . . . photograph . . .tangible objects . . . ==if the item is within the government's possession, custody, or control and: (i) the item is material to preparing the defense==;…

This requires the Government to turn over to the defense evidence material to the charges at issue. This is required by case law such as *Yates v. United States*, 574 U.S. 528, 539 (2015) which upholds an expansive reading of the meaning of tangible objects as used in Rule 16.

s)  It is uncontroverted that the Government asserted to the Court that the weapon used in this case was an AR15 rifle. That lie was presented to the Court in order to support the issuance of a search warrant and arrest warrants. It was likely also presented to the Grand Jury in this case even though the Government knew at all material times that this was false. Magistrate Duffy cannot therefore enter a finding that this is irrelevant to Defendant's case.

t)  The spent bullet is both relevant to the case, relevant to Motions to Dismiss, Motions to Suppress, Motions relating to Outrageous Government Misconduct and Outrageous Court Conduct and in limine trial Motions that the Defendant wishes to file. It is also relevant to directly rebut the statement of Ian Dull Knife, a jailhouse informant and Government witness.

u)  Magistrate Duffy does not have the authority to preclude testing that has already been authorized by District Court Judge Schreier and Judge Lavenski Smith, the Chief Judge of the Eighth Circuit Court of Appeals. Defendant submitted her Motion for Expert Funds via the Court Clerk on June 14, 2023, together with a declaration from defense expert, John Nixon. That Motion exceeded the District Court maximum, so Defendant filed an additional e-voucher via the Clerk's office also on June 14, 2023. On June 15, 2023, District Court Judge Shreier approved Defendant's motion and it was submitted for Eighth Circuit review and approval. That approval was received on June 26, 2023. The record of these email submissions to the Court and correspondence about this are attached to this Motion as Exhibit B. When Judge Lavenski Smith signed the CJA Order on June

23, 2023, Defendant's Motion was granted and it required this Court to comply with the following Motion for "an Order directing the Government to provide Mr. Nixon necessary access to all discovery and physical evidence necessary for non-destructive testing of the spent bullet." Thus, the Defendant's Motion for Expert Funds has already been granted and Magistrate Duffy and this Honorable Court are required to comply with Judge Lavenski R. Smith's existing order.

v) Magistrate Duffy ignores the clear issues with corrupt former CI Puckett. Although the Magistrate accepts that Puckett is no longer an officer since that is unrebutted by the Government, she ignores the additional information provided by the Defendant, that she was told that Puckett was fired for misconduct, which is core *Brady* information. Magistrate Duffy also ignored the Due Process Protections Act and its application to this case. The repeated warnings provided in the record of this case is that the Government is required to provide "timely" Brady disclosures, but this Court feels that disclosure of the obvious corruption at work in this case is "timely" some three years after the case began. Such disclosure is not timely within any reasonable definition of that word.

3. The Defendant is entitled to De Novo review of Defendant's Motion to Compel, Docket No.'s 240 and 247. Magistrate Duffy should recuse herself from any further consideration of the Defendant's case because the record demonstrates a racist bias and animus towards the Defendant that is not consistent with her obligation to be a neutral arbiter of the law and factual disputes involved in this case.

WHEREFORE Defendant respectfully Appeals Magistrate Duffy's Order Docket No. 251 and prays this Honorable Court for its Order to Compel Fed. R. Crim. Pro. 16. Discovery, timely *Brady,* and *Giglio* Disclosure and for Additional Relief as detailed in the body of this Motion.

Dated this 2nd day of August 2023

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email: Heather.Sazama@usdoj.gov