UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA | 5:20-CR-50122 |
|---|---|
| Plaintiff | NOTICE OF APPEAL RE MAGISTRATE |
| v. | MAGISTRATE DUFFY'S DENIAL |
| | OF DEFENDANT'S MOTION TO COMPEL |
| KIMBERLEE PITAWANAKWAT | DOCKET NO.'s 251 AND 247 TO DISTRICT |
| Defendant | COURT JUDGE PIERSOL |

# EXHIBIT B

 **Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>**

---

## U.S. v. Kimberlee Pitawanakwat 520CR50122
7 messages

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>            Wed, Jun 14, 2023 at 1:19 PM
To: shaunna_tellinghuisen@sdd.uscourts.gov

Dear Shaunna,

Thank you very much for explaining something about the separate CJA voucher system for experts and investigation requests.  Attached is the estimate I received from Mr. John Nixon regarding his testing of the spent bullet at issue in my case, plus a copy of what I filed, via Standby counsel yesterday, which contains a declaration from Mr. Nixon and his CV.  I am not sure whether you need that or not, but it explains the basis for this request and also why it has been so delayed, so I wish to include it.  I note that Mr. Nixon wishes to have the spent bullet shipped to him via Fed Ex or UPS tracked mail and has a secure vault to store it that is electronically monitored at all times.

I will send a letter to AUSA Sazama asking for her position on the shipment of the bullet, since if she refuses I assume that I will have to file a motion with the court for an order, or additional funds to allow Mr. Nixon to travel to a suitable facility where he can examine it.

The original estimate I provided the Court was high, I think because Mr. Nixon was planning to review the discovery and undertake additional work, but this is a more limited engagement.

Thanks again for your assistance and please let me know of any errors I am making or additional information you need from me.

Respectfully,


Kimberlee Pitawanakwat

---

**2 attachments**

 **Motion for Expert Funds.pdf**
10677K

 **Estimate 13 June 2023.pdf**
438K

---

**Shaunna Tellinghuisen** <Shaunna_Tellinghuisen@sdd.uscourts.gov>       Wed, Jun 14, 2023 at 2:31 PM
To: Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>

Good Afternoon,


The statutory maximum for expert services is $2800. If an expert is going to exceed that amount the attached form needs to be submitted in addition to all other materials. These requests are reviewed by the 8th circuit and they require this form.


Please complete and return to me and I will get you request submitted.

https://www.sdd.uscourts.gov/content/cja-advance-authorization-attorney-signature

Please call if you have any questions.



**Shaunna Tellinghuisen**
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012

---

**From:** Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>
**Sent:** Wednesday, June 14, 2023 2:20 PM
**To:** Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>
**Subject:** U.S. v. Kimberlee Pitawanakwat 520CR50122


**CAUTION - EXTERNAL:**

[Quoted text hidden]

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>                    Wed, Jun 14, 2023 at 3:05 PM
To: Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>

Thank you, will do.
[Quoted text hidden]

---

**2 attachments**


Shaunna Tellinghuisen
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012                    **image001.png**
81K


Shaunna Tellinghuisen
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012                    **image001.png**
81K

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>     Wed, Jun 14, 2023 at 3:36 PM
To: Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>

Shaunna,

Thanks, please see the attached completed evoucher for the 8th Circuit providing additional information.  Please let me know if you think this is sufficient or whether I need additional information.

Respectfully,

Kimberlee Pitawanakwat
[Quoted text hidden]

 **Nixon E Voucher Advance Authorization Attorney Signature eVoucher (Recovered).rtf**
3K

---

**Shaunna Tellinghuisen** <Shaunna_Tellinghuisen@sdd.uscourts.gov>     Thu, Jun 15, 2023 at 10:50 AM
To: Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>

I have submitted your request for expert to the District Judge.

If/when the request is approved it will then go to the 8th circuit for approval since the requested amount exceeds the statutory maximum of $2800.

If/when the 8th circuit approves the request I will then let you know that they funds have been approved.

Please let me know if you have any questions.

[Quoted text hidden]

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>     Thu, Jun 15, 2023 at 10:57 AM
To: Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>

Thank you for the update.
[Quoted text hidden]

---

**3 attachments**

 **image001.png**
81K

 **image001.png**
81K



Shaunna Tellinghuisen
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012

**image001.png**
81K

---

**Shaunna Tellinghuisen** <Shaunna_Tellinghuisen@sdd.uscourts.gov>          Thu, Jun 15, 2023 at 2:02 PM
To: Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>

Your request has been approved by the District Judge.


You request for ballistics expert is now pending approval by the 8th circuit judge.

[Quoted text hidden]

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | MOTION FOR CJA FUNDING TO RETAIN |
| v. | FORENSIC FIREARMS AND BALLISTICS |
| | EXPERT AND ORDER FOR EXPERT |
| KIMBERLEE PITAWANAKWAT | ACCESS TO THE DISCOVERY AND |
| Defendant | EVIDENCE |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.

Re: Motion for CJA funding to Retain Forensic Firearms and Ballistics Expert and Order For Defense

Access to the Discovery and Evidence for the following reasons:

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable

Court for Criminal Justice Act funds to retain Mr. John Nixon, a ballistics expert and for an Order

directing the Government to provide Mr. Nixon necessary access to all discovery and physical evidence

necessary for non-destructive testing, including the spent bullet and for the following reasons:

1. Mr. Nixon is a qualified expert in firearms and ballistics. Please see Mr. Nixon's Declaration and
   Curriculum Vitae, attached to this Motion as Exhibit A.

2. I first located Mr. Nixon in approximately September or October 2021 when I was represented by Mr. McCoy. Mr. McCoy told me that he would file a motion to retain an expert if I could locate someone suitable. With some assistance I was able to locate Mr. Nixon and ask him about working on the case. Mr. Nixon was willing to assist and then spoke to Mr. McCoy about evaluating the spent bullet that was located in the alleged victim's vehicle in the front passenger footwell. Mr. McCoy eventually refused to file the motion and made all kinds of excuses why he would not do so, even though I told him that I wanted to conduct the testing.

3. Mr. Nixon has provided a Declaration, which is attached to this Motion, explaining that he "communicated to Mr. McCoy that it would be possible to distinguish a pistol bullet from a rifle bullet and that microscopic examination could result in a short list of brands and models of firearms that could have fired that bullet.," see Defendant's Exhibit A, page 1, paragraph 5. This communication took place in October 2021, but I was completely unable to get Mr. McCoy to file such a motion or then later with Mr. Driscoll who would not even discuss it with me, even though I sent him a five-page letter with outstanding work that needed to be done on my case to prepare for trial. It is possible that Mr. Driscoll was too busy with other cases he was working on.

4. Attached to this Motion is Defendant's Exhibit B, which is the letter I sent Mr. Driscoll on April 21, 2023, setting out the necessary work on my case, including references to retaining Mr. Nixon to conduct forensic testing, including testing the spent bullet, please see page 2 and 3 of Exhibit B where I detail a number of steps necessary to get the case ready for trial. It took me a long time to write the letter, which I began in March but was sick with COVID and finally sent it by certified mail in April. I would have sent it by email but unfortunately, at that time, Mr. Driscoll refused to accept emails from clients. I received no response to my letter from Mr. Driscoll.

5. Instead, on May 26, 2023, Mr. Driscoll violated my Attorney Client Privilege by writing a four-page letter to Magistrate Judge Wollmann, personally attacking me, and presenting inaccurate information to the Court. At approximately the same time that Mr. Driscoll sent this letter to the Court, Magistrate Judge Wollmann issued an order suggesting that I might be using "abusive" or

"delaying tactics." Ultimately Judge Wollmann independently decided to recuse herself from the case. However, the communications attached to this Motion make clear that I have consistently done everything I can to move this case ahead and get the work needed done to prepare my case for trial.

6. In Mr. Driscoll's letter, Exhibit C, Mr. Driscoll says:

"Ms. Pitawanakwat also claims that I have refused "to get the evidence tested." That statement is true but is because there is no evidence, such as the weapon that Mr. Dull Knife allegedly used to assault Ms. Burgee, that needs to be tested in order to defend Ms. Pitawanakwat in the Government's case against her. Ms. Pitawanakwat also claims that I have refused "to file motions." That statement is also true, because I am not aware of any issues for which any motions need to be prepared and filed. Ms. Pitawanakwat also claims that I refused "to subpoena witnesses." Although the decision time for requesting subpoenas has not yet arrived, I am only aware of one potential witness who might need to be subpoenaed to testify for the defense. Ms. Pitawanakwat has not told me specifically of anyone who she thinks should be subpoenaed or explained to me why she thinks their testimony would be helpful." See Exhibit C to this Motion pages three and four.

7. Mr. Driscoll has repeatedly misinformed the Court and provided information that is not accurate. There are many potential witnesses that need to be interviewed and several witnesses that I will need to call at trial for the Defense. There are several additional motions that I plan to file that are directly relevant to the defense of this case but are beyond the scope of this motion but are matters that I discussed with both Mr. McCoy and Mr. Driscoll as can be seen from my five-page letter to Mr. Driscoll. I also have extensive records of my communications with Mr. McCoy that I can provide to the Court to establish that any delay up to now has been caused by the deficiencies of my prior court appointed counsel and are not attributable to me.

8. For example, I have repeatedly requested access to a copy of Isaiah Crow's bodycam footage and dashcam footage in a format that is viewable to me. The previous copies have not been viewable. I have not requested direct access to this information but supervised access at the Federal Public Defenders office here in Oregon, where I had already viewed evidence for approximately 20 plus hours.

9. The other misrepresentations in Mr. Driscoll's letter to the Court are beyond the scope of this Motion. I have requested Mr. Driscoll's assistance by email in the filing of motions, while my motion for ECF access was pending with the Court. Mr. Driscoll has not responded to any of my emails, but he did contact me during the preparation of this instant Motion and advised me that he did file my Motion for ECF access and that it was granted. I am grateful for his assistance with that matter and for the Court's text order granting the Motion.

10. I continue to request Mr. Driscoll's assistance with the filing of my Pro Se Motions until I can be provided with the credentials necessary to allow me to access the system, particularly given the current pressing deadlines.

11. Mr. Nixon previously provided me with an estimate of $7,000 to undertake all the work needed to conduct this testing, which is necessary for the defense of this case. I therefore respectfully move this Honorable Court to make Criminal Justice Act funds available for this purpose.

12. Contrary to Mr. Driscoll's and Mr. McCoy's claims, this work is essential to present a defense at trial. In Count IV of the Indictment, I am accused of making a false statement to former OSTPS CI Puckett. In the Government's Memorandum in Opposition to Defendant's Motion to Sever, See Docket No. 151 at the bottom of page three and top of page four the Government states:

> "the defendant making false reports to law enforcement that the co-defendant had not been present at their shared residence on the date of the alleged assaults and that no shooting occurred on the property, when the defendant knew those statements to be untrue."

13. It is clear from the Government's pleading that they will attempt to prove that Mr. George Dull Knife was present at the house and that I was aware of a shooting on the property. The Government's primary witness in this case is a jailhouse informant named Ian Dull Knife, who was interviewed in the jail by CI Puckett, and upon information and belief released from jail. Ian Dull Knife's statement was audio recorded. Ian Dull Knife told former CI Puckett that he witnessed George Dull Knife shoot at the Burgee vehicle multiple times with an AR15 rifle and that he saw George Dull Knife give the AR15 to me.

14. If testing conducted by Mr. Nixon can establish that the spent bullet (which appeared to be bloodstained from the photos I saw in discovery) found in the Burgee vehicle did not come from an AR15 weapon it will establish that Ian Dull Knife is lying about this crucial fact and will cause other significant issues for the Government's case. The search warrant issued in this case was founded upon a probable cause affidavit from an FBI agent who asserted that the weapon used in this shooting was an AR15 rifle, so testing by Mr. Nixon may undercut the Government's probable cause for the original search.

15. This Motion is made to correct the record previously made by Defendant's court appointed counsel and establish that Defendant has consistently requested investigation and examination of the evidence in this case to prepare the case for trial. This motion is not made for the purpose of delay.

WHEREFORE Defendant prays this Court for its Order for Criminal Justice Act funds to retain Mr. John Nixon, a ballistics expert and for an Order directing the Government to provide Mr. Nixon necessary access to all discovery and physical evidence necessary for non-destructive testing of the spent bullet.

Dated this 13th day of June 2023

///
///

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

cc: Heather Sazama, Assistant United States Attorney, District of South Dakota, via email:
Heather.Sazama@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA | 5:20-CR-50122 |
|---|---|
| Plaintiff | MOTION FOR CJA FUNDING TO RETAIN |
| v. | FORENSIC FIREARMS AND BALLISTICS |
| | EXPERT AND ORDER FOR EXPERT |
| KIMBERLEE PITAWANAKWAT | ACCESS TO THE DISCOVERY AND |
| Defendant | EVIDENCE |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.

Re: Motion for CJA funding to Retain Forensic Firearms and Ballistics Expert and Order For Defense

Access to the Discovery and Evidence:

# EXHIBIT A

## UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH DAKOTA

## WESTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| **Plaintiff** | : | |
| **v.** | : | **CRIMINAL CASE # 5:20-CR-50122** |
| **KIMBERLEE PITAWANAKWAT** | : | |
| **Defendant** | : | |

## DECLARATION OF JOHN NIXON

### Value of Projectile Evidence Examination

1. My name is John Nixon.

2. I am a Board Certified Forensic Engineering Scientist specializing in weapons systems research & litigation support. I have technical expertise in the areas of firearms, ballistics, ammunition, munitions, explosives, and related areas. My Board Certification is issued by the International Board of Forensic Engineering Sciences (IBFES), an organization Accredited by the Forensic Specialties Accreditation Board (FSAB).

3. My education and experience are set forth in my Curriculum Vitae, dated December, 2022, which is attached to this Declaration. I certify that the information within that document is correct and constitutes an accurate synopsis of my education, training, and experience.

4. During October of 2021 I conversed with attorney Jonathan P McCoy Esq on several occasions regarding possible examination of a bullet (projectile) recovered during the investigation of the above captioned matter. I sent Mr McCoy a copy of my CV.

5. I communicated to Mr McCoy that it would be possible to distinguish a pistol bullet from a rifle bullet, and that microscopic examination could result in a shortlist of brands and models of firearms that could have fired that bullet.

6.  I heard nothing more from Mr McCoy.

7.  In January of 2023 I was contacted by the Defendant and communicated the same information that I had previously provided to Mr McCoy.

8.  A microscopic examination of the recovered bullet may result in a determination of caliber and a shortlist of candidate firearms that fired that projectile. Analysis of trace evidence on the bullet may lead to further determinations relating to the history of that projectile.

9.  I swear under penalties of perjury that all of the above representations are true.


John Nixon


Signature

4 June 2023

Copyright ARC 2023          Commercial in Confidence          Version 7.03, Dec 2022

# *A*thena *R*esearch & *C*onsulting LLC

PO Box 66, Bippus, Indiana 46713, USA.

Tel 260 344 1314



## Curriculum Vitae (v7.03, December 2022)

### Eur Ing John Nixon
CEng  D-IBFES  BEng(Hons)  MBA  FIMechE  FCMI
**Board Certified Forensic Engineering Scientist**

**Summary**
Specializing in weapons systems research, consulting, and litigation support. Technical areas include firearms, ballistics, ammunition, munitions, explosives, plus related crime & accident scene reconstruction, and intellectual property. Provided sworn testimony over 100 times in numerous US state & federal courts. Published & presented numerous research papers, and delivered many training seminars to attorneys, forensic scientists, engineers, law enforcement, and investigators. Certified Range Safety Officer and Pistol & Personal Protection Instructor.

**Professional Qualifications & Memberships**
2016  Diplomate; International Board of Forensic Engineering Sciences (D-IBFES).
2013  Fellow; American Academy of Forensic Sciences (F-AAFS).
2011  Fellow; Chartered Management Institute (FCMI).
2005  International Society of Explosives Engineers (ISEE).
2001  Professional Licensed Member of National Society of Professional Engineers (NSPE).
2001  Registered Professional Engineer with FEANI (Eur Ing) (approx 30 countries).
2000  American Society of Mechanical Engineers (ASME).
1999  Fellow; Institution of Mechanical Engineers (FIMechE).
1997  Founder Member; Expert Witness Institute (MEWI) (past member).
1995  Vetted by the UK Law Society (expert consultant / expert witness).
1992  Institute of Materials (MIM).
1992  Qualified as a Chartered Professional Engineer with the British Engineering Council (CEng).

**Offices Held & Awards**
2021 - 2022       AAFS, Andrew H Payne Jr Special Achievement Award.
2020 - 2022       Vice President, International Board of Forensic Engineering Sciences.
2016 - 2017       AAFS, Engineering Sciences Section, Founder's Award.
2016 - 2017       AAFS, Engineering Sciences Section, Chair.
2015 - 2016       AAFS, Engineering Sciences Section, Chair.
2014 - 2015       AAFS, Engineering Sciences Section, Secretary.
2009 - 2010       Indiana Society of Professional Engineers, State President.
2007 - Present    Indiana Society of Professional Engineers, Anthony Wayne Chapter President.

Commercial in Confidence

Case 5:20-cr-50122-LKS Document 23-2 Filed 06/10/23 Page 16 of 41 PageID #: 1142

## Employment History

| | |
|---|---|
| 2000 – Now | Consultant with ARC<br>(technical & forensic research & consulting - firearms / munitions / reconstruction) |
| 2000 – 2004 | Adjunct Professor at Indiana Institute of Technology, lecturing advanced courses on BA & BSc degree programs. |
| 1996 - 2000 | Self-employed consultant in UK (technical, forensic, and business consulting) |
| 1986 -1999 | United Kingdom Ministry of Defence, Whitehall, Westminster, London.<br>Scientist / professional engineer / project manager - working on guns, ammunition, missiles, rocketry, and energetic materials (explosives & pyrotechnics). Projects involved research, design, development, performance assessment, mid-life improvement, reverse engineering, and forensics. |

## Academic Qualifications

| | |
|---|---|
| 1997 | Henley Business School, Reading University /Henley Management College, Brunel University Master's Degree in Business Administration (MBA) |
| 1990 | University of Greenwich, London, UK / Thames Polytechnic / Woolwich Polytechnic Bachelor's Degree in Mechanical Engineering (BEng: - with First Class Honors). Recognized in the US under the terms of the Washington Accord |

## Supplementary Education and Training

| | |
|---|---|
| 95-97 | Courtroom skills and report writing training courses from Bond Solon and The Academy of Experts. |
| 86-99 | Various internal and external training courses in areas such as safety, procurement management, space technology, desert survival, counter terrorism tactics, risk management, etc. |
| 86-92 | Various military technology and tactics training courses undertaken at **Royal Military College of Science** - RMCS (Cranfield University Defence Academy of the UK). These included explosives technology, ordnance and munitions design, IED design & construction, plus extensive training in ammunition & ballistics (internal, intermediate, external, and terminal – including wound ballistics). |
| 1982 | Gateshead Technical College, Gateshead, Tyne & Wear, United Kingdom.<br>Non-destructive testing (NDT) technology (3 months). Radiographic, ultrasonic, MPI and dye penetrant techniques. |
| 77-81 | 4 year engineering apprenticeship with British Steel Corporation. (CGLI & TEC qualifications) |

Copyright ARC 2023                    Commercial in Confidence                    Version 7.03, Dec 2022

**Patents / Patent Applications**

GB 9214637.2 Plastic Tail Fin Unit
Describes new fin geometry & materials (and related manufacturing process) which improve long rod tank penetrator terminal performance, and reduce production costs. 9 July 1992.GB 9216295.7 Long Range Artillery Shell
Describes several 155mm artillery shell design concepts capable of extending maximum range to 60km by using base-bleed and rocket technology. 31 July 1992.

Also creator of numerous inventions that were not submitted for patent protection due to security restrictions.

**Partial (allowable) Listing of Research Papers (UK Government 1987 - 1999)**

Sept 99     A Review of Non-Destructive Evaluation Techniques Suitable for Solid Propellant Rocket
            Motors. UK Government Publication.
Apr 99      A Review of Non-Destructive Evaluation Techniques Suitable for Solid Propellant Rocket
            Motors. UK Government Publication.

Plus **at least 18 other bound UK government research / project papers** with classified titles and classified content that cannot be divulged. Individuals with appropriate security clearances may obtain a full listing of titles, and copies, from: Defence Research Information Center, Kentigern House, 65 Brown Street, Glasgow G2 8EX, United Kingdom.

**Publications (non-government)**

Evaluation of mono-molecular surface modifiers applied to bullets and rifle barrels, and their influence on drag, velocity, consistency, accuracy, and copper fouling. Varmint Hunter Magazine, April 1999.

Contributor to article on 32 ACP caliber suitability for self defence. American Handgunner 2002 Tactical Annual.

Major contributor to Beltway Sniper article authored by Janet Rae-Dupree, US News & World Report, October 2002.

Major contributor (including microscope photography) to Newsweek Special Report – 'The Sick World of the Snipers, The Inside Story of an Epic Manhunt. Newsweek, November 4, 2002.

Major contributor to article on 'ballistic fingerprinting' by Kyle Orland, Suburban Newsline (a publication of the University of Maryland) 2002.

An Overview of **Forensic Firearms Engineering**, Indiana Professional Engineer, Volume 69 No 6, November / December 2006, pp14-16.

Case 5:20-cr-50022-LKP Document 2342 Filed 06/04/23 Page 18 of 41 PageID #: 11424

Forensic Firearms Engineering - **Blame Apportionment - Products v Operators**, Indiana Professional Engineer, Volume 70 No 1, January / February 2007, pp13-17.

Forensic Firearms Engineering - **Toolmark Analysis**; Linking Cartridge Cases and Bullets to Individual Firearms. Indiana Professional Engineer, Volume 70 No 2, March / April 2007, pp13-16.

Forensic Firearms Engineering - **Terminal Effects**; The Consequences of Being on the Wrong End of a Firearm. Indiana Professional Engineer, Volume 70 No 3, May / June 2007, pp11-15.

Forensic Firearms Engineering - **Shooting Incident Scene Reconstruction: Part 1** - Bullet Impact Area Identification and Interpretation. Indiana Professional Engineer, Volume 70 No 4, July / August 2007, pp13-16.

Forensic Firearms Engineering - **Shooting Incident Scene Reconstruction: Part 2** - Bullet Hole ID and Distance Determinations. Indiana Professional Engineer, Volume 70 No 5, Sept / Oct 2007, pp13-14.

Forensic Firearms Engineering - **Shooting Incident Scene Reconstruction: Part 3** - Ejection Pattern Testing & Analysis. Indiana Professional Engineer, Volume 71 No 2, Mar / Apr 2008, pp12-15.

**Forensic Engineering Analysis of Firearm Trigger Incidents**. NAFE Journal, Volume XXV, No. 2, December 2008 (Published May 2010) pp. 119 to 134.

**Forensic Engineering Analysis of Firearm Silencers**, NAFE Journal, Volume XXVI, No. 2, December 2009 (Published October 2012), pp. 39 -50.

Forensic Firearms Engineering - **Employing Hands-on Engineering Skills, Plus Engineering Theory & Calculations, to Analyze & Resolve Complex Design & Safety Liability Issues**, Indiana Professional Engineer, Volume 75 No 4, July / August 2012, pp. 13-27.


**Scientific Paper Presentations and Training Seminars Delivered**

Presented over 50 continuing education courses and scientific papers between 2001 and 2018. Subjects have included firearms, ballistics, wound ballistics, tool mark comparison, ammunition, crime /accident scene reconstruction, explosives, destructive devices. Attendees have included law enforcement, investigators, attorneys, judges, engineers, scientists, medical professionals, law and forensic science students. Courses have been approved for continuing education credit in most states.

| | |
|---|---|
| Nov 01 | **Training seminar on forensic firearms, ballistics, & wound ballistics** at University of Louisville Law School. Accredited for CLE by Kentucky Bar Association. |
| May 02 | **Lectured in forensic firearms and ballistics** at Ohio University Forensic Science School. |
| Apr 03 | **Presented a one day training seminar on forensic firearms, ballistics, & wound ballistics** to 60+ Chicago lawyers and investigators. |
| Sep 03 | **Training seminar in forensic firearms, ballistics, & wound ballistics** in Indianapolis. Accredited for CLE by Indiana Commission on Legal Education. |

| | |
|---|---|
| Oct 03 | **Training seminar on forensic firearms & ballistics** at DePaul University, Chicago. |
| Dec 03 | **Training seminar on forensic firearms, ballistics, & wound ballistics** in Indianapolis. Accredited for CLE by Indiana Commission on Legal Education. |
| Feb 04 | **Training seminar on forensic firearms, ballistics, & wound ballistics** in Indianapolis. Accredited for CLE by Indiana Commission on Legal Education. |
| Mar 04 | **Two training seminars on firearms, ballistics, & wound ballistics** (14 & 15 March 04). NLADA Life in the Balance conference, Memphis Tennessee. Accredited for CLE in most States. |
| Apr 04 | **Keynote Speaker at Emergency Nurses Association Regional Forensic Science Conference**, Memphis TN. Accredited for CLE by the Emergency Nurses Association. |
| Jan 05 | **Firearms & Ballistics for Law Enforcement**, Columbia City Sheriff's Department, Indiana. |
| Mar 05 | **Training seminar on explosives** at the NDIA Annual Conference, Chicago, IL. |
| Mar / Apr 05 | **Two training seminars on Firearms & ballistics**, at the NDIA Annual Conference, Chicago, IL. |
| Oct 05 | **Training seminar on firearms, ballistics**, and wound ballistics at Rochester Institute of Technology NY. |
| Sept 06 | **Two training seminars on firearms, ballistics, & wound ballistics** at the NDIA Conference in Washington DC. |
| Feb 07 | **Accreditation v TQM, Do We Need Either, Do We Need Both ?** Paper Presented at 59th AAFS Annual Scientific Meeting, San Antonio, TX. |
| Apr 07 | **Training Seminar on forensic firearms & ballistics**. at the 70th Annual Convention of the Indiana Society of Professional Engineers, 26 to 28 April 2007. |
| Jun 07 | **Training seminar on firearms, ballistics & wound ballistics.** Maryland Public Defender Annual Training Seminar, 14 to 16 June 2007, Potomac, MD. |
| Feb 08 | **Guru; Demon; Illusionist ? Is it Time for an Overhaul of Expert Qualification Procedures ?** Paper Presented jointly with Maryland Innocence Project at 60th AAFS Annual Scientific Meeting, Washington, DC. |
| Feb 08 | **Impulsive Legislation. Adverse Consequences of Excluding Appropriately Qualified Experts from the Law making Process.** Paper Presented at 60th AAFS Annual Scientific Meeting, Washington, DC. |
| Feb 08 | **Rush to Judgment! Do Some Forensic Scientists Jump to Conclusions, Thereby Facilitating Injustice ?** Paper Presented at 60th AAFS Annual Scientific Meeting, Washington, DC. |
| Jun 08 | **Training seminar on forensic firearms & ballistics**. Washington DC Public Defenders 6th Annual Forensic Science Conference, Gallaudet University, June 12-13 2008. |
| Jul 08 | **Forensic Engineering Analysis of Firearm Trigger Incidents**. Paper presented at NSPE / NAFE Annual Convention, Portland, Oregon. |
| Jul 08 | **Training seminar on forensic firearms, ballistics & wound ballistics**. Indiana Public Defender Counsel, Indianapolis, Indiana. |
| Feb 09 | **Time for Change? The Science & Technology Behind Firearm Trigger Mechanism Evaluation**. Paper presented at 61st AAFS Annual Scientific Meeting, Denver, Colorado. |
| Jan 10 | **Forensic Engineering Analysis of Firearm Silencers**. Paper presented at NAFE Training Seminar, New Orleans, Louisiana. |
| Feb 10 | **Tool Mark Creation and Transfer Issues in Firearms**. Paper presented at 62nd AAFS Annual Scientific Meeting, Seattle, Washington. |

Case 5:20-cr-50122-KES Document 23-2 Filed 06/03/23 Page 20 of 41 PageID #: 1426

| | |
|---|---|
| Feb 10 | **Use of Supplementary Analytical Techniques in Firearm Tool Mark Analyses**. Paper presented at 62nd AAFS Annual Scientific Meeting, Seattle, Washington. |
| Jun 10 | **Forensic Firearms & Ballistics for the legal Profession; a Continuing Education Course for Attorneys, Judges, and Professional Engineers**. Accredited by the Indiana Supreme Court Commission for Continuing Legal Education, and the Indiana Society of Professional Engineers. |
| Jan 11 | **Forensic Firearms & Ballistics for the legal Profession; a Continuing Education Course for Attorneys, Judges, and Professional Engineers**. Accredited by the Indiana Supreme Court Commission for Continuing Legal Education, and the Indiana Society of Professional Engineers. |
| Feb 11 | **Differing Perspectives on the Use of Experts in an Adversarial Litigation System**, Are Experts Misunderstood & Misused ? Are Court Appointed Experts the Ultimate Answer ? Paper Presented jointly with State of Minnesota PD at AAFS 63rd Annual Scientific Meeting, Chicago, IL. |
| May 12 | **Training seminar on forensic firearms, ballistics, and wound ballistics**. Missouri Public Defender Annual Training Conference, Branson, MO. |
| Aug 12 | **Forensic Firearms & Ballistics for the legal Profession; a Continuing Education Course for Attorneys & Judges**. Cincinnati, OH. Accredited for Continuing Legal Education in the State of Ohio. |
| Oct 12 | **Training seminar on firearms and ammunition technology**, NLADA Life in the Balance conference, St Louis, MO. Accredited for CLE in most States. |
| Oct 12 | **Training seminar on firearm & ammunition toolmark analysis**, NLADA Life in the Balance conference, St Louis, MO. Accredited for CLE in most States. |
| Oct 12 | **Training seminar on improvised explosive devices & destructive devices**, NLADA Life in the Balance conference, St Louis, MO. Accredited for CLE in most States. |
| Feb 13 | **Performance Evaluation of Firearm Silencers.** Paper presented at 65th AAFS Annual Scientific Meeting, Washington DC. |
| Feb 13 | **Safety Evaluation of Post Manufacture Firearm Modifications.** Paper presented at 65th AAFS Annual Scientific Meeting, Washington DC. |
| Nov 13 | **You Don't Have to Accept It in Silence: Challenging Firearms Identification Evidence, and Those Who Deliver It.** Wisconsin Public Defender Annual Training Seminar, Milwaukie WI. |
| Feb 14 | **Was That Car Used as a Weapon ? Combining Reconstruction Skills to Answer a Critical Question.** Paper presented jointly at 66th AAFS Annual Scientific Meeting, Seattle WA. |
| Feb 14 | **Investigation of Ear Witness Testimony with Regard to Sounds Heard During a Shooting Incident.** Paper presented at 66th AAFS Annual Scientific Meeting, Seattle WA. |
| Jun 14 | **Forensic Firearms, Ammunition, & Ballistics.** Washington DC Public Defender Service 11th Annual Forensic Science Conference, Washington DC. |
| Feb 15 | **A Study of Lot-to-Lot Handgun Ammunition Propellant Variables and Their Influence upon Muzzle to Target Distance Determinations.** Paper presented at 67th AAFS Annual Scientific Meeting, Orlando, FL. |
| Feb 15 | **Investigation of 'Inert' Artillery Shell Explosion.** Paper presented at 67th AAFS Annual Scientific Meeting, Orlando, FL. |

Feb 15 — **Forensic Investigation of a Premature Mortar Explosion that Resulted in the Death and Maiming of Several US Marines.** Paper presented at 67th AAFS Annual Scientific Meeting, Orlando, FL.

Feb 15 — **Implementing Change in a Multidisciplinary Forensic Science World.** Paper presented at 67th AAFS Annual Scientific Meeting, Young Forensic Scientists Forum (YFSF), Orlando, FL.

Sep 15 — **Is the Gatekeeper Concept Failing the Justice System ? Is There a Viable Alternative ?** Paper presented at the 2015 AAFS ESS International Scientific Meeting, Toronto, Canada.

Feb 16 — **Is the Gatekeeper Concept Failing the Justice System ? Is There a Viable Alternative ?** Paper presented at 68th AAFS Annual Scientific Meeting, Special Joint Session, Las Vegas, NV.

Feb 16 — **Accident or Lovers Quarrel ?** Paper presented at 68th AAFS Annual Scientific Meeting, Young Forensic Scientists Forum (YFSF), Las Vegas, NV.

Aug 17 — **Human Rights & the Enduring Negative Impact of Military Weapons**, International Association of Forensic Sciences, 21st Triennial Meeting, Toronto, Canada.

Feb 18 — **Does Size Really Matter — Or Is How You Manipulate It More Important? A Review of Data Analysis and Presentation Tips and Tricks.** Paper presented at 70th AAFS Annual Scientific Meeting, Seattle, WA.

Feb 18 — **It's a Fair System, Isn't It? Facts, Alternative Facts, and Other Litigation Influencers.** Paper presented at 70th AAFS Annual Scientific Meeting, Seattle, WA.

Feb 19 — **Assessing the Construction & Performance Potential of Improvised Hand Grenades.** Paper presented at AAFS 71st Annual Scientific Meeting, Baltimore, MD.

Feb 19 — **Handgun & Ammunition Performance Influencers.** Paper presented at AAFS 71st Annual Scientific Meeting, Baltimore, MD.

Mar 19 — **An Introduction to Forensic Engineering**. Purdue University, Fort Wayne, IN.

Oct 19 — **Forensic Engineering - The Importance of Multi-disciplinary Cooperation.** Purdue University, Fort Wayne, IN.

Feb 20 — **A Comparison of Scientifically Valid & Traditional Firearm Trigger Mechanism Evaluation Techniques.** Paper presented at AAFS 72nd Annual Scientific Meeting, Anaheim, CA.

## Continuing Education, Training, & Development (post 2001)

Nov 01 — Forensic Science conference at University of Louisville Law School.

Sept 03 — Death Penalty conference, Indianapolis.

Oct 03 — Conference; Ballistics; from the Shop Floor to the Courtroom, DePaul University, Chicago.

Dec 03 — Forensic Science training seminar, Indianapolis.

Feb 04 — Forensic Science training seminar, Indianapolis.

Sept 04 — Forensic Science for Investigators, Indianapolis.

Apr 06 — Forensic Science Symposium, Indianapolis.

Apr 06 — Indiana Society of Professional Engineers (ISPE) Annual Convention, Indianapolis, IN.

May 06 — Advanced Defensive Pistol Course.

Sept 06 — SIG Factory Certified Armorer Course.

Oct 06 — Forensic Investigation, Dr Henry C Lee, Carmel, Indiana.

| | |
|---|---|
| Feb 07 | American Academy of Forensic Sciences (AAFS) 59th Annual Scientific Meeting, San Antonio, TX. |
| Apr 07 | ISPE Annual Convention, Indianapolis IN. |
| Jul 07 | National Institute of Justice Annual Conference, Arlington VA. |
| Jul 07 | National Academy of Forensic Engineers (NAFE) Annual Conference, Denver CO. |
| Feb 08 | AAFS 60th Annual Scientific Meeting, Washington, DC. |
| Apr 08 | ISPE Annual Convention, Indianapolis, IN. |
| Jul 08 | NAFE Annual Convention, Portland, OR. |
| Feb 09 | AAFS 61st Annual Scientific Meeting, Denver, CO. |
| May 09 | ISPE Annual Convention, Indianapolis, IN. |
| Jul 09 | National Society of Professional Engineers (NSPE) Annual Convention, St Louis, MO. |
| Jan 10 | NAFE Training Seminar, New Orleans, LA. |
| Feb 10 | AAFS 62nd Annual Scientific Meeting, Seattle, WA. |
| May 10 | ISPE Annual Convention, Indianapolis IN. |
| Feb 11 | AAFS 63rd Annual Scientific Meeting, Chicago, IL. |
| Jan 12 | NAFE Training Seminar, Miami Beach, FL. |
| Feb 12 | AAFS 64th Annual Scientific Meeting, Atlanta, GA. |
| Oct 12 | NLADA Life in the Balance Conference, St Louis, MO. |
| Feb 13 | AAFS 65th Annual Scientific Meeting, Washington DC. |
| Jun 13 | ISPE Annual Convention, Indianapolis, IN. |
| Feb 14 | AAFS 66th Annual Scientific Meeting, Seattle, WA. |
| Feb 15 | AAFS 67th Annual Scientific Meeting, Orlando, FL. |
| Sept 15 | AAFS ESS International Scientific Meeting, Toronto, Canada. |
| Feb 16 | AAFS 68th Annual Scientific Meeting, Las Vegas, NV. |
| Jun 17 | ISPE Annual Convention, Indianapolis, IN. |
| Feb 18 | AAFS 70th Annual Scientific Meeting, Seattle, WA. |
| Feb 19 | AAFS 71st Annual Scientific Meeting, Baltimore, MD. |
| Feb 20 | AAFS 72nd Annual Scientific Meeting, Anaheim, CA. |

## Achievements & Activities

* One of the youngest people to be elected to Fellowship of the Institution of Mechanical Engineers.
* My expert report format was adopted by the Academy of Experts.
* Secretary to UK explosives safety, performance, and compatibility committees (95-98).
* NRA Certified Range Safety Officer.
* NRA Certified pistol and personal protection instructor.
* SIG Sauer Factory Certified Law Enforcement Armorer (2006 to 2009).

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 5:20-CR-50122 |
| Plaintiff | MOTION FOR CJA FUNDING TO RETAIN |
| v. | FORENSIC FIREARMS AND BALLISTICS |
| | EXPERT AND ORDER FOR EXPERT |
| KIMBERLEE PITAWANAKWAT | ACCESS TO THE DISCOVERY AND |
| Defendant | EVIDENCE |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.

Re: Motion for CJA funding to Retain Forensic Firearms and Ballistics Expert and Order For Defense

Access to the Discovery and Evidence:

# EXHIBIT B

**Kimberlee Pitawanakwa**

26214 Foster Rd.
Monroe, OR 97456
stormi.pitawanakwat@pm.me

17th of March, 2023

**Driscoll Law Office, P.C.**

**Frank Driscoll, Lawyer**
1107 Mt, Rushmore Rd. Suite #4B
P.O. Box 2216
Rapid City, SD 57709

Dear Frank,

Hello,

  This case is a hardship on me and my family. Not having good communication is an additional hardship on me. Why is it i am expected to keep up with this case without adequate communication or information? It has for sure caused me and my family additional unnecessary hardships throughout these few years during the Covid pandemic constantly being sick and going through emotional trauma has had its toll on my health. I have documented statements from my primary physician.

Brief follow up:

  I haven't heard anything in over a month about any progress on my case with the discovery review and the independent defense investigation. Where are we with the discovery review? I hope all is well with the review of discovery? Have you been able to listen to all the audio recordings yet? What are your thoughts? I need to know more where we are at with our independent investigation? I am requesting you put in a request to obtain and secure a Defense investigator to help conduct interviews of potential witnesses and to properly prepare for trial.

Hopefully we are on the same page soon. I am respectfully putting it in writing dated on this 18th day of April of 2023 in hopes you will respond accordingly :

  My follow up questions of the last few conversations we had with what i learned that needs to be done over the course of time on my case during pre trial:

Can you please ask the government /prosecuting attorney to be more specific about "what the alleged false statements are?" What is the Government's case?? Do you have a better idea of what is going on here? . I need in writing what their case is?

Have you been able to review the Ian DullKnife auto statement?

- Have you been able to review the other two handwritten statements Detective Puckette allegedly took from Daniel DullKnife and Guy William DullKnife documented in the discovery? Where are those reports?
- Are they calling Ian DulKnife and the other witnesses at trial?
- Again I am asking and requesting to hire an investigator on my case to conduct an independent investigation separate from the governments. It is required and it is detrimental to an effective defense team making it essential to have proper preparation and defense strategies in place in time for trial.

I'm Concerned too much time is going by and not enough ground covered in time before trail. We need an investigator assigned to this case. ( I have an investigator/expert in mind who has extensive experience with pages of certifications that qualify him to do so. His name is "John Nixon" . I have his credentials that can be provided. I know he would be happy to talk with you. Mr. Nixon previously had been in contact by and through my Attorney Johnathan McCoy who both went over and has looked at the 3D images in the discovery. All the evidence needs to be properly tested Mr. Nixon is that person. I can provide his contacts upon request.

There is a lot John Nixxon can do. I Have questions about the medical report and if there was a toxicology test taken that night.

What were her toxicology tests if so? The spent bullet the vehicle of the alleged victims that was released before defense had the opportunity to look at which could be grounds of dismissal based on obstruction of evidence.

Carmen Burgee stated in the interview with Kevin Seymour that she gives permission for investigation purposes to release any medical records. HIPAA should not be a problem. This was a late disclosure to me I could have used in my suppression hearing as I have the right to know who my accusers are. Note this could have also violated my due

process when a government harms a person without following the exact course of law, this constitutes a due process violation, which offends the rule of law.

Questions yet to be answered about:

- Testing of the spent bullet found in the passenger footwell and glass found in the driveway. Darelle Puckette statement in the suppression hearing and the fbi agents summary and affidavit submitted to the Magistrate conflict) Can we please get it tested?
- What is the true story of criminal investigator Derek Puckette? Why is he no longer working with OSTPS as a Criminal Investigator (CI) ( this is Brady information and consists of exculpatory or impeaching information that has not yet been provided to me and violates my Due Process and ultimately offends the rule of law. ) Derek Puckette could be chief witness at trial.
- Can we get all and any 911 transcripts ((were there any other shootings in the area around that time frame?)) in addition to Isiah Crow's call to dispatch?
- Can we get the audio video of Officer Isiah Crows footage when he took incident command before EMTs arrived on 8/5/2020
- FBI reports from special agent Seymour and Isiah Crow's summary in the discovery are two different stories; this is why it is important to see Officer Isiah Crow's videos I have been requesting since February of 2021.
- I learned that Henry O'donogough is not on my case any more. I personally. have not heard from Mr O'Donohough since 2022 up until recently when I reached out in regards to having a question for him.. Additionally I know an independent ongoing defense investigation should have still been active and ongoing and has not. Mr O'Donohough had indicated he was not the investigator for my case anymore and was dismissed with the previous attorney appointed to my case Mr. McCoy.

I did not see all of the reports from Mr O'Donohough. There were other witnesses he talked with in particular Angie Dullknife who Mr O'Donoghue had gone and interviewed at the Dull Knifes residence her interview was not there.

Have you tried to contact Waskoness Pitawanakwat? She was there with me the whole time until law enforcement came and detained me and my children.

 I will not be rushed into trial moving forward unprepared. I need to be more aware of where we are in the pre-trial process. There is a lot yet to be done and nothing has happened.

 I know you are doing your best but there is still a lot to be learned here and the information is not being provided.

There have been many violations and misstatements during proceedings and misleading situations causing me an unfair chance in any proceedings with biased remarks that no judge or government official has the right violated in any way. I am innocent and regardless of innocence deserve to be treated fairly in any situation..

There are many things we can do during pre-trial and nothing is being done at this point..

 I have lived in this stagnant state for just under 3 years. With individuals all working to convict me for a crime I did not commit. It has ultimately been a miscarriage of justice.

 I need the truth to be told. I need an effective defense team and proper communication is a pillar to that team. I am being forced to stand trial for a crime I did not have any knowledge took place nor did I commit a crime to give the government the authority to regulate me. Their story keeps changing. No severance was honored so all the charges my co defendant was charged on can be applied to my charges if I am convicted. Jonathan McCoy told me this and if it is not true he misled me. This is why the testing of the bullet does apply to my case if they convicted me my co defendants charges can be added to my charges. By testing the bullet it would ultimately prove that it did not come from an AR 15.

 I would like to request Reasonable Accommodation to be able to communicate with you more effectively via Email regarding the discovery and any other urgent communication needed.. Communication is vital. We should have every so often a video conference of some sort?

 I still have so many questions and discovery that has not been provided to me yet there is alot wrong with the government's case that I am well aware of.

many discrepancy in my discovery and with the review of Isiah Crow's body cam footage that is not auditable yet to date for starts. This footage has not been accessible since the very beginning of March 2021. I have continued to request this be provided to me again and again and still nothing.

This is important because Isiah Crow was first on scene with the alleged victims. McCoy refused to provide me with an auditable version so I could view

his body camera footage. Mr McCoy told me I would have to come to his office but never communicated with me what the video consisted of or if he was able to view it the government is obligated to provide an audible version and has not to my knowledge.

Isiah Crow took incident command on the roadside of BIA 2 applying emergency care until paramedics came after the alleged shooting took place on September 17th 2020 he would have useful information and heat of the moment first contact with alleged victim Carmen Burgee.

I assert myself in hopes you do not take my requests wrong and in return do the right thing please do the work to get me the information.

Can you please request all police reports on Ian Dullknife? He clearly states that he sees George DullKnife hand me an AR15, which is why it is relevant to have the spent bullet tested and prove that it did not come from an AR15. Ian Dullknife had warrants out for his arrest during the summer of 2020 for a gun violation he lied about. Again he is a witness that could be called but also any favorable information about Ian Dullknifes criminal record could fall under the Brady rule.

I think Ian Dull Knife was given a deal of some sort to lie and he should be held accountable and charged with perjury and any other false witness testimonies submitted to the grand jury by Detective Puckette this is why it is important to have access to Derek Puckett's file. Lastly, I wanted to know if you found out when I can review the grand jury transcripts? I have reason to believe that false testimony was introduced and affected the independent decision making of the grand jury. I've done my research. I contacted the superior court in Pierre and asked the clerk of courts how to proceed since I am bound by legal counsel. I am respectfully asking you to request this. It can be done beforehand, not two weeks prior to trial, that is not enough time to go over things properly. I can write and ask the courts myself. There is no rule that states or prevents me from doing so and I refuse to be misled thinking the option is not available unless you can provide me with official documents stating the difference. Thank you for your time and consideration to these matters and I look forward to hearing back from you soon.


Sincerely & Respectfully,

Kimberlee S. Pitawanakwat

stormi.pitawanakwat@pm.me

# U.S. Postal Service
# CERTIFIED MAIL® RECEIPT
## Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

Rapid City SD 57709

OFFICIAL USE

Certified Mail Fee  $4.15

$  $0.00

Extra Services & Fees *(check box, add fee as appropriate)*
- ☐ Return Receipt (hardcopy)  $_____
- ☐ Return Receipt (electronic)  $_____
- ☐ Certified Mail Restricted Delivery  $_____
- ☐ Adult Signature Required  $_____
- ☐ Adult Signature Restricted Delivery  $_____

$0.00
$0.00
$0.00
$0.00

Postmark
Here

APR 21 2023

CORVALLIS OR
97333

04/21/2023

Postage  $0.63

$

Total Postage and Fees  $4.78

$

Sent To  Frank Driscoll

Street and Apt. No., or PO Box No.  PO BX 2216

City, State, ZIP+4®  Rapid City SD 57709

USPS

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7021 2720 0000 3678 0273

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

---

UNITED STATES OF AMERICA

Plaintiff

v.

KIMBERLEE PITAWANAKWAT

Defendant

5:20-CR-50122

MOTION FOR CJA FUNDING TO RETAIN

FORENSIC FIREARMS AND BALLISTICS

EXPERT AND ORDER FOR EXPERT

ACCESS TO THE DISCOVERY AND

EVIDENCE

---

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Veronica L. Duffy
United States Magistrate Judge
400 S. Phillips Avenue Room 119
Sioux Falls, SD 57104.

Re: Motion for CJA funding to Retain Forensic Firearms and Ballistics Expert and Order For Defense

Access to the Discovery and Evidence:

# EXHIBIT C

# DRISCOLL LAW OFFICE, P.C.

FRANK DRISCOLL, LAWYER
LAURA DAHN, Legal Assistant

HELPING PEOPLE TO PREVENT AND TO SOLVE LEGAL PROBLEMS SINCE 1984

1107 Mt. Rushmore Road, Suite #4B
P.O. Box 2216
Rapid City, SD 57709

605-718-5710

May 26, 2023

Hon. Daneta Wollmann
United States Magistrate Judge
515 Ninth Street, #244
Rapid City, SD 57701

RE:   United States v. Pitawanakwat - CR 20-50122
Defendant's Ex Parte Request for Replacement Counsel

Dear Judge Wollmann:

I don't recall that I've ever written to the Court in response to an appointed
client's request for replacement counsel. Nor am I accustomed to sending letters to the
Court in place of the usual motions and memorandums. However, the situation with
Ms. Pitawanakwat is somewhat atypical and I feel that its necessary and appropriate
that I respond to her misstatements about my integrity and professionalism in writing.
Doing so by letter enables me to dispense with the formality of writing in the third
person.

I was appointed to represent Kimberly Pitawanakwat on December 29, 2022.  As
the docket reflects, I'm the third lawyer who has been appointed to represent this
defendant, after she had expressed dissatisfaction with her previous attorneys.  My
relationship with Ms. Pitawanakwat was amicable at the outset and through mid-April.
Following my appointment, I worked this file into my case load and had my legal
assistant begin a thorough review of the discovery materials.  After my legal assistant
had worked up the discovery, I reviewed the investigation reports that were relevant to
the charges lodged against Ms. Pitawanakwat and formed my initial evaluation of the
government's case.  I communicated occasionally with Ms. Pitawanakwat by phone and
by mail during this phase of my representation.  Ms. Pitawanakwat correctly notes that
I do not communicate with clients by e-mail, which is my prerogative.  I am very
restrictive about e-mail with clients and typically allow only civil clients to use e-mail and
only then for expediting the transmittal of documents.  During the initial phase of my
representation, which necessarily focused on reviewing the discovery materials, I filed
two continuance motions.  Both filings were made after I communicated with Ms.
Pitawanakwat by phone and with her concurrence.  Ms. Pitawanakwat subsequently
signed speedy trial waivers for both of the continuance motions.

## DRISCOLL LAW OFFICE, P.C.

Hon. Daneta Wollmann
May 26, 2023
Page 3

2022. Ms. Pitawanakwat insists that the defense of her case requires counsel to conduct a full blown investigation into every aspect of the evidence against her former co-defendant. I have advised Ms. Pitawanakwat of the nature and scope of the government's case against her, based upon the discovery that has been produced and the charges made in Counts IV and V of the Indictment. I have also advised Ms. Pitawanakwat that I am not going to undertake the investigation into the evidence against George Dull Knife that she demands. Correspondingly, I am not going to file unmerited motions or otherwise prepare to counter evidence that the government could have introduced against Mr. Dull Knife if he had gone to trial.

The second problem in representing Ms. Pitawanakwat is that she refuses to take "No" for an answer. It apparently makes no difference whether it's a legal assistant, a lawyer or a judge who says no; Ms. Pitawanakwat simply will not hear of it. Instead of accepting or discussing what she is told, Ms. Pitawanakwat responds with a burst of vague and disconnected claims that her constitutional, due process, procedural and other rights are being violated. That these assertions fall upon the deaf ears of her current attorney does not seem to deter Ms. Pitawanakwat in the least from trying to get her way.

Ms. Pitawanakwat bases her current attempt to obtain replacement counsel (Doc. 211) upon the claim that I failed to review the discovery and to fully evaluate the case. That is incorrect. My legal assistant thoroughly reviewed all of the discovery and I carefully reviewed the discovery that pertains to the government's case against Ms. Pitawanakwat. I have evaluated the case and advised Ms. Pitawanakwat of my evaluation. Ms. Pitawanakwat simply does not like my assessment of the elements and scope of the government's case and particularly dislikes that I have refused to capitulate to her demands.

Ms. Pitawanakwat also asserts that I was "... not willing to provide or look into requesting the discovery." Her statement is nonsensical and I have specifically advised Ms. Pitawanakwat that I am prohibited from providing her with copies of any the discovery materials. However, and as Ms. Pitawanakwat has occasionally acknowledged in her writings to the Courts, she has been provided access to and has reviewed the discovery materials, at length, at the Federal Public Defenders office in Portland, Oregon through arrangements that her previous attorney Jonathon McCoy had made.

Ms. Pitawanakwat also claims that I have refused "to get the evidence tested." That statement is true but it is because there is no evidence, such as the weapon that Mr. Dull Knife allegedly used to assault Ms. Burgee, that needs to be tested in order to

# DRISCOLL LAW OFFICE, P.C.

Hon. Daneta Wollmann
May 26, 2023
Page 2

My relationship with Ms. Pitawanakwat remained amicable enough through mid-April, although she had begun to express some resistence when I advised her during a phone conversation in mid-March that both the government's case against her and the defense were considerably narrower and much simpler than the version she was trying to convince me of. Our relationship came apart at the seams in mid-April when Ms. Pitawanakwat called and spoke with my legal assistant on the morning of April 17th. When my legal assistant advised that I not available to take the call and would have to call her back, Ms. Pitawanakwat became demanding and starting arguing with my assistant that we weren't giving her sufficient attention, that we had not reviewed the discovery and that we were not properly representing her. It turns out that Ms. Pitawanakwat hadn't chosen a particularly good day to call and pick a fight with my assistant who was busy trying to clear her desk and to complete my tasks so she could leave at the end of the day for a week out of the office. Unfortunately, my legal assistant had a "hot mic" moment on her speaker phone when she thought Ms. Pitawanakwat had hung up and said out loud to herself, "I'm sick of that bitch."

I returned Ms. Pitawanakwat's call during the afternoon of the same day and had a conversation that got nowhere. Ms. Pitawanakwat accused me of ineptness, inexperience and indifference and demanded that I hire an investigator to look - actually, to take a second look - into matters that I considered to have no possible relevance to either the prosecution or the defense of the case against her. The conversation included an apology that I made for my legal assistant's intemperate remark. This phone conversation was followed by the letter that Ms. Pitawanakwat wrote to Judge Viken on April 19, 2023, which was filed as an ex-parte motion on April 26, 2023 (Doc. 211), demanding the appointment of replacement counsel.

Ms. Pitawanakwat is a difficult client for at least two primary reasons, neither of which can be resolved by swapping out attorneys. The first problem is Ms. Pitawanakwat's insistence that her lawyer is required to investigate and prepare a defense for her against the charges that her former co-defendant George Dull Knife was indicted upon. The Indictment contains three counts which alleged that Dull Knife used a firearm to assault Carmen Burgee on August 5, 2020. There are no allegations that Ms. Pitawanakwat participated in the assault. Instead, the Indictment charges that Ms. Pitawanakwat made false statements regarding Dull Knife to a tribal investigator after the assault had occurred and that she was also an accessory after the fact.

The discovery materials indicate that the case against Ms. Pitawanakwat is relatively straightforward and has nothing to do with how George Dull Knife assaulted Ms. Burgee. Moreover, Mr. Dull Knife made a deal to resolve his case and pled to Count III of the Indictment, charging assault with a dangerous weapon, in January,

# DRISCOLL LAW OFFICE, P.C.

Hon. Daneta Wollmann
May 26, 2023
Page 4

defend Ms. Pitawanakwat in the government's case against her. Ms. Pitawanakwat also claims that I have refused "to file motions." That statement is also true, because I am not aware of any issues for which any motions need to be prepared and filed. Ms. Pitawanakwat also claims that I refuse "to subpoena witnesses." Although the decision time for requesting subpoenas has not yet arrived, I am only aware of one potential witness who might need to be subpoenaed to testify for the defense. Ms. Pitawanakwat has not told me specifically of anyone who she thinks should be subpoenaed or explained to me why she thinks their testimony would be helpful.

If there has been another breakdown in the attorney-client relationships in this case, it has been Ms. Pitawanakwat's doing. Although I would certainly be appreciative if the Court would relieve me of this appointment, doing so would merely be kicking the can down the road. It's a fair prediction that no appointed attorney, and particularly an experienced attorney, can satisfy Ms. Pitawanakwat. Perhaps the best solution will be for the Court to grant the request that Ms. Pitawanakwat recently informed me that she is making to represent herself in this case.

Sincerely,

/S/ FJ Driscoll

Frank Driscoll
**DRISCOLL LAW OFFICE, P.C.**

FJD:ld
cc:    Client

C:\Data\pitawanakwat\ltr\wollmann.wpd

# *A*thena *R*esearch & *C*onsulting LLC

PO Box 66, Bippus, Indiana 46713, USA.
Tel  260 344 1314



## ESTIMATE

| Client:- | Kimberlee Pitawanakwat | | | Estimate Date:- 13 June 2023 | | |
|---|---|---|---|---|---|---|
| | South Dakota | | | | | |
| | | | | ARC Tax ID:-     35 214 1449 | | |
| **Case Reference:-  US v Kimberlee Pitawanakwat Case # 5:20-CR-50122** | | | | | | |

| Activity | Duration (hours) | Rate ($ / unit) | Total $ |
|---|---|---|---|
| | | | 0.00 |
| Examine one recovered projectile. Examination to include unpackaging, | 3.00 | 395.00 | 1185.00 |
| Photography, microscopic exam, measurements, weight. Repackage. | | | 0.00 |
| Identify brands and models of firearm that could have discharged | 2.00 | 395.00 | 790.00 |
| projectile | | | 0.00 |
| Research and produce illustrated written report | 4.00 | 395.00 | 1580.00 |
| Return shipping via FedEx insured | | | 30.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | | | 0.00 |
| | **Total Payable $  3585.00** | | |

Please make check payable to ARC

 **Gmail**                                        **Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>**

---

## 20-50122-02. authorization for ballistics expert
5 messages

---

**Shaunna Tellinghuisen** <Shaunna_Tellinghuisen@sdd.uscourts.gov>                    Mon, Jun 26, 2023 at 3:52 PM
To: "kimberlee.pitankwt@gmail.com" <kimberlee.pitankwt@gmail.com>

Good Afternoon,

Your authorization for ballistics expert has been approved.

Please have the expert complete and return the attached vendor form to me via email. I will then add them as a vendor to our eVoucher system.

In addition, it is important keep in contact with your expert to ensure that they do not exceed the amount that they are approved for.

The expert will need to submit a signed invoice. Once you receive that invoice, please email it to me and I will get it entered into the system so the expert can be paid.

 

**Shaunna Tellinghuisen**
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012

---

**2 attachments**

📄 **Approved Auth.pdf**
136K

📄 **CJA Vendor Form REV 2018.pdf**
129K

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>                    Mon, Jun 26, 2023 at 3:59 PM
To: Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>

Case 5:20-cr-50122-LLP   Document 254-2   Filed 08/03/23   Page 38 of 41 PageID #: 1444

Thank you, will do.

Respectfully,

Kimberlee Pitawanakwat
[Quoted text hidden]

---

**2 attachments**


**image001.png**
81K


**image001.png**
81K

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>                    Tue, Jun 27, 2023 at 9:29 AM
To: Galileo25@frontier.com

[Quoted text hidden]

---

**2 attachments**


**image001.png**
81K


**image001.png**
81K

---

**Kimberlee Pitawanakwat** <kimberlee.pitankwt@gmail.com>                    Wed, Jul 19, 2023 at 4:26 PM
To: Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>

Shaunna,

Thank you, attached please find Mr. Nixon's completed vendor form.  Please let me know if there is anything
additional you need from me.

Respectfully,

Kimberlee Pitawanakwat
[Quoted text hidden]

---

 **Completed Signed Vendor Form.PDF**
436K

---

**Shaunna Tellinghuisen** <Shaunna_Tellinghuisen@sdd.uscourts.gov>          Thu, Jul 20, 2023 at 9:18 AM

To: Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>

Thanks! We will get them added to the eVoucher system.



**Shaunna Tellinghuisen**
Deputy Clerk
Andrew W. Bogue Federal Building
and United States Courthouse
515 Ninth Street
Rapid City, SD 57701
605-399-6012

---

**From:** Kimberlee Pitawanakwat <kimberlee.pitankwt@gmail.com>
**Sent:** Wednesday, July 19, 2023 5:26 PM
**To:** Shaunna Tellinghuisen <Shaunna_Tellinghuisen@sdd.uscourts.gov>
**Subject:** Re: 20-50122-02. authorization for ballistics expert


**CAUTION - EXTERNAL:**

[Quoted text hidden]


**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

MEMORANDUM

TO:            Judge Lavenski R. Smith, Chief Judge          Date: 6/14/2023
               United States Court of Appeals for the Eighth Circuit

FROM:          Kimberlee Pitawanakwat, Pro Se Defendant

SUBJECT:       Advance Authorization for Expert or Investigative Services

        It is requested that advance authority be granted to obtain services in an amount
in excess of the maximum allowed under the provisions of subsection (e)(3) of the
Criminal Justice Act (18 U.S.C. § 3006A) as follows:

Case Name and Designation:          USA v. Kimberlee Pitawanakwat
                                    CR 50122-02

Name of Expert or Investigator: John Nixon
Address: P.O. Box 66, Bippus, Indiana 46713

Type of Expert:  Forensic Firearms/ballistics

Hourly rate:    395

Detailed and Specific Reasons for Application:

Please see the detailed 30 page Motion Filed in the Case docket.  In summary, in order
to prepare for trial Defendant's needs the services of an expert to test a spent bullet
located in alleged victim's vehicle.  This spent bullet has not been previously been tested
but is alleged to have come   from an AR15 rifle, which a witness alleges was handed to
Defendant. In order to challenge that testimony Defendant needs a qualified expert to
examine the spent bullet and determine whether it came from an AR15 or potentially a
different weapon. Mr. Nixon has looked at pictures of the bullet and his preliminary
opinion is that it looks more like pistol ammunition but needs access to the evidence in
order to better examine the evidence visually and using microscopy.  Mr. Nixon is an
extremely well qualified expert as can be seen from his CV and has already been
consulted about this case and the testing delayed from October, 2021, because of
deficiencies with prior court appointed counsel. Mr. Nixon's previous estimate was
significantly higher, but he can reduce costs by having the spent bullet securely shipped
to his evidence locker, assuming the Government is willing to permit such.

Estimated Total Compensation/Fee:  $3,585

1

**AUTHORIZATION**

| 1 CIR./DIST./DIV. CODE 0869 | 2 PERSON REPRESENTED Kimberlee Pitawanakwat | | VOUCHER NUMBER 0869.1570985 |
|---|---|---|---|
| 3 MAG. DKT./DEF. NUMBER | 4 DIST. DKT./DEF. NUMBER 5:20-CR-50122-2-KES-DLW | 5 APPEALS DKT./DEF. NUMBER | 6 OTHER DKT. NUMBER |
| 7 IN CASE/MATTER OF  *(Case Name)* USA v. Dull Knife et al | 8 PAYMENT CATEGORY Felony (including pre-trial diversion of alleged felony) | 9 TYPE PERSON REPRESENTED Adult Defendant | 10 REPRESENTATION TYPE Criminal Case |

11 OFFENSE(S) CHARGED (Cite U.S. Code, Title & Section)  *If more than one offense, list (up to five) major offenses charged, according to severity of offense*
{18:1001.F} 18 U.S.C. &amp;sect 1001(a)(2); FALSE STATEMENTS,{18:3.F} 18 U.S.C. &amp;sect 3; ACCESSORY AFTER THE FACT

**12 ATTORNEY'S STATEMENT**

As the attorney for the person represented, who is named above, I hereby affirm that the services requested are necessary for adequate representation. I hereby request:

[x] Authorization to obtain the service  Estimated Compensation and Expenses:  $  $3,585.00  **(Approved Amount: $3,585.00)**  OR

[ ] Approval of services already obtained to be paid for by the United States pursuant to the Criminal Justice Act ( *Note: Prior authorization should be obtained for services in excess of the statutory maximum, excluding expenses)*

Signature of Attorney  Clerk of Court /S/  Date  6/15/2023

[ ] Panel Attorney   [ ] Retained Attorney   [ ] Pro-Se   [ ] Legal Organization

ATTORNEY'S NAME  *(First Name, M.I., Last Name, including any suffix)*  , AND MAILING ADDRESS

Clerk of Court - Bar Number:

.

Telephone Number:

| 13 DESCRIPTION OF AND JUSTIFICATION FOR SERVICES  *(See instructions)* | 14 TYPE OF SERVICE PROVIDER | |
|---|---|---|
| To assist in the defense. See attached. | 01 [ ] Investigator | 15 [ ] Other Medical |
| | 02 [ ] Interpreter/Translator | 16 [ ] Voice/Audio Analyst |
| | 03 [ ] Psychologist | 17 [ ] Hair/Fiber Expert |
| | 04 [ ] Psychiatrist | 18 [ ] Computer (Hardware/Software) |
| | 05 [ ] Polygraph | 19 [ ] Paralegal Services |
| **15 COURT ORDER** | 06 [ ] Documents Examiner | 20 [ ] Legal Analyst/Consultant |
| Financial eligibility of the person represented having been established to the Court's satisfaction, the authorization requested in Item 12 is hereby granted. | 07 [ ] Fingerprint Analyst | 21 [ ] Jury Consultant |
| Karen Schreier /S/ | 08 [ ] Accountant | 22 [ ] Mitigation Specialist |
| Signature of Presiding Judge or By Order of the Court | 09 [ ] CALR (Westlaw/Lexis, etc.) | 23 [ ] Duplication Services/(See Instructions) |
| 6/15/2023 | 10 [ ] Chemist/Toxicologist | 24 [ ] Other  (Specify) |
| Date of Order   Nunc Pro Tunc Date | 11 [x] Ballistics | |
| Repayment or partial repayment ordered from the person represented for this service at time of authorization. | 13 [ ] Weapons/Firearms/Explosive Expert | 25 [ ] Litigation Support Services |
| [ ] YES   [x] NO | 14 [ ] Pathologist/Medical Examiner | 26 [ ] Computer Forensics Expert |

| Signature of Presiding Judge | Date Signed | Judge Code | Approved Amount | Total Approved Amount |
|---|---|---|---|---|
| Karen Schreier /S/ | 6/15/2023 | 6911 | $3,585.00 | |
| Signature of Chief Judge, Court of Appeals (or Delegate) | Date Signed | Judge Code | Approved Amount | |
| Lavenski R. Smith /S/ | 6/23/2023 | -822 | $3,585.00 | $3,585.00 |