UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | 5:20-CR-50122-02 |
| Plaintiff, | UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND FOR ALTERNATIVE RELIEF (DOC. 238) |
| vs. | |
| KIMBERLEE PITAWANAKWAT, | |
| Defendant. | |

The United States of America, by and through Assistant United States Attorney Heather Sazama, submits this memorandum in opposition to the defendant's Motion to Dismiss and for Alternative Relief, filed at Doc. 238. For the reasons stated herein, the defendant's motions to dismiss should be denied.

**PROCEDURAL POSTURE**

Several of the issues raised in the defendant's motion to dismiss have already been addressed, through resolution of her motion to require the United States to provide discovery directly to her (Docs. 39, 40, 41, 45), her motion for bill of particulars (Docs. 118, 119, 123, 133), and her motion for severance (Docs. 147, 151, 152, 162). In addition, the defendant's most recently filed motions to compel discovery have been addressed and denied (Docs. 240, 241, 243, 247, 248, 249). The United States incorporates its briefing regarding the defendant's previously filed motions and discovery demands, and the court's orders resolving the same, without restating them here.

### A. Defendant fails to state a legal basis to dismiss the Indictment.

#### 1. Dismissal of an Indictment cannot be predicated on factual disputes.

The defendant's motion to dismiss consists largely of factual disputes, discovery complaints, complaints about the defendant's former attorneys and the judges assigned to her case, and assertions about witness credibility. The law is clear, however, that factual disputes and issues associated with weighing credibility are to be resolved by the ultimate finder of fact, not the Court. For this Court to do so would usurp the role of the jury and violate the Federal Rules of Criminal Procedure.

Federal Rule of Criminal Procedure 12(b)(1) permits parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." *United States v. Turner*, 842 F.3d 602, 604–05 (8th Cir. 2016). As the Supreme Court has explained, Rule 12(b) authorizes pretrial resolution of a motion to dismiss only when "trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969); *see also United States v. Turner*, 842 F.3d 602, 605 (8th Cir. 2016). The district court must rule on such a motion before trial unless there is "good cause to defer a ruling" and deferral will not "adversely affect a party's right to appeal." Fed. R. Crim. P. 12(d).

Under Rule 12, courts are not to make factual findings on issues that relate to the jury's decision on the merits, the need for a more accurate record, or concerns about judicial economy. *United States v. Peneaux,* No. 3:18-CR-30081-

RAL, 2019 WL 2482943, at *2 (D.S.D. June 14, 2019) (citing *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010)). Rather, courts are to defer such matters for trial. Thus, for instance, the Eighth Circuit found good cause to defer ruling on the defendant's motion to dismiss in *Turner* because the defendant's as-applied constitutional challenge required the court to resolve factual issues related to the defendant's alleged offense. 842 F.3d at 605 (holding that the district court should have waited until trial to resolve the motion to dismiss the indictment).

Here, the defendant's motion is replete with factual allegations and allegations about witness credibility, which are inappropriate for resolution before trial. The motion to dismiss based on disputed facts should be denied without prejudice to the defendant's ability to make a Rule 29 motion at the close of evidence during trial.

**2. Defendant has failed to show irregularities in the grand jury proceeding.**

To the extent the defendant's allegation that the United States has failed "to state an evidentiary basis for Count V," can be construed as an error in the grand jury proceedings, she has failed to meet her burden to prove irregularities in the grand jury. On September 17, 2020, the United States presented facts sufficient to support the grand jury's finding of probable cause as to each of the counts in the Indictment. *See* Doc. 1. "There is a strong presumption of regularity in grand jury proceedings, and the defendant has a heavy burden in proving irregularities." *United States v. Stewart*, No. 5:19-CR-50167-07-KES, 2021 WL 2948547, at *2 (D.S.D. July 14, 2021) (slip copy) (quoting *United States v. McKie*, 831 F.2d 819, 821 (8th Cir. 1987) (internal citation omitted)). Generally, "a district

3

court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendant[ ]." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1988). Under this standard, "dismissal of the indictment is appropriate only 'if it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is a 'grave doubt' that the decision to indict was free from the substantial influence of such violations." *Id.* at 256 (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring)).

Even mistakes or misstatements in grand jury testimony do not justify dismissal of an otherwise valid charge in an indictment. *United States v. Moore*, 184 F.3d 790, 794 (8th Cir. 1999). For an indictment to be dismissed on the basis of misstatements or even *perjurious* testimony before the grand jury, the defendant must show that the misstatements were material. *Id.* (emphasis added). "As long as there is some other competent evidence to sustain the charge, the charge should not be dismissed." *Id.*

To the extent the defendant's motion to dismiss can be construed as one attacking the grand jury proceedings that resulted in the Indictment, she has not met her burden to show any such irregularities prejudiced her. The defendant's motion to dismiss Count V should be dismissed without prejudice to her ability to make a Rule 29 motion at the close of evidence during trial.

### 3. The General Crimes Act confers jurisdiction over Counts IV and V.

The Major Crimes Act confers federal jurisdiction over certain enumerated crimes, if the defendant is an Indian person as defined by federal law and the

4

offense was committed in Indian country. 18 U.S.C. § 1153. Counts IV and V do not allege a violation of any offense enumerated in the Major Crimes Act. Count IV alleges a violation of 18 U.S.C. § 1001, False Statements. Count V alleges a violation of 18 U.S.C. § 3, Accessory After the Fact. For purposes of prosecuting the general laws of the United States, such as the alleged violations of 18 U.S.C. §§ 1001 or 3, it matters not whether the defendant is an Indian person, or the offense occurred within Indian country.

The United States agrees it has no jurisdiction over this defendant for offenses enumerated in the Major Crimes Act. As explained in the following section, the United States has no evidence that the defendant is an Indian person.

**4. The defendant's race is not an element of proof at trial.**

As noted above, the defendant is not charged with an offense enumerated in the Major Crimes Act, 18 U.S.C. § 1153. The United States is compelled to respond to the defendant's claims that she has been the victim of racial discrimination and prejudice, and that she has treaty rights available to her based on her status as an Indigenous person. *See* Doc. 238, ¶¶ G, H, J. The defendant's criminal history, as documented by the National Crime Information Systems (NCIC), and which has been repeatedly produced to the defendant during the course of discovery in this case, appears to establish that she was born in Missouri in 1980 as a Caucasian woman named Kimberlee Spring Etherton. The investigation of this case has confirmed the defendant is neither enrolled nor eligible for enrollment with the Oglala Sioux Tribe. The United States has no indication that the defendant has some quantum of Indian blood. During her

interview with Investigator Puckett on August 5, 2020, the defendant claimed to be a member of the Confederated Tribes of Siletz, in Oregon. The investigation of this case has been unable to verify that assertion, however. The United States has no evidence the defendant is enrolled or eligible for enrollment in any federally recognized Indian tribe. The United States has no information that the government has provided the defendant with assistance reserved only for Indians or that she enjoys the benefits of tribal affiliation. Although the defendant holds herself out as an Indian, the United States has no information that she is an Indian, as defined by federal law.

Simply put, the United States has not alleged any offenses against the defendant under the Major Crimes Act because, in part, the United States has no evidence that the defendant is an Indian person for criminal jurisdictional purposes. *See, e.g., United States v. Driver*, 755 F.Supp.885, 888 (D.S.D. 1991) (citing *St. Cloud v. United States*, 702 F.Supp.1456 (D.S.D. 1988) (additional citations omitted) (describing the two-part test adopted by the Eighth Circuit Court of Appeals for determining whether a person is an Indian for criminal jurisdictional purposes).

### 5. Whether Criminal Investigator Derek Puckett was a federal agent is not an element of 18 U.S.C. § 1001.

The defendant alleges the United States cannot prove a violation of 18 U.S.C. § 1001, as charged in Count IV, because OST DPS Criminal Investigator Derek Puckett was not acting as a federal agent on August 5, 2020. Doc. 238, ¶12. To prove a violation of 18 U.S.C. § 1001, the United States is *not* required to prove that Investigator Puckett was a "federal agent." Rather, a violation of 18

U.S.C. § 1001 requires the government to prove the defendant made any materially false, fictitious, or fraudulent statement or representation in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States.

The investigation of the shooting committed by George Dull Knife on August 5, 2020, was a criminal investigation involving violations of 18 U.S.C. §§ 113 and 1153, among other crimes. Both the Federal Bureau of Investigation and the Oglala Sioux Tribe Department of Public Safety were investigating violations of federal law. Thus, the investigation was a matter within the jurisdiction of the executive branch of the United States.

In any event, whether the government has proven all the essential elements of a violation of 18 U.S.C. § 1001, including whether the investigation of the shooting committed by George Dull Knife on August 5, 2020, was a matter within the jurisdiction of the executive branch of the United States, is a factual determination solely within the province of the jury. The defendant's motion to dismiss should be dismissed without prejudice to her ability to make a Rule 29 motion at the close of evidence during trial.

### 6. Witness credibility is an issue for the jury's consideration.

Several of the defendant's claims involve allegations of bias or credibility of witnesses. The defendant's codefendant, George Dull Knife, pleaded guilty to and was sentenced for shooting Carmen Burgee on August 5, 2020, on his property, on the Pine Ridge Reservation. *See* Docs. 153, 154, 161, 179, 185. Whether the shooting occurred, and whether George Dull Knife committed it, is not subject to

dispute. The credibility of witnesses who testify at the defendant's trial, however, is to be adjudged solely by the jury. *See, e.g., United States v. Haggard*, 509 F. App'x 558, 559 (8th Cir. 2013); *United States v. Wiest*, 596 F.3d 906, 910 (8th Cir. 2010) (stating principle that "witness credibility is solely within the jury's province."). This Court cannot weigh the credibility of witnesses. The defendant's motion to dismiss should be dismissed without prejudice to her ability to make a Rule 29 motion at the close of evidence during trial.

    **B. The defendant has failed to show grounds upon which the court should invoke its supervisory authority to dismiss an Indictment.**

A court may exercise its supervisory power in three situations: "[T]o implement a remedy for violation of recognized rights; to preserve judicial integrity by insuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505, 103 S.Ct. 1974, 76 L.Ed.2d 96 (1983) (citations omitted). In order to invoke the court's inherent supervisory authority to take the drastic measure of dismissing an Indictment, the defendant must show prejudice in the form of a violation of her constitutional rights or that the government has engaged in misconduct. *United States v. Elmardoudi*, 611 F. Supp. 2d 872, 878 (N.D. Iowa 2007). The defendant has failed to make either showing.

Invocation of the court's supervisory powers to dismiss an Indictment is a drastic measure, to be taken in only the most severe cases of misconduct by governmental agents. *See, e.g., United States v. Hemphill*, 544 F.2d 341, 344-45 (8th Cir. 1976). The undersigned can find no reported case in which the Eighth Circuit has affirmed a district court's invocation of supervisory authority to

dismiss an Indictment. Absent the showing required in Hasting, this Court should not invoke its supervisory authority to dismiss the Indictment in this case.

## CONCLUSION

Based on the foregoing, the United States requests the Court deny the defendant's Motion to Dismiss and for Alternative Relief, filed at Doc. 238.

Dated this 7th day of August, 2023.

                            ALISON J. RAMSDELL
                            United States Attorney


                            */s/ Heather Knox Sazama*
                            _____
                            Heather Knox Sazama
                            Assistant U.S. Attorney
                            515 Ninth Street, Suite 201
                            Rapid City, SD  57701
                            (605)342-7822