UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>DEFENDANT'S MOTION TO DISMISS<br><br>AND FOR ALTERNATIVE RELIEF<br><br>SUPPLEMENTAL REPLY TO<br><br>GOVERNMENT'S OPPOSITION<br><br>DOCKET NO'S 253 AND 255 |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Lawrence L. Piersol
United States District Judge
Rm 202 United States Courthouse
400 S. Phillips Avenue
Sioux Falls, SD 57104

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable Court for Dismissal of the Pending Indictment and For Alternative Relief. This Reply Responds to the Government's Memorandum in Opposition To Defendants Supplemental Motion to Dismiss and should be granted for the following reasons:

**GOVERNMENT'S DEFICIENT PLEADINGS, DOCKET NO 255 AND 257 AND WAIVER OF ARGUMENT, REPEATED MISREPRESENTATIONS AND FAILURE TO RESPOND**

1. In its most recent pleading, replete with lies and misrepresentations, the Government claims to respond to Defendant's Supplemental Motion to Dismiss, Docket No. 253, which raised additional specific factual, jurisdictional and misconduct issues, none of which have been

addressed by the Government. Defendant's Docket No. 253 is an 11-page Motion with a new exhibit, raising the issue of forgery of an official Government record, See Defendant's Exhibit A, Docket No. 253-1, and Docket No. 253 paragraphs 16-19. The Government has not responded to this specific misconduct issue and has therefore waived argument as to that issue.

2. The Government has now finally conceded that it lacks jurisdiction pursuant to the Major Crimes Act but now claims a General Crimes Act jurisdiction which is faulty, misunderstands the law and presents the issue as if it were one for trial, rather than one that can be raised at any time, both pretrial and at trial, as is abundantly clear from a cursory review of Federal Rule of Criminal Procedure 12(b)(2).

3. It is the Government's burden to establish that it has jurisdiction and it has failed to meet that burden and failed to respond to the Defendant's clear statements of law presented in Docket 238, 253 and 256. Specifically, in 256, Defendant cites Supreme Court authority establishing that the federal courts are of limited jurisdiction, not general jurisdiction, as the Government claims. See Docket No. 256, paragraphs 23 – 27. The Government has not responded to this rebuttal of its failed jurisdiction argument and has waived argument of the jurisdiction issue.

4. The Defendant has raised specific issues of Grand Jury Misconduct in Docket No.'s 253 and 256, specifically at paragraphs 11, 21 and 22. These paragraphs specifically respond to the Government's statements about materiality, explain how these asserted lies to the Grand Jury, are material, and should be discovered via *Brady* and the Due Process Protections Act and general due process considerations. The Government has not responded to this legal argument and has thereby waived argument as to this issue.

5. The Government falsely represented to this Court that there was no single bullet at issue in this case. When this lie was discovered, and clear evidence provided, then the Government lied again, falsely claiming that these were bullet fragments. Now the Government pretends that these are all "discovery disputes" and have already been litigated, except that is also not true. This Court is fully aware that the Defendant has appealed the biased rulings of Magistrate Duffy in Docket No.

254. The Government has so far failed to file any response to this appeal. It is settled law that any issue that is still being litigated, such as all of the issues raised in Defendant's Motions to Compel, Docket No.'s 240 and 247 and in the Appeal, No. 254 are not adjudicated so have not been decided since they are all subject to Defendant's legitimate and pending Appeal.

6. Similarly, the Government continually makes false statements about the prior record in this case. Detailing the Government's repeated lies becomes tiring, but the Defendant would like to point out, yet again, that Discovery is a continuing obligation on the part of the Government, yet the Government has provided exactly zero additional discovery since the Defendant became pro se, even as it has to concede that it has been aware from the beginning that Defendant had absolutely nothing to do with the shooting at issue in this case.

7. This blatant misconduct on the part of the Government has gone completely unpunished, even as the original Prosecutor apparently presented known fabricated testimony to the Grand Jury, See Docket No. 256 at paragraphs 21 and 22. The Government has not responded to Defendant's assertions of Grand Jury misconduct. Although the Defendant lacks the Grand Jury transcript and exhibits to fully prove this issue, it is remarkable that the Government has failed to respond to this allegation, strongly suggesting that it is true.

8. The Defendant has a pending CJA Order from Judge Schreier, countersigned by Chief Judge Lavenski R. Smith, ordering testing of the bloodstained bullet at issue in this case, yet the Government has said absolutely nothing about this order, and has not presented any argument about its validity, or any valid argument as to why this testing should not be conducted, or why this Court is not bound by an Order from the Eighth Circuit Court of Appeals (See Docket No. 254).

9. The obvious unspoken reason why this testing has not already occurred is that it would reveal the lie at the core of this case, that the Government presented known perjured testimony to the Grand Jury, and that there is an ongoing coverup relating to that issue. This shocking misconduct has caused enormous damage to this Defendant, is a fraud upon this Court and is required to be

revealed by the individual rights guaranteed by the U.S. Constitution and the statutes and rules this Court is required to follow.

10. The Defendant has made a number of arguments based upon Lakota Treaty Law, with specific citations to current, binding ratified Treaties between the Lakota and the United States, see Docket No.'s 238 and 256. In 238, the Defendant specifically cites Treaty provisions and discusses its application to this case. In 256 the Defendant provides the Constitutional authority for these Treaty rights being the supreme law of the land, See paragraphs 31-35. The Government has failed to respond to these legal arguments and has therefore waived argument as to this issue.

11. In addition to the problem with in personam jurisdiction relating to the Defendant, see above and Docket No. 256, the Government mistakenly claims that corrupt former CI Puckett is not required to be a federal agent, in order to justify a claimed violation of 18 U.S.C. § 1001. This is inconsistent with federal law, and contrary to the Eighth Circuit Model jury instructions. Similarly, the Government fails completely to respond to the materiality issue relating to this charge, which is discussed in Defendants Motions to Dismiss and again in Docket No. 256, paragraphs 28 – 30. The Government has not responded to these legal arguments and has thereby waived argument as to these issues.

**WAIVER OF ARGUMENT**

12. Clear civil and criminal federal law exists regarding waiver of argument. In the civil context:
    > "Our system of justice is adversarial, and our judges are busy people. If they are given plausible reasons for dismissing a complaint, they are not going to do the plaintiff's research and try to discover whether there might be something to say against the defendants' reasoning." Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir. 2011) (quoting Kirksey v. R.J. Reynolds Tobacco Co., 168 F.3d 1039, 1041 (7th Cir. 1999))."

13. If the Court is presented with a colorable argument in a motion to dismiss, and the plaintiff fails to respond to that motion, the Court will assume that the plaintiff concedes the insufficiency of its complaint. Indeed, failing to make an argument before the district court would, in the end,

amount to a waiver of the argument on appeal, see: *Soo Line R.R. Co. v. Conrail*, 965 F.3d 596, 601 (7th Cir. 2020).

14. The Seventh Circuit has instructed district courts that plaintiffs must generally be afforded "at least one opportunity to try to amend [their] complaint before the entire action is dismissed." *White v. Ill. State Police*, 15 F.4th 801, 808 (7th Cir. 2021). Therefore, when a plaintiff fails to respond to a colorable motion to dismiss, the Court will grant the dismissal without prejudice, but will afford the plaintiff one additional opportunity to cure the deficiencies in the complaint. Failure to respond to a second motion, or to timely repair the complaint, will result in a dismissal of the action for want of prosecution. See Fed. R. Civ. P. 41(b).

15. In federal criminal law, there is also clear case law establishing the legal proposition that a party's failure to respond to argument acts as a waiver, for example, *United States v. McKinley*, 227 F.3d 716, 718-19 (6th Cir. 2000), holding government waived argument for firearm enhancement by not raising it during the first appeal). Similarly, *United States v. Archibald*, 589 F.3d 289, 295 (6th Cir.2009) holding that the government waived argument that search occurred incident to arrest by failing to present it to the district court; see also *Singleton v. Wulff*, 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976) ("It is the general rule ... that a federal appellate court does not consider an issue not passed upon below.")...

16. In *U.S. v. Rewald*, 889 F.2d 836 (9th Cir. 1989) the Court found the Government's briefing "inadequate" and denied the Government's Motion to Dismiss the Appeal, noting: "The government even failed to respond to Rewald's Jencks Act claim, which we have found to have merit."

17. Parties can waive argument on appeal and also in the District Court, as is the case here. In *U.S. v. Kimmel*, 741 F.2d 1123 (9th Cir. 1984), the Court affirmed the dismissal of Kimmel's case (a retrial after successful appeal) based upon a due process violation. The court noted: "In light of the government's failure to rebut Kimmel's specific allegations of prejudice before the district

court, we hold that Kimmel's unchallenged allegations support a finding of substantial prejudice sufficient to warrant dismissal of the indictment on due process grounds."

18. The Court in *Kimmel* specifically addressed the Government's failure to address the substantive issues in Kimmel's Motion to Dismiss, stating at page 1126, highlighting added: "The government failed to respond to Kimmel's motion to dismiss in the district court except for a cursory oral statement that the district court should wait until after retrial to evaluate Kimmel's claims of prejudice. Kimmel's motion stated that the absence of assistance of counsel at his first trial had prejudiced his ability to present a complete defense at his retrial and set forth specific allegations of how his defense had been prejudiced. Especially in light of the government's failure to contest Kimmel's allegations in the district court, the court did not err in dismissing the indictment on the ground that retrial would violate Kimmel's due process rights."

19. The Government's failure to respond, or cursory response discussed above represents a waiver and failure to respond to legitimate legal argument and supports dismissal with prejudice, consistent with Kimmel and the additional legal authorities provided in this reply and Defendant's other Motions.

The Defendant Moves this Honorable Court to Dismiss this Indictment and For Alternative Relief Consistent with this Motion and Defendant's other Motions.

Dated this 10th day of August 2023

Respectfully,

/s/ Kimberlee Pitawanakwat

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com