UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff<br><br>v.<br><br>KIMBERLEE PITAWANAKWAT<br><br>Defendant | 5:20-CR-50122<br><br>SECOND SUPPLEMENTAL MOTION TO DISMISS AND FOR REFERRAL OF AUSA HEATHER K. SAZAMA TO THE DEPARTMENT OF JUSTICE FOR INTENTIONAL VIOLATION OF 18 U.S.C. § 1001(a)(3) – SUBMITTAL OF A FALSIFIED ARREST RECORD |

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com

The Honorable Lawrence L. Piersol
United States District Judge
Rm 202 United States Courthouse
400 S. Phillips Avenue
Sioux Falls, SD 57104

Re: Second Supplemental Motion to Dismiss and For Referral of AUSA Heather K. Sazama and Others named in this Motion to the United States Department of Justice for intentionally violating 18 U.S.C. § 1001(a)(3) and for the following reasons:

I, Kimberlee Pitawanakwat, the Defendant in the above captioned case, respectfully moves this Honorable Court for Dismissal of the Pending Indictment and For this Honorable Court's Order Referring AUSA Heather K. Sazama and Others to the United States Department of Justice for investigation of an alleged

violation of 18 U.S.C. § 1001(a)(3) and for additional corrupt conduct. This Motion Supplements Defendant's First Motion to Dismiss, Docket No. 238, Defendant's Supplemental Motion to Dismiss, No. 253 and both replies, No.'s 256 and 258 with additional Facts, Evidence and Legal Argument and should be granted for the following reasons:

**NEW EVIDENCE OF OUTRAGEOUS GOVERNMENT MISCONDUCT**

1. AUSA Heather K. Sazama has been the prosecutor assigned to the Defendant's case from its inception on September 17, 2020, until August 15, 2023, when SUSA Timothy M. Maher, filed a Notice of Appearance (Docket No. 259) in Defendant's case and noticed the withdrawal of AUSA Sazama. AUSA Sazama was also terminated as counsel on the co-defendant's case and replaced by Mr. Maher.

2. Noticeably, in the co-defendant's case no formal pleading was filed, suggesting that there must have been some ex-parte communication between the United States Attorney's Office and the Court regarding the replacement of AUSA Sazama on co-defendant's case.

3. AUSA Sazama was terminated as prosecutor on both cases one month shy of working on them for three years. The United States has provided no explanation for Sazama's sudden withdrawal, but I assert that the reason for it is *Brady* information and must be disclosed in a "timely" fashion, as required by the Due Process Protections Act.

4. Instead of providing timely *Brady* information of this repeated misconduct the United States is content to continue this false prosecution, in violation of this Defendant's Constitutional rights.

**GOVERNMENT'S FALSE WARRANT RETURN**

5. Mr. Maher's filing fails to provide any explanation for the withdrawal of Sazama, except that it comes eight working days after the Defendant provided incontrovertible evidence that Ms. Sazama presented a false document to this Court, Docket No. 253, paragraph 16, aided and abetted by Deputy United States Marshal Joshua Petersen, and Sandy Koedam, believed to be Sazama's legal assistant.

6. A warrant return is required by Federal Rule of Criminal Procedure Rule 9(c)(2). The form of such a return is governed by Rule 4(c)(4), which states as follows:

    "(4) Return

    (A) After executing a warrant, the officer must return it to the judge before whom the defendant is brought in accordance with Rule 5. The officer may do so by reliable electronic means. At the request of an attorney for the government, an unexecuted warrant must be brought back to and canceled by a magistrate judge or, if none is reasonably available, by a state or local judicial officer."

7. It is an integral part of the Federal Rules of Criminal Procedure that a Defendant arrested in a District other than where the offense was allegedly committed has Due Process rights pursuant to the Constitution and pursuant to the Federal Rules of Criminal Procedure, see Rule 5(c)(2). The warrant authorizing arrest is a foundational case document, as is the return of service information.

8. The Due Process clauses in the United States Constitution prohibit courts from exercising personal jurisdiction over a defendant unless the defendant has proper notice of the Court's proceedings. To meet this rule, courts require plaintiffs and prosecutors to arrange for defendants to be served with court papers such as warrants, notices, summonses and are collectively called process.

9. In this case the Defendant raised the issue of the false warrant return with her ineffective attorney, Frank Driscoll, in January 2023. Mr. Driscoll raised the matter with AUSA Sazama on February 1, 2023, by email and voice message. Sazama responded to Mr. Driscoll, "Hi Frank! I'm checking with Joshua Petersen on this and will give you a call when I get some information from him." Mr. Driscoll followed up on this on February 13, 2023, asking for more information about the "odd notations" on the warrant return. Sazama responded one minute later as follows: "Yes. Deputy US Marshal Petersen was asked to complete the return to complete a paperwork chain. An unknown law enforcement officer in Oregon arrested Ms. Pitawanakwat. I have no information on the circumstances of her arrest in that state."

10. It appears that AUSA had missing information about the Defendant's arrest in Oregon and therefore decided to fabricate an official Court document with intentional misrepresentations, including the following: a) The date that the warrant was issued has been altered from September 17, 2020, to September 18, 2020; b) The date of Defendant's arrest has been fabricated as September 28, 2020, See Docket No. 253-1; c) the location of Defendant's arrest has been fabricated as Rapid City, instead of Siletz, Oregon; and d) the arresting officer was not DUSM Peterson, but was in fact Deputy Akin of the Lincoln County Sheriff's Office. DUSM Peterson appears to recognize that he is making a falsified declaration in notes at the bottom right of the page where he adds "on behalf of unknown."

11. It appears from this evidence that Sazama conspired with DUSM Petersen to produce a false document in order to cover up the lack of a valid warrant return from over two years previously. Legal Assistant Sandy Koedam then filed the document for Sazama on January 24, 2023, one week before the trial date, as it was then scheduled.

12. The "Request For Fugitive Complaints" filed with the Lincoln County Sheriff's Office in Defendant's and her co-defendant's cases lists a warrant number of MP-3312371 in both cases and the issuing agency as the Minneapolis FBI, ORI MNFBIMP00. The requesting agent is listed as "unknown" in one document and just "FBI" in the other document. It is a violation of the Defendant's Due Process rights not to have discovery of the warrant and the agent who issued the warrant and is suggestive of additional misconduct that has not yet been revealed, discovered, or provided as *Brady* information.

13. In *Brady v. Maryland*, the Supreme Court held that withholding exculpatory evidence violates due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution."373 U.S. 83, 87 (1963). Thus, prosecutors have an affirmative duty to timely disclose exculpatory information when such information is "material" to guilt or punishment. See also *Cone v. United States*, 129 S. Ct. 1769, 1783 (2009) (citing *United States v. Bagley*, 473 U.S. 667, 682 (1985)) (defined evidence as "material" when "there is

a reasonable probability that, had the evidence been disclosed, the result of the proceeding would have been different.") Since 1963, courts have clarified and analyzed issues such as what is favorable information, where the prosecution must look for it, how materiality must be assessed, when it must be disclosed, and in what format. It is undisputed that the government remains bound by this precedent, and that the Court has the power to sanction the government for failing to comply.

14. 18 U.S.C. § 1001 (a)(3) makes it a felony offense with a five-year statutory maximum to "(a) Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully"… "(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry."

15. AUSA Sazama, together with DUSM Petersen, assisted by Sandy Koedam knowingly and willfully made a false federal writing, within the jurisdiction of the Judicial branch of the federal government (United States District Court warrant return, stamped with the official Court Seal filed in the ECF record of this case, Docket No. 202), knowing that the document contained materially false, fictitious, and fraudulent information.

16. For the United States to ignore Sazama's clear violation of 18 U.S.C. § 1001, while falsely prosecuting this Defendant for the same offense violates this Defendant's rights to Equal Protection pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

17. In addition, AUSA Sazama has consistently lied about the Defendant's case, presented false statements, lied in Court documents about the physical evidence, and presented a forged or falsified arrest document detailed in this Motion and Defendant's other substantive pleadings.

**NEW FACEBOOK EVIDENCE OF GOVERNMENT MISCONDUCT**

18. Now there is new evidence that AUSA Sazama is involved in improper communications with corrupt former Criminal Investigator Puckett, is encouraging this disgraced officer to re-apply for

his former position and may be currently or previously involved in an improper physical relationship with Puckett.

19. Evidence supporting this new allegation of Government misconduct is contained in Defendant's Exhibit A to this Motion. The contents of Exhibit A are screen shots taken from public Facebook profiles. It is settled law that there is no expectation of privacy in public Facebook postings.

20. Facebook is a well-known social media application used for communication between friends and family. Profiles on Facebook can be set to private, public, or partially public or private. The Government's former case agent, corrupt CI Puckett has a public Facebook profile that uses his name "Derek Puckett" and a profile picture of Puckett wearing a suit.

21. AUSA Sazama has a public Facebook profile that uses the name "Heather Knox" and a profile picture of her in a vacation setting. It is clear from the public postings on the Heather Knox profile that this is AUSA Sazama's personal Facebook page.

22. The following is a comparison of the Heather Knox Sazama profile from the Goosman Law Firm (her prior employer) compared to the "Heather Knox" Facebook profile, apparently from the Venetian Hotel in Las Vegas. It is clear that they are one and the same person.



Sazama Prior Law Firm Profile          Sazama "Heather Knox" Facebook Picture

23. On August 15, 2023, Puckett posted Vacancy announcement #23-089, an Oglala Sioux tribal advertisement for a "Criminal Investigator" Grade Level 39/0. Puckett's comment that accompanied the job posting is as follows: "I better get my app back in." – clearly establishing again that Puckett is no longer a police officer, highlighting *Brady* implications that Defendant has already raised.  One of the comments to this post references that Puckett would make more money than "checking backpacks" indicating that Puckett is indeed a school security guard and not a police officer.

24. A number of comments, likes, and other emoticon style reactions were posted in response to Puckett's posting. The sixth "like" is from the "Heather Knox" Sazama Facebook account:



25. The Defendant has asserted, based upon information received that Puckett is a corrupt former criminal investigator, who was fired for misconduct. There is clear evidence that Puckett is no longer a police officer. There is evidence of communication between Sazama and Puckett that is outside of any official communication channel. If Puckett was fired for misconduct, then a Department of Justice official should not support such a person being re-hired to his position. This suggests bias on the part of Sazama, a conflict of interest between her role as neutral prosecutor and the former case agent that raises serious questions.

26. It is noticeable that Puckett "likes" a number of Sazama's public Facebook pictures, raising questions about whether Puckett and Sazama have been involved in a physical relationship. If so, that would be a violation of the Department of Justice Ethics Regulations, including but not limited to 5 C.F.R. § 2635.501 - 503 (Subpart E - Impartiality in Performing Official Duties) and would also be required *Brady* disclosure and is evidence of misconduct.

27. In addition, 28 C.F.R. § 45.2 prohibits a DOJ employee, without written authorization, from participating in a criminal investigation or prosecution if he has a personal or political

relationship with any person or organization substantially involved in the conduct that is the subject of the investigation or prosecution, or any person or organization which he knows has a specific and substantial interest that would be directly affected by the outcome of the investigation or prosecution.

28. The Defendant has already challenged federal jurisdiction in this case in Defendant's Motion to Dismiss, Supplemental Motion to Dismiss, and both Replies to said Motions, Docket No.'s 238, 253, 256 and 258. The Government has now conceded that it does not have Major Crimes Act jurisdiction pursuant to 18 U.S.C. § 1153, and it is clear from Exhibit A, Puckett's posting of the Tribal Criminal Investigator job posting that such a tribal officer's federal jurisdiction only derives from the Major Crimes Act and does not authorize the investigation of other federal offenses and any such other crimes would have to be subject to tribal jurisdiction. It is also clear that a Tribal Criminal Investigator works for the tribe and not the federal government, another failure of jurisdiction. See Defendant's Docket No. 238, page 5, paragraph 7, and *Oglala Sioux Tribe v. United States et. al.*, 5:22-CV-05066-RAL.

WHEREFORE Defendant Prays this Court for its Order Dismissing this Indictment and For Referral of AUSA Sazama and Others named in this Motion to the Department of Justice for Investigation of Violation of 18 U.S.C. § 1001(a)(3) and for Additional Relief Consistent with this Motion.

Dated this 18th day of August 2023

Respectfully,

/s/ *Kimberlee Pitawanakwat*

Kimberlee Pitawanakwat
26214 Foster Road
Monroe, OR 97456
kimberlee.pitankwt@gmail.com