UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>KIMBERLEE PITAWANAKWAT,<br>Defendant | 5:20-cr-50122<br><br>MEMORANDUM OPINION<br>AND ORDER GRANTING<br>IN PART AND DENYING<br>IN PART DEFENDANT'S<br>APPEALS AND MOTIONS |
|---|---|

Pending before the Court are two appeals by the Defendant, (Doc. 252, 254), of the Magistrate Judge's rulings on motions to compel, (Doc. 243, 251). Proceeding pro se, the Defendant has filed several motions, including motions to compel, (Doc. 240, 247, 252), and motions for discovery, investigations, and other matters. (Doc. 240, 247, 253, 256, 258). She has filed an additional miscellaneous motion as well, (Doc. 245). The Government has filed responses to Defendant's motions, (Doc. 242, 248), and the Defendant has filed a reply, (Doc. 250).

The Defendant's appeals and motions are granted in part and denied in part.

**BACKGROUND**

Defendant was indicted for making materially false statements in violation of 18 U.S.C. § 1001(a)(2) and as an accessory to George Dull Knife in connection with a shooting in violation of 18 U.S.C. § 3. (Doc. 1). Defendant was released

1

with conditions pending trial, (Doc. 18), and currently resides in the State of Oregon. Dull Knife pleaded guilty to the charges against him and was sentenced to 72 months imprisonment. (Doc. 179, 216). Defendant is proceeding pro se, having become dissatisfied with the attorneys assigned to represent her. She has maintained her innocence in her many filings with the court.

### APPEAL OF MAGISTRATE'S ORDERS (Doc. 252, 254)

When a Magistrate exercises authority pursuant to 28 U.S.C. § 636(b), the district court may "reconsider any pretrial matter…where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b(1)(A). The appeal must be filed within fourteen days. Id.

Defendant has filed appeals (Doc. 252, 254), of the Magistrate's denial of her motions to compel, (Doc. 243, 251). She styles her appeal at Doc. 252 as both a third motion to compel and an appeal to the District Court of the Order in Doc. 251. Her appeal at Doc. 254 concerns the Magistrate's Orders in Doc. 243 and 251. Given the overlap in the filings, the Court will address them together.

Without any basis, the Defendant alleges racism and bias of the Magistrates who have handled issues in her case. (Doc. 254, PgID 1385, 1387). Defendant makes similar allegations in Doc. 252. The Court denies Defendant's motion that Magistrate Duffy be forced to recuse herself, (Doc. 254, PgID 1391), and affirms the denial of the motion for recusal of the Judges assigned to this case. (Doc. 247).

The Court discerns no basis for recusal, given that the Defendant's statements about the Magistrate do not amount to "reasonably" questioning her impartiality. 28 U.S.C. § 455(a). Furthermore, there is no basis to question the impartiality of the four other judges who have handled aspects of Defendant's case, including this Court. Defendant has failed to meet the "substantial burden" of establishing that these judges are not impartial. *United States v. Woods,* 978 F.3d 554, 570 (8th Cir. 2020) (quoting *United States v. Ali,* 799 F.3d 1008, 1017 (8th Cir. 2015)). See also *United States v. Minard* 856 F.3d 555, 557 (8th Cir 2017). The Court denies the motions for recusal of all of the judges involved in this case.

The Defendant's allegation of "misconduct" based on a change of judge is unfounded. (Doc. 250, PgID 1296-97). Scheduling of the trial in Deadwood, SD, is appropriate as that is a location in the Western District of South Dakota. The jury pool for the case will be drawn from the Western District, not solely from Deadwood. That would also be the case if the trial were in Rapid City or elsewhere in the Western District. Again, the Court discerns no basis for recusal, given that the Defendant's statements about the Court do not amount to "reasonably" questioning its impartiality. 28 U.S.C. § 455(a). *Woods,* 978 F.3d at 570.

Defendant alleges the Magistrate Judge exceeded her authority in resolving a "dispositive motion," (Doc. 254, PgID 1384), arguing the ruling involved injunctive relief. She makes a similar argument in Doc. 252. The Court affirms

3

the authority of the Magistrate to issue orders concerning discovery, which are neither dispositive nor grants of injunctive relief. See generally, *Swanson v. DeSantis*, 606 F.3d 829, 832 (6th Cir. 2010). The Magistrate did not exceed her authority under 28 U.S.C. § 636(b)(1)(A), D.S.D. Crim. LR 57.11, or the Court's Standing Order 21-08. (Doc. 247-1).

Furthermore, this Court has reviewed the Magistrate's order at Doc. 243 and 251. *Bruno v. Hamilton*, 521 F.2d 114, 116 (8th Cir. 1975) (holding district court has inherent power to review final decision of magistrate). See also *Cambria Company, LLC v. Disney Worldwide Services, Inc.*, 2023 WL 4559436, *2 (D. Minn. 2023) (same). As the Eighth Circuit has noted, it is not unusual for district courts to refer nondispositive pretrial matters to a magistrate judge. *Devine v. Walker*, 984 F.3d 605, 607 (8th Cir. 2020). Once that is done, the district court must consider timely objections to the magistrate's order. *Id.* See Fed. R. Civ. P. 72(a). In this case, whether the Court's review is de novo or based on a clearly erroneous standard, the Court finds no reason to disturb the Magistrate's Orders, with one exception discussed below in the context of Defendant's motions to compel testing of a bullet fragment. (Doc. 240, 247, 252).

**MOTIONS TO COMPEL (Doc. 240, 247, 252)**

1. Defendant's motions

4

Defendant's initial motion to compel can be summarized as requesting the following: testing of a bullet, (Doc. 240, PgID 1192-93), direct access to discovery, (id., PgID 1193), and information about a potential witness for impeachment, (id., PgID 1196). She seeks the grand jury transcript, (id., PgID 1197), which the Government states will be provided on the Friday before trial begins. (Doc. 242, PgID 1218). She asserts a co-defendant was given more discovery than she was, which the Government denies. (Doc. 242, PgID 1215; Doc.248, PgID 1286). She seeks bodycam and dashcam footage, (Doc. 240, PgID 1197). She alleges racism and denial of equal protection by comparing herself to a defendant in an unrelated case. (Id.).

In her second motion to compel, Defendant repeats her claims of entitlement to testing of a bullet, (Doc. 247, PgID 1229-30), and expands on her claims of judicial misconduct and prosecutorial misconduct, seeking recusal of the judges assigned to her case and sanctions against the prosecuting attorney. (Id., PgID 1227-31, 1233-34, 1236-37, 1243-44). The Defendant again challenges the lack of disclosure of impeaching information about a potential witness, (id., PgID 1240-41), and alleges information about an informant has not been provided, (id., PgID 1240-41). She challenges the representation by her previous counsel as deficient. (Doc. 247-2).

In her third motion to compel, (Doc. 252), which is also an appeal of the Magistrate Judge's order denying her previous motions to compel, she repeats her claim regarding testing of a bullet, challenges the authority of the Magistrate Judge, and seeks recusal of that Judge for "animus and bias." (Doc. 252, PgID 1306). She repeats those claims in her appeal of the Magistrate's decision on her previous motions to compel. (Doc. 254, appealing Docs. 243, 251). In additional filings, she realleges claims of Government misconduct, lack of jurisdiction, Grand Jury misconduct, due process violations, and violation of treaty rights. (Doc. 256, 258).

2. Analysis

The Court recognizes that a Judge previously assigned to this case authorized the testing of a bullet fragment at Defendant's request. (Doc. 247-4, PgID 1249; Doc.254-2, PgID 1446-47). The credentials of the individual authorized to conduct the test are established at Doc. 247-3, PgID 1266. This Court will not disturb the grant of approval of the testing Defendant requested, and the Defendant's motion for the testing to be conducted is granted. (Doc. 240, 247, 252, 254). Defendant's additional motions for testing filed in the context of motions to dismiss are denied as moot. (Doc. 253, 258).

The Court advises that the testing should be scheduled immediately to ensure the results are available at least 30 days prior to the commencement of trial

on October 16, 2023. The Court cautions the Parties that although the testing may proceed, the relevance of the evidence for introduction at trial has not been established. Whether the evidence may be introduced pursuant to FRE 401 and 402 will be established in the pretrial setting. Fed. R. Evid. 401, 402.

The Court affirms the denial of Defendant's motions to compel to the extent Defendant seeks direct access to discovery. (Doc. 240). The Defendant's review of discovery will comport with the District of South Dakota's Local Rule 16.1. (D.S.D. Crim. LR 16.1). The issue was litigated by Defendant previously and decided adversely to her. (Doc. 39, 40, 41, 45). Her pro se status does not require a different outcome.

The Court affirms the denial of the motion for a transcript of the Grand Jury proceeding to the extent Defendant seeks immediate disclosure. As noted above, the Government has stated it will produce a transcript on the Friday before trial. (Doc. 242). That satisfies the Government's obligation to disclose the information. 18 U.S.C. § 3500; Fed. R. Crim. P. 26.2.

The Magistrate Judge did not rule on the motion for an investigation of the prosecuting attorney in the case. (Doc. 247, PgID 1244). Having reviewed the Defendant's allegations in her motions and reply, (Doc. 250), the Court discerns no basis for an investigation and denies the motion.

Defendant's request for impeaching information about a potential witness was addressed by the Government in its statement that it did not have evidence that must be released pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) or *Giglio v. United States*, 405 U.S. 150 (1972). To the extent such information becomes available, the Court directs that it be released to the Defendant. With respect to bodycam and dashcam videos, the Government asserts that it has given the available information to Defendant's previous attorneys, which presumably has been passed on to her. (Doc. 242, PgID 1215). It is unclear to the Court whether Defendant persists in this claim, which has not been addressed in her subsequent filings, and can be renewed if necessary. The Government's list of discovery provided to Defendant indicates that interview recordings, dashcam and bodycam videos, and other information has been provided to Defendant. (Id., PgID 1215-16). The Court will not enter any other order for discovery at this time and affirms the denial of additional orders for discovery.

Defendant has moved for a transcript of a hearing conducted by the Magistrate Judge on June 5, 2023, regarding Defendant's motion to proceed pro se. (Doc. 245). In denying the motion, the Magistrate Judge explained the reason for requiring Defendant to appear in person was to evaluate Defendant's request and understanding of the ramifications of proceeding pro se. (Doc. 251, PgID 1300). In light of the granting of the motion to proceed pro se, the Defendant's

justification that she wants the transcript "to file additional motions relating to the extensive pretrial delay and other issues," (id., PgID 1225), fails to establish good cause for the transcript. Furthermore, the Magistrate has indicated delay was not addressed at the hearing. (Doc. 246). Therefore, given the reason for the hearing, the granting of Defendant's motion to proceed pro se as a result of the hearing, and the number of delays caused by or agreed to by Defendant reflected in the docket, the Court affirms the denial of the motion.

## CONCLUSION

Defendant's appeal of the Magistrate's Order in the context of the motion for testing of a bullet as previously granted will be conducted as expeditiously as possible. The Court will rule on the admissibility of any evidence resulting from the testing as part of the trial process.

The Defendant's appeals of and motions for recusal of judges and an investigation of the prosecuting attorney are denied as unsupported by the evidence. The denials of Defendant's motions for direct access to discovery, immediate release of the Grand Jury transcript, and a transcript of the hearing on the request to proceed pro se are affirmed. The denials of Defendant's motions for release of information on confidential informants and impeachment are affirmed based on the Government's affirmation that it is aware of its discovery obligations and has complied with them.

In sum, Defendant's appeals of the Magistrate's ruling are granted to the extent they relate to the testing of a spent bullet that has been ordered. All remaining issues in the appeals are denied.

Accordingly, IT IS ORDERED that

1. Defendant's motions to compel, (Doc. 240, 247, 252), are granted to the extent they seek testing of a spent bullet as authorized at Doc. 247-4;

2. Defendant's motions to compel are denied to the extent Defendant seeks additional relief;

3. Defendant's appeals, (Doc. 252, 254), of the Magistrate's decisions on her motions to compel are granted to the extent they relate to the approval of testing of a spent bullet and are denied in all other respects.

Dated this 22nd day of August, 2023.

BY THE COURT:

*Lawrence Piersol* (signature)
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*Matthew Thelen* (signature)