UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br><br>vs.<br><br>KIMBERLEE PITAWANAKWAT,<br>Defendant | 5:20-cr-50122<br><br>MEMORANDUM OPINION<br>AND ORDER DENYING<br>MOTIONS TO DISMISS<br>AND MOTION TO EXCUSE<br>STANDBY COUNSEL |

Pending before the Court are several pretrial motions filed by Defendant. First is her motion for continuance, (Doc. 237), rendered moot by the scheduling order which sets her trial for October 16, 2023. (Doc. 239). The remaining motions include her Motion to Dismiss and for Alternative Relief, (Doc. 238); a second motion to dismiss, (Doc. 253); a third motion to dismiss, (Doc. 260); and a motion to dismiss her standby counsel, (Doc. 261). The Government has responded, (Doc. 255, 257), and Defendant has filed replies, (Doc. 256, 258), and a supplement, (260).

Defendant filed a pro se motion to dismiss previously, in which she raised issues of discrimination, lack of jurisdiction, and other matters similar to what she raises in her current motions. (Doc. 29). The district court did not consider her

1

motion because Defendant was represented by counsel. (Doc. 32). The court's order indicated Defendant could refile her motion if she were permitted to proceed pro se, (id.), which she has done.

## BACKGROUND

Defendant was indicted for making materially false statements in violation of 18 U.S.C. § 1001(a)(2) and as an accessory to George Dull Knife in connection with a shooting in violation of 18 U.S.C. § 3. (Doc. 1). Defendant was released with conditions pending trial, (Doc. 18), and currently resides in the State of Oregon. Dull Knife pleaded guilty to the charges against him and was sentenced to 72 months imprisonment. (Doc. 179, 216). Defendant is proceeding pro se, having become dissatisfied with the attorneys assigned to represent her. She has maintained her innocence in her many filings with the court.

## MOTIONS TO DISMISS

1. Legal Standard for Dismissal

Defendant invokes F.R.Cr.P. 12 as the basis for her motions to dismiss. Fed. R. Crim. P. 12. The district court has the authority to dismiss an indictment pursuant to its supervisory powers as follows: "[T]o implement a remedy for violation of recognized rights; to preserve judicial integrity by insuring that a conviction rests on appropriate considerations validly before the jury; and finally, as a remedy designed to deter illegal conduct." *United States v. Elmardoudi*, 611 F.

Supp.2d 872, 878 (N.D. Iowa 2007) (quoting *United States v. Hasting*, 461 U.S. 499, 505 (1974)). The court may dismiss an indictment for outrageous government conduct "only if the conduct falls within the narrow band of the most intolerable government conduct." *United States v. Boone*, 437 F.3d 829, 841 (8th Cir. 2006). See also *United States v. Jones*, 70 F.4th 1109, 1112 (8th Cir. 2023) (to warrant dismissal, Government conduct must "shock the conscience").

The jury is given the task of evaluating the credibility of witnesses. *United States v. Dowty*, 37 F.4th 489, 494 (8th Cir. 2022); *United States v. Never Misses A Shot*, 781 F.3d 1017, 1025 (8th Cir. 2015). As *Never Misses A Shot* reinforced, the jury weighs the testimony of witnesses, including any impeaching evidence. *Id.*

2. Defendant's allegations (Doc. 238, expanded upon by Doc. 253, 260).

   A. Defendant's account of "background of the case"--Defendant provides a lengthy statement of her view of pertinent "background information," alleging incompetence of counsel, (Doc. 238., PgID 1173), asserting the lack of factual basis for the charges, (id., PgID 1174-75), discussing a felony conviction for failure to register as a sex offender of one of the victims in the case, (id., PgID 1176), and complaints that she has not received sufficient evidence of this witness's background. The Court notes that Defendant's motions to compel discovery, (Doc. 240, 247), were resolved in a separate order.

Defendant's first motion to dismiss continues with an allegation that a witness lied to investigators about the shooting incident and seeks to test a bullet found in the victims' car. (Doc. 238, PgID 1177). She challenges the credibility of an investigating officer, accuses the Government of violating its treaty obligations in its hiring of "allegedly corrupt tribal police," (id.), and repeats rumors about an officer. (Id., PgID 1177-78). She accuses prior judges assigned to the case of failing to assist her in "establishing the truth" and of treating her "as barely human." (Id., PgID 1178).

Defendant's additional filings include allegations that jurisdiction is lacking, (Doc. 253, PgID 1375), the Government has engaged in misconduct, (id., PgID 1371), and the Government has perpetrated lies, (id. PgID 1373, 1377). She adds to her third motion to dismiss a motion that the prosecutor in the case be referred to the Department of Justice for investigation and includes unfounded personal attacks on the prosecutor, (Doc. 260, PgID 1483).

B. Defendant's allegation of "failure to state an evidentiary basis for Count V"—Defendant asserts that she "understands that the Government has no factual evidence" to support Count V. (Doc. 238, PgID 1178-79). She asserts the prosecutor admitted this to one of her prior defense counsel, and seeks to subpoena him and to delay the case so she can conduct more research.

The Court notes that the case has been delayed rendering Defendant's request for delay moot. Defendant is free to subpoena witnesses for trial if she so desires.

The Government responds that Defendant's allegation concerning lack of support for Count V is in essence an allegation of error in the Grand Jury proceedings. The Court discerns no such error in Defendant's unsupported allegation about her "understanding" of a lack of evidence, and denies the motion to dismiss on this basis. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 254 (1987); *United States v. McKie*, 831 F.2d 819, 821 (8th Cir.1987). See also *United States v. Stewart*, 2021 WL 2948547, *2 (D.S.D. 2021).

C. Defendant's allegation that "without an evidentiary basis for Count V, jurisdiction is lacking for a charge under the Major Crimes Act for an alleged violation of 18 U.S.C. § 1001" (Doc. 238, PgID 1179)— Defendant also renews her claims of lack of jurisdiction in her subsequent filings, as noted above. (Doc. 253, PgID 1375; Doc. 256, PgID 1458; Doc. 258).

The evidence at trial will establish whether and where an offense occurred, and what role Defendant is alleged to have played in it. The Court will not grant a motion to dismiss unless "the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense." *United States v. Covington*, 395 U.S. 57, 60 (1969). See also *United States v.*

*Turner*, 842 F.3d 602, 604-05 (8th Cir. 2016). It is true that the court can rule on an issue of law presented in a case, but that is permitted only when consideration of evidence outside the indictment is "undisputed and agreed to by the parties." *United States v. Pope*, 613 F.3d 1255, 1261 (10th Cir. 2010).

The allegations in the indictment supply sufficient evidence for the Court to exercise jurisdiction in this case. (Doc. 1). The evidence at trial will determine what occurred and where. The Court denies the motion to dismiss based on this allegation.

D. Defendant's allegation that a law enforcement officer was not a federal law enforcement officer, and if he was, he acted "ultra vires" (Doc. 238, PgID 1179)—The evidence at trial will establish the facts surrounding the allegation that Defendant made false statements within the purview of 18 U.S.C.§ 1001(a). The Court denies Defendant's motion to dismiss on this basis. Her later filings continue to allege misconduct and corrupt actions on the part of an officer who may be a witness in the case. (Doc. 253, 258). Her allegations are speculative; they cannot and do not form the basis for a dismissal of the charges against the Defendant. The Court denies her motions to dismiss on this basis.

E. Defendant's allegation that "the Government's own witnesses concede no shooting took place at the Dull Knife residence" (Doc. 238, PgID 1179)—The evidence at trial will determine what the witnesses' accounts are and the jury will

be instructed to evaluate their credibility. *Never Misses A Shot*, 781 F.3d at 1025. The Court denies the motion to dismiss on this basis.

    F. Defendant's allegation that the Government has failed in its obligation to provide *Brady* information and that a law enforcement officer "is a corrupt officer and his corruption is being protected from *Brady* disclosure"—This issue has been resolved in connection with the resolution of Defendant's motions to compel, (Docs. 240, 247, 252). The issue is moot and the Court denies the motion to dismiss on this basis.

    G. Defendant's allegation that the Government is in violation of the Fort Laramie Treaty of 1868 and other treaties (Doc. 238, PgID1180; Doc. 256, PgID 1467; Doc. 258, PgID 1474)—Defendant invokes the recent decision in *Oglala Sioux Tribe v. United States*, ___ F.Supp.3d ___, 2023 WL 3606098 (D.S.D. 2023), as authority for her claim in Doc. 238. The lawsuit she references was filed by the Oglala Sioux Tribe to address funding of law enforcement on the reservation. It does not apply to Defendant's criminal case pending in this Court. Defendant's motion to dismiss or for additional time to do research is denied.

    Defendant also claims she may have treaty rights based upon the "bad man" clauses of the treaty. The Court can find no basis for her claim of "treaty rights," particularly because she is not an Indian for purposes of claiming such rights. (Doc. 255, PgID 1452). See generally *United States v. Stymiest*, 581 F.3d 759, 763-

64 (8th Cir. 2009) (discussing factors to determine status as Indian); *United States v. Driver*, 755 F.Supp. 885, 888 & n. 7 (D.S.D.) aff'd 945 F.2d 1410 (8th Cir. 1991) cert. denied 502 U.S. 1109 (1992); *St. Cloud v. United States*, 702 F.Supp. 1456, 1461 (D.S.D. 1988). Her motion to dismiss on this basis is denied.

H. Defendant's allegation that "previous court actions against Defendant have been prejudiced, unjust and likely are founded upon racist activity" (Doc. 238, PgID 1181)—Defendant supports her allegation by referencing "historical precedents regarding atrocities against Native Americans," "white supremacy," and several more descriptions of historical events. She claims a "racist and biased approach" to her case, (id., PgID 1182, ¶ 25). The Court finds there is nothing to support her allegation of racism or mistreatment in this case and denies her motion on this basis. *Jones*, 70 F.4th at 1112; *Boone*, 437 F.3d at 841.

J. Defendant's allegation of "onerous conditions of release, precluding contact with her daughter for over two years" (Doc. 238, PgID 1183)—Defendant claims this condition of release is part of a "pattern" of pressure to have her plead guilty and "further evidences a pattern of treating Native Americans as non-humans." (Id.). The Court recognizes that Defendant's daughter is a potential witness for the Government in the case. (Doc. 240).

Pursuant to 18 U.S.C. § 3142, the court may consider whether in lieu of detention, release on conditions is practicable. Previous rulings have addressed

Defendant's possible detention and release with conditions. (Doc. 10, 11, 18, 124, 132). One of the conditions authorized by statute is that a defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." 18 U.S.C. § 3142(c)(B)(v). This is the apparent basis for imposing the condition pertaining to Defendant's daughter. The Court finds no reason to disturb previous rulings with respect to Defendant's release with this condition. The Court denies Defendant's motion to dismiss on this basis.

K. Defendant's assertion that the Court should exercise its "inherent supervisory authority" to dismiss the case-- The Court rejects Defendant's assertion that dismissal is required because of "misconduct," "false accusations," and other issues, (Doc. 238, PgID 1183; Docs. 253, 258, 260).

Defendant alleges the prosecutor has forged a document in connection with Defendant's arrest. (Doc. 253, PgID 1377-79; Doc. 253-1; Doc. 260, PgID 1479). Apparently, Defendant's standby counsel asked the prosecutor about the matter. The prosecutor replied that the issue involved a "paperwork chain" and that she had no information about the circumstances of Defendant's arrest in Oregon. (Doc. 260, PgID 1480). Defendant alleges a conspiracy, withholding of exculpatory evidence under *Brady,* and violations of federal law. Apparently, Defendant's counsel was satisfied with the prosecutor's response and did not perceive there to be any misconduct, much less a violation of federal law.

At this time, the Court finds there has not been misconduct justifying dismissal and, therefore, declines to dismiss the indictment. *Jones*, 70 F.4th at 1112.

Furthermore, the Court has considered the documents filed by both Parties. The Court declines to grant Defendant's motion to dismiss based on her theory the Government has waived various arguments and that therefore, she is entitled to dismissal. (Doc. 258, PgID 274). Defendant's motion to dismiss on the grounds of waiver by the Government is denied.

3. MOTION FOR THE COURT TO DISMISS STANDBY COUNSEL

Defendant has moved for the Court to issue an Order excusing standby counsel from participating in her representation. Given that the Federal Rules of Evidence and Federal Rules of Criminal Procedure apply at Defendant's criminal trial, the Court will require standby counsel to be available. The Court denies Defendant's motion to dismiss standby counsel. (Doc. 261).

**CONCLUSION**

Defendant's motions to dismiss and for alternative relief make allegations that are unsupported by the facts. She urges dismissal by invoking matters that will be determined based on evidence introduced at trial. Her motions concerning discovery are rendered moot based on the order resolving such issues. For these

reasons, the Court denies Defendant's motions to dismiss in their entirety. (Doc. 238, 253, 260).

Given the nature of federal criminal proceedings and the applicability of the Federal Rules of Evidence and Federal Rules of Criminal Procedure in Defendant's upcoming criminal trial, the Court denies Defendant's motion to excuse her standby counsel. (Doc. 261).

Accordingly, IT IS ORDERED that

1. Defendant's motions to dismiss or for alternative relief are denied. (Doc. 238, 253, 258, 260);

2. Defendant's motion to excuse her standby counsel is denied, (Doc. 261).

Dated this 23rd day of August, 2023.

BY THE COURT:

*[signature]*

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

*[signature]*