UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLEE PITAWANAKWAT,<br><br>Defendant. | 5:20-CR-50122-LLP<br><br><br>OPINION AND ORDER DENYING<br>MOTION TO RECUSE |

Defendant Kimberlee Pitawanakwat is charged with making false statements about George Dull Knife's shooting of an occupied vehicle and being an accessory after the fact to the shooting. Doc. 281. Her case has been pending since September 2020, and she has received seven continuances of the trial date. Docs. 34, 168, 171, 175, 201, 206, 239. Pitawanakwat has made multiple complaints about her attorneys, Docs. 28, 103, 120, 157, 193, 195, 211, 212, and is now proceeding pro se with her third court-appointed attorney serving as standby counsel, Docs. 228, 229. This case was initially assigned to the Honorable Jeffrey L. Viken and Magistrate Judge Daneta Wollmann but was reassigned to the Honorable Karen E. Schreier and Magistrate Judge Veronica L. Duffy. Judge Schreier, who is administering Western Division criminal cases in the wake of Judge Viken's retirement, reassigned the case to the Honorable Lawrence L. Piersol.

Pitawanakwat filed a host of pro se motions in the summer of 2023, including motions to compel, Docs. 240, 247, motions to dismiss her indictment, Docs. 238, 253, 260, and a motion to excuse standby counsel, Doc. 261. Judge Duffy denied Pitawanakwat's motions to compel, Docs.

1

243, 251, and Pitawanakwat appealed these denials to Judge Piersol, Docs. 252, 254. Pitawanakwat alleged in these appeals that Judge Duffy was racist (Pitawanakwat is Native American) and biased against her and asked that Judge Duffy recuse herself from the case. Doc. 254 at 3, 9.

Judge Piersol largely denied Pitawanakwat's motions in orders issued on August 23, 2023. Docs. 262, 263, 264. As relevant here, Judge Piersol denied Pitawanakwat's request that Judge Duffy recuse herself, finding no basis for Pitawanakwat's allegations of bias and racism. Doc. 262 at 2–3. Less than a week later, Pitawanakwat filed a judicial misconduct complaint with the United States Court of Appeals for the Eighth Circuit against Judge Piersol, Judge Duffy, Judge Viken, and Judge Wollmann. Doc. 287-1. Among other things, Pitawanakwat alleged that all four Judges were biased and "discriminatory" against her and that some of them engaged in improper ex parte communications with the Government and Pitawanakwat's attorneys. Doc. 287-1.

On September 27, 2023, Pitawanakwat moved to recuse Judge Piersol and Judge Duffy. Doc. 287. Judge Piersol referred Pitawanakwat's motion to recuse to the undersigned judge. See Akins v. Knight, 863 F.3d 1084, 1086 (8th Cir. 2017) (per curiam) (recognizing that a district court judge can transfer a motion to recuse to another judge for decision). The undersigned denies Pitawanakwat's motion because she has come nowhere close to meeting the substantial burden necessary to justify recusal of either judge.

**I.   Analysis**

Pitawanakwat argues that 28 U.S.C. § 455(a) and (b)(1) require recusal of Judges Piersol and Duffy. These sections require recusal in any proceeding in which the judge's "impartiality might reasonably be questioned," § 455(a), or where the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the

2

proceeding," § 455(b)(1). The standard under § 455(a) is objective and asks "whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all the relevant facts of a case." United States v. Melton, 738 F.3d 903, 905 (8th Cir. 2013) (cleaned up and citation omitted). "Despite § 455(a)'s broad scope, it does not literally extend to any kind of doubtful behavior. For instance, expressions of impatience, dissatisfaction, annoyance, and even anger are not sufficient to require recusal." Id. (cleaned up and citations omitted). Succeeding on a motion to recuse is not easy. As the Eighth Circuit has explained, a "party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Fletcher v. Conoco Pipe Line Co., 323 F.3d 661, 664 (8th Cir. 2003) (cleaned up and citation omitted).

Pitawanakwat argues first that Judges Piersol and Duffy should be recused because she still has a judicial misconduct complaint pending against them. Doc. 287 at 2. But a party cannot disqualify a judge just by filing a judicial complaint. See In re Mann, 229 F.3d 657, 658 (7th Cir. 2000) (finding no authority "supporting the sweeping idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct"); Smith v. Kansas Dep't of Corrs., 455 F. App'x 841, 844 (10th Cir. 2011) ("Recusal in a court case is not required because the judge is the subject of a misconduct proceeding filed by a litigant in that case."); Ginsburg v. Evergreen Sec., Ltd. (In re Evergreen Sec., Ltd.), 570 F.3d 1257, 1265 (11th Cir. 2009) ("The mere filing of a complaint of judicial misconduct is not grounds for recusal."). Allowing parties that sort of control over who hears their case would only encourage "'[j]udge shopping'" and manipulation of the system. In re Mann, 229 F.3d at 658; see also Akins, 863 F.3d at 1087 ("[O]ther courts of appeals have noted that a rule that would require recusal any time a litigant has been critical of a judge would create

perverse incentives and enable judicial shopping."). The allegations in Pitawanakwat's judicial complaint are similar to the typical pro se judicial misconduct complaint and do not carry such a potential for bias as to require recusal. Pitawanakwat's first basis for recusal is denied.

Pitawanakwat argues next that certain rulings by Judges Piersol and Duffy establish that they are disqualified under § 455(a) and (b)(1). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). An unfavorable ruling does not disqualify a judge unless the moving party makes a "pervasive" or "clear" showing of bias or prejudice. Fletcher, 323 F.3d at 665; Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992) (cleaned up and citation omitted). Pitawanakwat's argument seems to be that particular rulings are so irrational and unlawful that they must be the product of bias or prejudice.

Pitawanakwat's first instance of alleged bias focuses on her request for the testing of a bullet. In January 2022, Dull Knife pleaded guilty to assault with a dangerous weapon. Docs. 154, 160, 161. According to the factual basis, Dull Knife shot a vehicle occupied by KT Burgee and Carmen Burgee multiple times as the vehicle drove away from Dull Knife's residence. Docs. 154. Dull Knife admitted that one of the rounds he fired struck Carmen Burgee's hand. Doc. 154.

On June 14, 2023, Pitawanakwat filed a motion entitled "Motion for CJA funding to retain forensic firearms and ballistics expert and order for expert access to the discovery and evidence." Doc. 235. The motion requested Criminal Justice Act (CJA) funds for a ballistics expert to examine a "spent bullet" located in the vehicle Dull Knife shot and an order directing the government to provide the expert "access to all discovery and physical evidence necessary for non-destructive testing of the spent bullet." Doc. 235 at 5. Pitawanakwat's standby counsel did a notice of filing error that same day because requests for CJA funding of experts are submitted

4

through this Court's eVoucher system rather than through CM/ECF. Doc. 235. Judge Schreier approved Pitawanakwat's request for funding of a ballistics expert the following day. Doc. 254-2 at 5. This approval was not filed in CM/ECF and Judge Schreier did not enter anything in either the eVoucher system or CM/ECF directing the Government to produce bullets to Pitawanakwat's expert for testing. Because the amount of funds Pitawanakwat requested exceeded the statutory maximum, Judge Schreier sought approval of the request from the Honorable Lavenski R. Smith, Chief Judge of the United States Court of Appeals for the Eighth Circuit. Chief Judge Smith approved the request for funding by signing a voucher form on June 23, 2023. Doc. 254-2 at 41. A judge approving CJA funding for an expert does not make any finding that the expert must be retained or even that retention of or testimony by an expert is required. This authorization of CJA funding form did not say anything about Pitawanakwat's request for an order requiring the Government to turn over a bullet to her expert for testing.

Pitawanakwat filed a pro se motion to compel in late June 2023. Doc. 240. Among many other things, she noted that her motion for CJA funds had been approved and requested an order requiring the Government to turn over "the item of evidence that has been authorized for Defense testing." Doc. 240 at 2–3, 12–13. Judge Duffy denied the motion to compel without specifically mentioning Pitawanakwat's request that a bullet be turned over to her expert. Doc. 243. Pitawanakwat filed a second motion to compel in mid-July 2023. Doc. 247. The motion complained of many alleged errors, including the Government's failure to turn over "the bullet" for testing. Doc. 247 at 18. The Government's response explained that there was no single "spent bullet," that law enforcement had recovered bullet fragments from part of the car and a bullet projectile from the front passenger floorboard, and that none of this evidence was relevant to


Pitawanakwat's charges. Doc. 248 at 5. Judge Duffy agreed that the bullet fragments were not relevant and denied Pitawanakwat's second motion to compel. Doc. 251 at 4.

Pitawanakwat appealed Judge Duffy's rulings to Judge Piersol in early August 2023. Docs. 252, 254. One of Pitawanakwat's arguments was that Judge Duffy should have ordered the Government to produce the "spent bullet" for testing. Judge Piersol granted Pitawanakwat's request for testing of the bullet but otherwise affirmed Judge Duffy's denial of the motions to compel. Doc. 262. Judge Piersol recognized that a "Judge previously assigned to this case authorized the testing of a bullet fragment," and wrote that he would not "disturb" this "grant of approval." Doc. 262 at 6.

Pitawanakwat now argues that Judge Duffy "violated the Eighth Circuit's CJA Order for testing twice" by denying her motions to compel and that Judge Piersol "treated the CJA Order from a Superior Court as if it were optional." Doc. 287 at 3. She claims that Judge Piersol's refusal to recognize Chief Judge Smith's "CJA Order" raises concerns of racism because Chief Judge Smith is African American. Doc. 287 at 4. Pitawanakwat's legal argument is wrong and her speculation about racism is completely baseless. Neither Judge Schreier nor Chief Judge Smith ever entered an order requiring the Government to produce a bullet to Pitawanakwat's ballistics expert. Rather, they signed CJA eVoucher forms approving Pitawanakwat's request for *funding* of a ballistics expert and Judge Piersol subsequently ordered that the testing be conducted. Nothing in Judge Duffy's orders on Pitawanakwat's motions to compel or Judge Piersol's order on Pitawanakwat's appeal constitutes clear or pervasive evidence of bias. See Fletcher, 323 F.3d at 665; Holloway, 960 F.2d at 1351. Nor could someone familiar with all the facts question the Judges' impartiality.

Pitawanakwat's next instance of alleged bias concerns the fact that her upcoming trial is scheduled to be held in Deadwood, South Dakota. She claims this is an "obvious" sign of bias and racism by Judge Piersol. This argument is completely meritless. Judges from across the District of South Dakota are holding hearings and trials at the Rapid City Federal Courthouse to clear up a backlog of trial-ready cases in the Western Division. Pitawanakwat's trial will be held in Deadwood to avoid scheduling conflicts in Rapid City. As Judge Piersol explained in an earlier order, Deadwood is in the Western Division and is an appropriate location for a trial. Doc. 262 at 3; Doc. 287-1 at 17; 28 U.S.C. § 122 (explaining that court for the Western Division of South Dakota "shall be held at Deadwood and Rapid City"). Beyond that, the jury pool for Pitawanakwat's trial will be drawn from the same counties regardless of whether the trial is held in Rapid City or Deadwood. Doc. 262 at 3; Doc. 287-1 at 17. Knowing all this, no reasonable person would view the trial being held in Deadwood as evidence of bias or impartiality.

Pitawanakwat argues next that Judge Piersol must recuse himself because he has "personal knowledge of disputed evidentiary facts concerning the proceeding" after reviewing Dull Knife's presentence investigation report (PSR) *in camera*. The Government moved to disclose redacted portions of Dull Knife's PSR to Pitawanakwat. Doc. 275. Judge Piersol ordered the Government to explain the basis for its motion, noting that Dull Knife and Pitawanakwat were charged with different crimes and that the information in the PSR was hearsay. Doc. 276. The Government's response explained that the PSR could "arguably contain Brady material" and asked Judge Piersol to review the PSR *in camera* to determine whether any of it should be disclosed to Pitawanakwat. Doc. 279. Pitawanakwat also filed a response raising multiple unrelated issues, arguing that the entire PSR should be disclosed to her, and that Judge Viken[1] should conduct any review of the

---

[1] Judge Viken retired and thereby left the bench in late September 2023.

7

PSR so that Judge Piersol didn't read it and become biased against her. Doc. 282. Judge Piersol reviewed Dull Knife's PSR *in camera* and ordered that certain paragraphs be released to Pitawanakwat's standby counsel. Doc. 286.

Judge Piersol's *in camera* review of Dull Knife's PSR did not give him "personal knowledge of disputed evidentiary facts concerning the proceeding." § 455(b)(1). Knowledge of facts gained from a judicial proceeding rarely require recusal. See Melton, 738 F.3d at 906 (rejecting an argument that recusal was required under § 455(b)(1) where the judge learned the facts "in the course of the judge's normal courtroom duties"); United States v. Randall, 440 F. App'x 283, 286 (5th Cir. 2011) (per curiam) ("'Personal knowledge' as used in § 455(b)(1) generally does not encompass knowledge acquired by a judge while performing judicial duties."); Hale v. Firestone Tire & Rubber Co., 756 F.2d 1322, 1329 (8th Cir. 1985) ("Facts learned by a judge in his judicial capacity cannot be the basis for disqualification."). Judges routinely view the PSR of one codefendant before the sentencing or trial of another codefendant. Indeed, district courts in the Eighth Circuit must review a PSR if the defendant requests the PSR on a different person and the Government acknowledges that the PSR may contain Brady information and asks the court for an *in camera* review. United States v. Garcia, 562 F.3d 947, 953 (8th Cir. 2009) (holding that a court abuses its discretion by failing to conduct an *in camera* review of a government witness's PSR when "the defendant has sought access to a coconspirator's PSR, [and] the government has recognized the possibility that the PSR contains Brady/Giglio information"). Judge Piersol's *in camera* review of Dull Knife's PSR was entirely appropriate given that Pitawanakwat sought the PSR and the Government acknowledged that it might contain Brady material and requested that Judge Piersol conduct the review. Judge Piersol viewed Dull Knife's PSR as part of his normal judicial duties and nothing about this viewing creates an appearance of

bias. Pitawanakwat's complaints about the PSR are not a legitimate basis for recusal. See United States v. Shambaugh, 694 F. App'x 948, 950 (5th Cir. 2017) (per curiam) (finding that district court did not abuse its discretion by denying a motion to recuse based on a finding the district court had made while sentencing the defendant's codefendant); United States v. Diaz, 176 F.3d 52, 112 (2d Cir. 1999) (finding no abuse of discretion where judge denied motion to recuse based on judge having heard inadmissible hearsay when reviewing wiretap intercepts in the case).

Pitawanakwat also argues that Judge Piersol's discovery rulings and denial of her motion to excuse standby counsel shows that he is impartial. She claims that she has shown that the Government is withholding Brady and Giglio material but Judge Piersol refused to order that it be produced. She also makes the preposterous argument that Judge Piersol should have required the Government to produce its files on Hunter Biden to support her equal protection and selective prosecution claims. The undersigned's review of the relevant rulings, Docs. 262, 264, revealed no evidence of impartiality, let alone a clear or pervasive showing of bias. See Fletcher, 323 F.3d at 665; Holloway, 960 F.3d at 1351.

Finally, Pitawanakwat argues that many "facts" in her judicial complaint support the recusal of Judges Piersol and Duffy. Doc. 287 at 3, 5. Pitawanakwat's complaint consists mainly of gripes about rulings Judges Piersol and Duffy made along with some baseless allegations about ex parte communications. No average person familiar with the decisions Pitawanakwat complains of and the law on which those decisions were based could reasonably question the impartiality of Judges Piersol and Duffy.

## II. Conclusion

For the reasons explained above, it is

9

ORDERED that Pitawanakwat's Motion to Recuse the Honorable Lawrence L. Piersol and the Honorable Veronica Duffy, Doc. 287, is denied. However, it is further

ORDERED that, if he so choses, Judge Piersol may transfer this case to the undersigned for the undersigned to be the trial judge for the jury trial beginning Monday, October 16, 2023, in Deadwood, South Dakota. If Judge Piersol choses to reassign the case, this Court will alter its schedule so that the telephonic pretrial conference may still occur as scheduled at 11:00 a.m. Central Time, 9:00 a.m. Pacific Time, Wednesday, October 11, 2023.

DATED this 5th day of October, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE